ORIGINAL

1  Jason K. Singleton, **State Bar #166170**
   lawgroup@sbcglobal.net
2  Richard E. Grabowski, **State Bar #236207**
   rgrabowski@mckinleyville.net
3  **SINGLETON LAW GROUP**
   611 "L" Street, Suite A
4  Eureka, CA 95501
   (707) 441-1177
5  FAX 441-1533

6  **Attorneys for Plaintiff, ASIS INTERNET SERVICES
   and JOEL HOUSEHOLTER**

7

**BZ**

8

9  ## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

10  ASIS INTERNET SERVICES, a California
    corporation, and JOEL HOUSEHOLTER, dba
11  KNEELAND ENGINEERING, dba FOGGY.NET

Case No.

12        Plaintiffs,

13  vs.

14  ACTIVE RESPONSE GROUP, INC., a Delaware
    corporation, dba BRANDARAMA (aka
15  BRANDARAMA.COM), also dba FREE GIFT
    PARADE (aka FREEGIFTPARADE.COM), also
16  dba HOUSEHOLD SAVINGS CLUB (aka
    HOUSEHOLDSAVINGSCLUB.COM), also dba
17  POLL PRIZE USA (aka POLLPRIZEUSA.COM),
    also dba REWARDS PARADE (aka
18  REWARDSPARADE.COM), also dba
    TOP CONSUMER REWARDS (aka
19  TOPCONSUMERREWARDS.COM), also dba
    USA SURVEY GROUP (aka
20  USASURVEYGROUP.COM), also dba
    VIEWPOINT REWARDS (aka
21  VIEWPOINTREWARDS.COM), also dba
    WHOLESOME REWARDS (aka
22  WHOLESOMEREWARDS.COM), also dba
    YOUR PRODUCT SAMPLES (aka
23  YOURPRODUCTSAMPLES.COM), also dba
    YOUR TOP BRANDS (aka
24  YOURTOPBRANDS.COM), and DOES ONE
    through FIFTY, inclusive,
25
        Defendants.
26

**COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF – VIOLATION OF
CAN-SPAM ACT OF 2003 [15 *U.S.C.*
§7701, *et seq.*] AND CALIFORNIA
BUSINESS & PROFESSIONS CODE
§17529.5**

**DEMAND FOR JURY TRIAL**

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF    1

1         **Plaintiffs: ASIS INTERNET SERVICES, a California corporation,** an Internet Access
2 Provider; **and JOEL HOUSEHOLTER, dba KNEELAND ENGINEERING, dba FOGGY.NET,**
3 an Internet Access Provider, complain of Defendants **ACTIVE RESPONSE GROUP, INC., a**
4 **Delaware corporation (hereinafter "ARG"), dba BRANDARAMA (aka**
5 **BRANDARAMA.COM), also dba FREE GIFT PARADE (aka FREEGIFTPARADE.COM),**
6 **also dba HOUSEHOLD SAVINGS CLUB (aka HOUSEHOLDSAVINGSCLUB.COM), also**
7 **dba POLL PRIZE USA (aka POLLPRIZEUSA.COM), also dba REWARDS PARADE (aka**
8 **REWARDSPARADE.COM), also dba TOP CONSUMER REWARDS (aka TOPCONSUMER**
9 **REWARDS.COM), also dba USA SURVEY GROUP (aka USASURVEYGROUP.COM), also**
10 **dba VIEWPOINT REWARDS (aka VIEWPOINTREWARDS.COM), also dba WHOLESOME**
11 **REWARDS (aka WHOLESOMEREWARDS.COM), also dba YOUR PRODUCT SAMPLES**
12 **(aka YOURPRODUCTSAMPLES.COM), also dba YOUR TOP BRANDS (aka**
13 **YOURTOPBRANDS.COM), (hereinafter collectively referred to as "ARG"), and DOES**
14 **ONE through FIFTY, inclusive**, and alleges violations of *CAN-SPAM Act,* **15** *U.S.C.* **§**
15 **7704(a) and (b)** and *California Business and Professions Code* **§ 17529.5(a)** and requests
16 injunctive relief, liquidated damages, statutory damages, aggravated damages, and attorney
17 fees authorized as remedies under **15** *U.S.C.* **§ 7706(g)** and *California Business and*
18 *Professions Code* **§ 17529.5(b)(1)(B)**.

19                             **JURISDICTION AND VENUE**

20         1.     This Court has original jurisdiction of this action pursuant to **28** *U.S.C.* **§ 1331** for
21 violations of the *CAN-SPAM Act of 2003* **(15** *U.S.C.* **§§ 7701 et seq.)**. This Court also has
22 original jurisdiction under **15** *U.S.C.* **§ 7706(g)(1)** for cases involving a civil action by an
23 **internet access provider** adversely affected by a violation of section **15** *U.S.C.* **§ 7704(a)(1),**
24 **15** *U.S.C.* **§ 7704(b), or 15** *U.S.C.* **§ 7704(d)**, or a pattern or practice that violates paragraphs
25 **(2), (3), (4), or (5) of section 15** *U.S.C.* **§ 7704(a).** Pursuant to pendent jurisdiction, attendant
26 and related causes of action, arising from the same facts, are also brought under California
27 law, including, but not limited to, violations of *California Business & Professions Code §*
28 **17529.5**.

2. Defendants have purposely availed themselves of the privileges of conducting activities in the forum, the emails are the subject of the action, and exercise of jurisdiction is reasonable since Defendants should have known that they would be subject to the jurisdiction and laws of the forum when **ARG** had commercial emails sent to email accounts at Northern California Internet Access Providers. *Aitken v. Communications Workers of America*, 496 F.Supp.2d 653 at 659 (E.D.Va.,2007); *Verizon Online Services, Inc. v. Ralsky*, 203 F.Supp.2d 601 at 611 - 620 (E.D.Va.,2002); and *Internet Doorway, Inc. v. Parks*, 138 F.Supp.2d 773 at 779 - 780 (S.D.Miss.,2001).

3. Defendants have purposely availed themselves of the privileges of conducting activities in the forum by establishing sales and business relationships with citizens of the state of California. See the article announcing funding of 10 million dollars for **Active Response Group, Inc.**, by Hercules Technology Growth Capital, Inc., a Palo Alto, California investment company. See **Exhibit "A"** attached hereto, an advertisement announcing the relationship between **ARG** and Hercules Technology Growth Capital, Inc.

4. Defendants have purposely availed themselves of the privileges of conducting activities in the forum by registering their web sites with registration companies located in the forum and/or placing its web sites on computers located in the forum. See **Exhibit "B"** attached hereto for domain name registration information and Internet Protocol address (hereafter "IP") location information. These web sites and the computers they reside on are directly related to this matter since they are the web landing pages where the intended recipients of the emails were directed.

5. Paragraphs 3, 4, and 5 establish the existence of deliberate and continuing obligations with residents of the forum state, California. Therefore, Defendants: "has availed itself of the privilege of conducting business there, and because its activities are shielded by 'the benefits and protections' of the forum's laws it is presumptively not unreasonable to require it to submit to the burdens of litigation in that forum as well." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462 at 476 (1985)*.*

6. Venue is proper in this Court pursuant to **28 *U.S.C.* § 1391(b)** and is founded on

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF    3

1  the fact that a substantial part of the unlawful actions of the defendants occurred in this judicial
2  district, that is the emails were sent to Email and Internet Access Providers in Garberville,
3  California, and Eureka, California.

## FACTUAL ALLEGATIONS

5  7.    Plaintiffs are informed and believe and therefore allege that Defendant **ARG** is a
6  Delaware Corporation. (see **Exhibit "C"**). Defendant **ARG** is believed to be a corporation or
7  the agent of a corporation or partnership providing internet marketing services to retailers
8  selling to residents of the United States and California over the internet.

9  8.    Plaintiffs are informed and believe and therefore allege that Defendants **dba**
10 **BRANDARAMA (aka BRANDARAMA.COM), also dba FREE GIFT PARADE (aka**
11 **FREEGIFTPARADE.COM),    also    dba    HOUSEHOLD    SAVINGS    CLUB    (aka**
12 **HOUSEHOLDSAVINGSCLUB.COM),      also      dba      POLL      PRIZE      USA      (aka**
13 **POLLPRIZEUSA.COM), also dba REWARDS PARADE (aka REWARDSPARADE.COM),**
14 **also dba TOP CONSUMER REWARDS (aka TOPCONSUMERREWARDS.COM), also dba**
15 **USA SURVEY GROUP (aka USASURVEYGROUP.COM), also dba VIEWPOINT REWARDS**
16 **(aka    VIEWPOINTREWARDS.COM),    also    dba    WHOLESOME    REWARDS    (aka**
17 **WHOLESOMEREWARDS.COM),     also     dba     YOUR     PRODUCT     SAMPLES     (aka**
18 **YOURPRODUCTSAMPLES.COM),      also      dba      YOUR      TOP      BRANDS      (aka**
19 **YOURTOPBRANDS.COM)** are aliases or agents for Defendants **ARG, INC.**    (See **Exhibit**
20 **"D"** – privacy notices form various web sites stating the relationship between the parties).

21 9.    Plaintiffs **ASIS INTERNET SERVICES (hereafter    "ASIS") and JOEL**
22 **HOUSEHOLTER (hereafter "FOGGY")** do not know the true names and capacities of
23 defendants **ARG, and DOES ONE to FIFTY, inclusive**, their business capacities, their
24 ownership connection to the business(s), nor their relative responsibilities in causing the ***CAN-***
25 ***SPAM Act of 2003*** and other violations herein complained of, and alleges, on information and
26 belief, a joint venture and common enterprise by all such defendants.  Plaintiffs are informed
27 and believe that each of the defendants herein, including DOES ONE to FIFTY, inclusive, is
28 the agent, ostensible agent, master, servant, employer, employee, representative, franchiser,

1  franchisee, joint venturer, partner, and associate, or such similar capacity, of each of the other
2  defendants, and was at all times acting and performing, or failing to act or perform, with the
3  authorization, consent, permission or ratification of each of the other defendants, and is
4  responsible in some manner for the acts and omissions of the other defendants in legally
5  causing the violations and damages complained of herein, and have approved or ratified each
6  of the acts or omissions of each other defendant, as herein described. Plaintiffs will seek leave
7  to amend this Complaint when the true names, capacities, connections and responsibilities of
8  defendants **ARG and DOES ONE to FIFTY, inclusive**, are ascertained.

9          10.    Plaintiffs are informed and believe and therefore allege that all named
10 defendants, including **DOES ONE to FIFTY, inclusive**, conspired to commit the acts
11 described herein, or alternatively, aided and abetted one another in the performance of the
12 wrongful acts hereinafter alleged.

13         11.    Plaintiff **ASIS** is a California corporation registered to do business in California
14 and is located in Garberville, California.  **ASIS** provides Internet access service within the
15 meaning of **15 *U.S.C.* § 7702(11)** and email service within the meaning of *California*
16 *Business & Professions Code § 17529.5*.

17         12.    Plaintiff **FOGGY** is a sole proprietorship and is located in Eureka, California.
18 **FOGGY** provides internet access service within the meaning of  **15 *U.S.C.* § 7702(11)** and
19 email service within the meaning of *California Business & Professions Code § 17529.5*.

20         13.    Plaintiffs allege that Defendants sent or caused to have sent **6269** commercial
21 electronic mail messages from **October 31, 2005, through September 4, 2007**, to Plaintiff
22 **ASIS'** servers, protected computers, containing, and/or accompanied by, header information
23 that was materially false or materially misleading.

24         14.    Plaintiffs allege that Defendants sent or caused to have sent **2852** commercial
25 electronic mail messages from **May 25, 2007, through September 22, 2007**, to Plaintiff
26 **FOGGY'S** servers, protected computers, containing, and/or accompanied by, header
27 information that was materially false or materially misleading.

28         15.    Plaintiffs allege that Defendants transmitted **585** e-mail advertisements to Plaintiff

1 **ASIS'** servers with a subject line that a person would know would be likely to mislead a
2 recipient, acting reasonably under the circumstances, about a material fact regarding the
3 contents and subject matter of the message.

4     16.     Plaintiffs allege that Defendants transmitted **191** e-mail advertisements to Plaintiff
5 **FOGGY'S** servers with a subject line that a person would know would be likely to mislead a
6 recipient, acting reasonably under the circumstances, about a material fact regarding the
7 contents and subject matter of the message.

8     17.     Plaintiffs state that the email accounts that the **6269** commercial emails sent to
9 **ASIS** accounts did not solicit the emails. Plaintiffs state that some of the email accounts that
10 the **2852** commercial emails sent to **FOGGY** accounts did not solicit the emails. These emails
11 were unsolicited because they were sent to unassigned or inactive email accounts owned by
12 **ASIS and FOGGY. ASIS** did not solicit any product, service, or information from any entity
13 using these email accounts. **FOGGY** did not solicit any product, service, or information from
14 any entity using these email accounts.

15     18.     Plaintiff **ASIS** alleges that Defendants sent or caused to have sent **6269**
16 unsolicited e-mail advertisements containing and/or accompanied by falsified, misrepresented,
17 or forged header information.

18     19.     Plaintiff **FOGGY** alleges that Defendants sent or caused to have sent **2852**
19 unsolicited e-mail advertisements containing and/or accompanied by falsified, misrepresented,
20 or forged header information.

21     20.     Plaintiffs allege that Defendants used a harvest and directory attack to acquire
22 Plaintiffs' and Plaintiffs' customers email accounts to send **9121** commercial electronic mail
23 messages to a Plaintiffs' protected computers. Many of the email accounts receiving the
24 emails have not been active for several years.

25     21.     Plaintiffs allege that Defendants used an automated creation of multiple email
26 accounts to send **9121** commercial electronic mail messages to a Plaintiffs' protected
27 computers.

28 ///

**FIRST CAUSE OF ACTION**
**(Violation of CAN-SPAM Act of 2003 – 15 *U.S.C.* §7704(a)(1) and (2),**
**and 15 *U.S.C.* §7704(b)(1) and (2))**

22.     Plaintiffs refer to the allegations of the preceding paragraphs of this complaint, and incorporates the same herein by this reference as though set forth in full.

23.     On **October 31, 2005, through September 4, 2007**, Plaintiff **ASIS** received **6269** commercial electronic mail messages from defendants to its mail server located in California that violated the *CAN-SPAM Act of 2003*.

24.     On **May 25, 2007, through September 22, 2007**, Plaintiff **FOGGY** received **2852** commercial electronic mail messages from defendants to its mail server located in California that violated the *CAN-SPAM Act of 2003*.

25.     Plaintiffs allege that all of the relevant electronic mails sent by or on behalf of the Defendants on **October 31, 2005, through September 22, 2007**, contained or were accompanied by header information that was materially false or materially misleading.  Each of these **9121 (6269** to **ASIS** and **2852** to **FOGGY)** messages indicated that they were from email accounts such as "Confirmation # 057-3852," "MAYBELLINE Mascara Samples," "Your Top Brands," "New Cookies," "YourTopBrands," "Sheer Lip Gloss," or various other unknown identities.  These false email names resolved into emails sent by various person or persons unknown (e,g, "Confirmation # 057-3852" to return@hatsbutter.com,  "MAYBELLINE Mascara Samples" to return@landscapeoval.com,  "Your Top Brands" to happy@mx22.greenthe.com, "New Cookies" to newcookies@mx1.wantitworld.com, "YourTopBrands" to YourTopBrands@ northatlantamedicalgroup.com, and "Sheer Lip Gloss" to lipgloss@mx3.rowusa.net).   See sample emails and source code in **Exhibit "E"** attached hereto.  (Note that all receiving email accounts have been redacted, while these email all represent inactive email accounts they are still the property of **ASIS** and **FOGGY** and are protected by Plaintiffs' corporate privileges.)  A WHOIS check of the domain name registration for the sender of all of the emails indicates that the domain names were registered using a privacy or proxy service. See also in **Exhibit "F."** The true registrant for the sender of all of the emails cannot be determined without a subpoena.   Plaintiffs have reviewed the Domain Name registration for all of the sending

Domain Names and determined that all of the emails were sent using email accounts registered to domain names that are registered under services that conceal the true identity of the domain name registrant through a proxy service or privacy service. See a complete list of the domain name proxy/privacy services used to register the domain names in the subject emails in **Exhibit "G."**  Also see the domain name privacy/proxy service registration agreements in **Exhibit "H." 15 U.S.C. §7704(a)(1)(A)** states:

> "(A) header information that is technically accurate but includes an originating electronic mail address, domain name, or Internet Protocol address the access to which for purposes of initiating the message was obtained by means of false or fraudulent pretenses or representations shall be considered materially misleading.

**15 U.S.C. §7704(a)(6)** states:

> "the term "materially", when used with respect to false or misleading header information, includes the alteration or concealment of header information in a manner that would impair the ability of an Internet access service processing the message on behalf of a recipient, a person alleging a violation of this section, or a law enforcement agency to identify, locate, or respond to a person who initiated the electronic mail message or to investigate the alleged violation..."

The registration agreements for the proxy/privacy services prohibit the use of domain names registered in this manner to send bulk commercial emails. Therefore, since false information was used to generate the domain names and/or domain names were concealed from investigation through proxy/privacy services the electronic mail messages violated **15 U.S.C. §7704(a)(1)(A)**.

26.    Plaintiffs further allege that the Defendants sent or had sent **776 (585** to **ASIS** and **191** to **FOGGY)** separate items of electronic mail to Plaintiffs' computers that include advertisements with a subject line that a person would know would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents and subject matter of the message. **15 U.S.C. § 7704(a)(2)(1)** defines two methods for determining if a subject line is misleading: "1) if such person has actual knowledge," or 2) "knowledge fairly implied on the basis of objective circumstances." Plaintiffs allege that the "circumstances" required are plainly visible in the actual subject lines of the emails. **776** of the

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF     8

1   emails received by Plaintiffs contain the word "free" in the subject line. The email subject lines
2   received by Plaintiffs were clearly intended to get someone to open the email by enticing them
3   with free gifts such as: "Claim your Free Apple iPhone," "Your Top Brands is giving you $1000
4   FREE to shop Circuit City!," "Get a Harry Potter Movie Pack - for FREE!," "Claim your new
5   John Deere Lawn Tractor - Free!," "[QUAR] Don't Miss out on a FREE High School Musical
6   Gift Pack inluding Ice Tour Tickts, DVDs, CDs and More!," and "QUAR] Can't Get Enough of
7   High School Musical 2? You Can Go See the Ice Tour FREE!" See **Exhibit "I."** (Note that all
8   receiving email accounts have been redacted, while these email all represent inactive email
9   accounts they are still the property of **ASIS** and/or **FOGGY** and are protected by corporate
10   privilege.) These subject lines are provided as examples. 15 **U.S.C.** 7704(a)(2) states that a
11   violation is proper if consistent with 15 **U.S.C.** 45. 15 **U.S.C.** 45 is titled "Unfair methods of
12   competition unlawful; prevention by Commission," and enables the Federal Trade Commission
13   to issue orders regarding unfair trade practices. 15 **U.S.C.** 45(d) provides that the orders of
14   the Commission are exclusive unless overturned by the United States Court of Appeals. The
15   FTC has issued 16 **CFR** part 251, "Guide concerning use of the word 'free' and similar
16   representations." 16 **CFR** Part 251 states that the terms of the offer should be set out clearly
17   and conspicuously at the outset of the offer so that no misunderstanding can occur. In many
18   of the **776** subject emails the terms of the "free" offer, when present, are located at least a full
19   page when printed, or two full screens when viewed in an email browser, away from the free
20   offer. 16 **CFR** Part 251 also states that use of an asterisk or footnote referring to terms and
21   conditions on another page or as a footnote does not constitute good notice. Many of the
22   emails indicate by use of an asterisk there are terms and conditions. 16 **CFR** Part 251 also
23   requires that a notification of required purchases be included. No notification of purchases is
24   present although Plaintiffs' investigation indicates that fulfillment of the offers at Defendants'
25   web sites requires the submission of a valid credit card. Also see 16 **CFR** Part 238 Guides
26   Against Bait Advertising. The web sites that the email recipient is directed to contain extensive
27   terms and conditions that require the recipient to provide personal information and their
28   agreement to take several "sponsor offers." See **Exhibit "J"** attached hereto for sample

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF    9

1 Terms and Conditions for the web landing pages.

2      27.    Plaintiffs further allege that the Defendants sent **9121** (**6269** to **ASIS** and **2852** to
3 **FOGGY**) separate items of electronic mail to plaintiffs' computer that include statements in the
4 body of the emails stating that they are email messages from **BRANDARAMA (aka**
5 **BRANDARAMA.COM), also dba FREE GIFT PARADE (aka FREEGIFTPARADE.COM),**
6 **also dba HOUSEHOLD SAVINGS CLUB (aka HOUSEHOLDSAVINGSCLUB.COM), also**
7 **dba POLL PRIZE USA (aka POLLPRIZEUSA.COM), also dba REWARDS PARADE (aka**
8 **REWARDSPARADE.COM), also dba TOP CONSUMER REWARDS (aka TOPCONSUMER**
9 **REWARDS.COM), also dba USA SURVEY GROUP (aka USASURVEYGROUP.COM), also**
10 **dba VIEWPOINT REWARDS (aka VIEWPOINTREWARDS.COM), also dba WHOLESOME**
11 **REWARDS (aka WHOLESOMEREWARDS.COM), also dba YOUR PRODUCT SAMPLES**
12 **(aka    YOURPRODUCTSAMPLES.COM),    also    dba    YOUR    TOP    BRANDS    (aka**
13 **YOURTOPBRANDS.COM)**.   Uniform Resource Locators (hereafter URLs) contained in the
14 emails directed the recipient to websites of **BRANDARAMA (aka BRANDARAMA.COM), also**
15 **dba FREE GIFT PARADE (aka FREEGIFTPARADE.COM), also dba HOUSEHOLD**
16 **SAVINGS CLUB (aka HOUSEHOLDSAVINGSCLUB.COM), also dba POLL PRIZE USA**
17 **(aka    POLLPRIZEUSA.COM),    also    dba    REWARDS    PARADE    (aka**
18 **REWARDSPARADE.COM), also dba TOP CONSUMER REWARDS (aka TOPCONSUMER**
19 **REWARDS.COM), also dba USA SURVEY GROUP (aka USASURVEYGROUP.COM), also**
20 **dba VIEWPOINT REWARDS (aka VIEWPOINTREWARDS.COM), also dba WHOLESOME**
21 **REWARDS (aka WHOLESOMEREWARDS.COM), also dba YOUR PRODUCT SAMPLES**
22 **(aka    YOURPRODUCTSAMPLES.COM),    also    dba    YOUR    TOP    BRANDS    (aka**
23 **YOURTOPBRANDS.COM)**.  Plaintiffs allege that these entities, trademarks, and websites are
24 owned by **ARG**.

25      28.    Plaintiffs further allege that they received thousands of separate items of
26 electronic mail from the Defendants to email addresses that had not existed for the prior year
27 and had not requested or agreed to accept any solicitations.

28      29.    Plaintiffs further allege that the Defendants sent or had sent **9121** (**6269** to **ASIS**

1  and **2852** to **FOGGY**) separate items of electronic mail to Plaintiffs' computers that were
2  acquired as the result of a directory harvest.  Said conduct was in violation of **15 *U.S.C.***
3  **§7704(b)(1)**.

4  30.  Plaintiffs further allege that the defendants sent or had sent **9121** (**6269** to **ASIS**
5  and **2852** to **FOGGY**) separate items of electronic mail to the plaintiffs, from addresses that
6  were acquired by the use of automated tools or scripts.  Said conduct was in violation of **15**
7  ***U.S.C.* §7704(b)(2)**.

8  31.  As a proximate result of said unlawful conduct by said Defendants, Plaintiffs are
9  entitled to statutory damages in the amount of up to $100.00 per email in the case of violation
10  of **15 *U.S.C.* §7704(a)(1)** and up to $25.00 per email in the case of each violation of
11  subsections **15 *U.S.C.*§7704(a)(2)** in the form of statutory damages as set forth in **15 *U.S.C.***
12  **§7706(g)(1)(B)(ii) and (3)(A)(i)** and **(ii)**.

13  32.  As a proximate result of said unlawful conduct by said defendants, Plaintiffs are
14  entitled to treble all statutory damages as a result of violation of any section of **15 *U.S.C.***
15  **§7704(b)** as set forth in **15 *U.S.C.* §7706(g)(1)(C)**.

16  33.  Plaintiffs furthermore seek a preliminary and permanent injunction against the
17  defendants for their current and future violations of the ***CAN-SPAM Act of 2003*** as Plaintiffs
18  and members of the general public will continue to incur damages as a result of the unlawful
19  conduct of said defendants.  The seeking of injunctive relief by plaintiffs is specifically
20  authorized by **15 *U.S.C.* §7706(g)(1)(A)**.

21  34.  Plaintiffs furthermore seek their attorney fees and costs against the defendants
22  pursuant to **15 *U.S.C.* §7706(g)(4)**.

23  **SECOND CAUSE OF ACTION**
24  **(Violation of *California Business and Professions Code* §17529.5**
   **Unlawful activities relating to commercial email advertisements.)**

25  35.  Plaintiffs hereby incorporate by reference paragraphs 1 through 34, inclusive, as
26  if the same were fully set forth herein.

27  36.  Plaintiffs allege that all of the relevant electronic mails sent by or on behalf of the
28  Defendants on **October 31, 2005, through September 22, 2007**, contained or were

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF     11

1   accompanied by header information that was materially false or materially misleading.  Each of
2   these **9121 (6269** to **ASIS** and **2852** to **FOGGY)** messages indicated that they were from email
3   accounts such as "Confirmation # 057-3852," "MAYBELLINE Mascara Samples," "Your Top
4   Brands," "New Cookies," "YourTopBrands," "Sheer Lip Gloss," or various other unknown
5   identities.  These false email names resolved into emails sent by various person or persons
6   unknown (e,g, "Confirmation # 057-3852" to return@hatsbutter.com, "MAYBELLINE Mascara
7   Samples" to return@landscapeoval.com,  "Your Top Brands" to happy@mx22.greenthe.com,
8   "New Cookies" to newcookies@mx1.wantitworld.com, "YourTopBrands" to YourTopBrands@
9   northatlantamedicalgroup.com, and "Sheer Lip Gloss" lipgloss@mx3.rowusa.net).  See sample
10  emails and source code in **Exhibit "E"** attached hereto.   (Note that all receiving email
11  accounts have been redacted, while these email all represent inactive email accounts they are
12  still the property of **ASIS** and **FOGGY** and are protected by Plaintiffs' corporate privileges.)  A
13  WHOIS check of the domain name registration for the sender of all of the emails indicates that
14  the domain names were registered using a privacy or proxy service. See also in **Exhibit "F**."
15  The true registrant for the sender of all of the emails cannot be determined without a
16  subpoena.   Plaintiffs have reviewed the Domain Name registration for all of the sending
17  Domain Names and determined that all of the emails were sent using email accounts
18  registered to domain names that are registered under services that conceal the true identity of
19  the domain name registrant through a proxy service or privacy service.  See a complete list of
20  the domain name proxy/privacy services used to register the domain names in the subject
21  emails in **Exhibit "G."**   Also see the domain name privacy/proxy service registration
22  agreements in **Exhibit "H."**  Therefore, the electronic mail violated *California Business and*
23  *Professions Code* § 17529.5(a)(2).

24        37.      Plaintiffs further allege that the Defendants sent **776 (585** to **ASIS** and **191** to
25  **FOGGY)** separate unsolicited electronic mail advertisements to plaintiffs' computers that
26  include various subject lines that were false and misleading and would be likely to mislead a
27  recipient, acting reasonably under the circumstances, about a material fact regarding the
28  contents or subject matter of the message in violation of *California Business and*

*Professions Code* § 17529.5(a)(3). Plaintiffs allege that the "circumstances" required are plainly visible in the actual subject lines of the emails. The email subject lines received by Plaintiffs were clearly intended to get someone to open the email by enticing them with free gifts such as: "Claim your Free Apple iPhone," "Your Top Brands is giving you $1000 FREE to shop Circuit City!," "Get a Harry Potter Movie Pack - for FREE!," "Claim your new John Deere Lawn Tractor - Free!," " [QUAR] Don't Miss out on a FREE High School Musical Gift Pack inluding Ice Tour Tickts, DVDs, CDs and More!," and "QUAR] Can't Get Enough of High School Musical 2? You Can Go See the Ice Tour FREE!" See **Exhibit "I."** These subject lines are provided as examples, various other similar subject lines promising free gifts were included in the emails.

38.    As a proximate result of said unlawful conduct by said Defendants, Plaintiffs are entitled to liquidated damages in the amount of $1,000.00 for each unsolicited commercial email transmitted in violation of *California Business and Professions Code* § 17529.5(a) as set forth in *California Business and Professions Code § 17529.5(b)(1)(B)(ii)*.

39.    Plaintiffs furthermore seek their attorney fees and costs against the defendants pursuant to *California Business and Professions Code* §17529.5(b)(1)(C).

**WHEREFORE**, plaintiffs pray judgment against the defendants and each of them as follows:

1.    For statutory damages of up to $100.00 for each violation of **15 *U.S.C.* §7704(a)(1)** and up to $25.00 in the case of violations of **§ 7704(a)(2)** in the sum of **$1,140,125**;

2.    For aggravated damages under **15 *U.S.C.* §7706(g)(1)(C)** of up to three times the amount above for these violations committed by the defendants' violations of **15 *U.S.C.* §7704(b)** in the sum of **$3,420,375**;

3.    For a preliminary and permanent injunction preventing the defendants and all persons acting in concert with them from the violation of the *Can-Spam Act of 2003*;

4.    For liquidated damages of $1000.00 for each violation of *California Business and Professions Code* § 17529.5(a) in the sum of **$9,121,000**;

1    5.    For an award of reasonable attorneys' fees and costs according to proof;

2    6.    For costs of suit; and

3    7.    For such other and further relief as this Courts deems just and proper.

4                              **SINGLETON LAW GROUP**

5
     Dated:      December 4, 2007
6
                                 Jason K. Singleton
7                                Richard E. Grabowski,
                                 Attorneys for Plaintiffs, **ASIS INTERNET SERVICES**
8                                **and JOEL HOUSEHOLTER, dba FOGGY.NET**

9

10                          **REQUEST FOR JURY TRIAL**

11     Plaintiff hereby requests a jury for all claims for which a jury is permitted.

12                              **SINGLETON LAW GROUP**

13
     Dated:      December 4, 2007
14
                                 Jason K. Singleton
15                               Richard E. Grabowski
                                 Attorneys for Plaintiffs, **ASIS INTERNET SERVICES**
16                               **and JOEL HOUSEHOLTER, dba FOGGY.NET**

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF      14