Thomas R. Burke (CA State Bar No. 141930)
Davis Wright Tremaine LLP
505 Montgomery Street, Suite 800
San Francisco, CA 94111-6533
Telephone:    (415) 276-6500
Facsimile:     (415) 276-6599
Email:           thomasburke@dwt.com

Attorneys for Active Response Group, Inc.

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASIS INTERNET SERVICES, a California corporation, and JOEL HOUSEHOLTER, d/b/a KNEELAND ENGINEERING, d/b/a FOGGY.NET,<br><br>Plaintiffs,<br><br>v.<br><br>ACTIVE RESPONSE GROUP, INC., a Delaware corporation et al.<br><br>Defendants. | Case No. CV 07-6211 BZ<br><br>DEFENDANT ACTIVE RESPONSE GROUP, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT |

Defendant Active Response Group, Inc. ("Defendant" or "ARG"), by and through its counsel, answers Plaintiffs' Complaint for Damages and Injunctive Relief ("Complaint"), and assert defenses as follows:

Defendant admits it is a Delaware corporation doing business as BRANDARAMA (a/k/a BRANDARAMA.COM), FREE GIFT PARADE (a/k/a FREE GIFTPARADE.COM), HOUSEHOLD SAVINGS CLUB (a/k/a HOUSEHOLDSAVINGSCLUB.COM), POLL PRIZE USA (a/k/a POLL PRIZEUSA.COM), also d/b/a REWARDS PARADE (a/k/a REWARDSPARADE.COM), TOP CONSUMER REWARDS (a/k/a TOPCONSUMERREWARDS.COM), USA SURVEY GROUP (a/k/a USA SURVEY GROUP.COM), VIEWPOINT REWARDS (a/k/a VIEWPOINT REWARDS.COM), and WHOLESOME REWARDS (a/k/a WHOLESOMEREWARDS.COM. Defendant denies it does business as YOUR PRODUCT SAMPLES (a/k/a YOURPRODUCTSAMPLES.COM), or YOUR

1
ACTIVE RESPONSE GROUP, INC.'S ANSWERS AND DEFENSES TO COMPLAINT
Case No. CV 07-6211

SFO 401756v1 0050022-000041

TOP BRANDS (a/k/a YOURTOPBRANDS.COM). Defendant admits Plaintiffs purport to complain that all of these entities and DOES ONE through FIFTY violated the CAN-SPAM Act, 15 U.S.C. § 7704(a) and (b) and California Business and Professions Code § 17529.5(a), and that Plaintiffs purport to seek injunctive relief, liquidated damages, statutory damages, aggravated damages, and attorneys fees under 15 U.S.C. § 7706(g) and California Business and Professions Code § 16529.5(b)(1)(B). Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations in the statement preceding Paragraph 1 of the Complaint and therefore denies those allegations.

## JURISDICTION AND VENUE

1. Paragraph 1 states legal conclusions to which no response is required. Insofar as the allegations stated in Paragraph 1 are factual, ARG denies the allegations.

2. Paragraph 2 states legal conclusions to which no response is required. Insofar as the allegations stated in Paragraph 2 are factual, ARG denies the allegations.

3. ARG admits that Hercules Technology Growth Capital, Inc., announced funding of 10 million dollars for ARG. The remaining allegations stated in Paragraph 3 are legal conclusions to which no response is required. Insofar as those allegations are factual, ARG lacks sufficient information to form a belief as to the truth of the allegations and therefore denies them.

4. Paragraph 4 states legal conclusions to which no response is required. Insofar as the allegations stated in Paragraph 4 are factual, the allegation that ARG "plac[ed] its web site on computers located in the forum" is ambiguous and ARG therefore denies it, and ARG lacks sufficient information to form a belief as to the truth of the remaining allegations and on that basis denies them.

5. Defendant incorporates by reference its answers to Paragraphs 3 and 4 of the Complaint. The remaining allegations stated in Paragraph 5 are legal conclusions to which no response is required. Insofar as the remaining allegations are factual, ARG denies the allegations.

6. Paragraph 6 states legal conclusions to which no response is required. Insofar as the remaining allegations stated in Paragraph 6 are factual, ARG lacks sufficient information to form a belief as to the truth of the allegations and therefore denies them.

## FACTUAL ALLEGATIONS

7. Defendant admits it is a Delaware corporation engaged in internet marketing services. The remaining allegations stated in Paragraph 7 are ambiguous and require no response. Insofar as the remaining allegations are not ambiguous, Defendant denies the allegations.

8. Defendant admits it does business as BRANDARAMA (a/k/a BRANDARAMA.COM), FREE GIFT PARADE (a/k/a FREE GIFTPARADE.COM), HOUSEHOLD SAVINGS CLUB (a/k/a HOUSEHOLDSAVINGSCLUB.COM), POLL PRIZE USA (a/k/a POLL PRIZEUSA.COM), also d/b/a REWARDS PARADE (a/k/a REWARDSPARADE.COM), TOP CONSUMER REWARDS (a/k/a TOPCONSUMERREWARDS.COM), USA SURVEY GROUP (a/k/a USA SURVEY GROUP.COM), VIEWPOINT REWARDS (a/k/a VIEWPOINT REWARDS.COM), and WHOLESOME REWARDS (a/k/a WHOLESOMEREWARDS.COM. Defendant denies the remaining allegations stated in Paragraph 8.

9. Defendant lacks sufficient information to form a belief as to the truth of the allegation that Plaintiffs do not know the true names, capacities, business capacities, or ownership connections of ARG, and DOES ONE through FIFTY, and therefore denies those allegations. The remaining allegations stated in Paragraph 9 are legal conclusions to which no response is required. Insofar as the allegations stated in Paragraph 9 are factual, ARG denies the allegations.

10. The allegations stated in Paragraph 10 are legal conclusions to which no response is required. Insofar as the allegations stated in Paragraph 10 are factual, ARG denies the allegations.

11. ARG lacks sufficient information to form a belief as to the truth of the allegations that Plaintiff ASIS Internet Services is a California corporation registered to do business in California and located in Garberville, California, and therefore denies those allegations. The remaining allegations stated in Paragraph 11 are legal conclusions to which no response is required. Insofar as the remaining allegations stated in Paragraph 11 are factual, ARG lacks sufficient information to form a belief as to the truth of those allegations and therefore denies them.

12. ARG lacks sufficient information to form a belief as to the truth of the allegations that Plaintiff Foggy.net is a sole proprietorship located in Eureka, California, and therefore denies those allegations. The remaining allegations stated in Paragraph 12 are legal conclusions to which no response is required. Insofar as the remaining allegations stated in Paragraph 12 are factual, ARG lacks sufficient information to form a belief as to the truth of those allegations and therefore denies them.

13. Paragraph 13 states legal conclusions to which no response is required. Insofar as the allegations are factual, Defendant lacks sufficient information to form a belief as to the truth of the allegations and on that basis denies them.

14. Paragraph 14 states legal conclusions to which no response is required. Insofar as the allegations are factual, Defendant lacks sufficient information to form a belief as to the truth of the allegations and on that basis denies them.

15. Paragraph 15 states legal conclusions to which no response is required. Insofar as the allegations are factual, Defendant denies the allegations stated in Paragraph 15.

16. Paragraph 16 states legal conclusions to which no response is required. Insofar as the allegations are factual, Defendant denies the allegations stated in Paragraph 16.

17. ARG lacks sufficient information to form a belief as to the truth of the allegations stated in Paragraph 17 and therefore denies those allegations.

18. Paragraph 18 states legal conclusions to which no response is required. Insofar as the allegations are factual, Defendant lacks sufficient information to form a belief as to the truth of the allegations and on that basis denies them.

19. Paragraph 19 states legal conclusions to which no response is required. Insofar as the allegations are factual, Defendant lacks sufficient information to form a belief as to the truth of the allegations and on that basis denies them.

20. Defendant lacks sufficient information to form a belief as to the truth of the allegation that many of the email accounts that allegedly received emails were not active for several years. Defendant denies the remaining allegations stated in Paragraph 20.

21. Defendant denies the allegations stated in Paragraph 21.

## FIRST CAUSE OF ACTION

22. ARG incorporates in this paragraph Paragraphs 1 through 21 of this Answer.

23. The allegations stated in Paragraph 23 are legal conclusions to which no response is required. Insofar as the allegations stated in Paragraph 23 are factual, ARG denies the allegations.

24. The allegations stated in Paragraph 24 are legal conclusions to which no response is required. Insofar as the allegations stated in Paragraph 24 are factual, ARG denies the allegations.

25. The allegations stated in Paragraph 25 are legal conclusions to which no response is required. Insofar as the allegations stated in Paragraph 25 are factual, ARG denies the allegations that ARG sent electronic mail to Plaintiffs, and lacks sufficient information to form a belief as to the truth of the remaining allegations and therefore denies them.

26. The allegations stated in Paragraph 26 are legal conclusions to which no response is required. Insofar as the allegations stated in Paragraph 26 are factual, ARG denies the allegations that ARG sent electronic mail to Plaintiffs, and lacks sufficient information to form a belief as to the truth of the remaining allegations and therefore denies them.

27. The allegations stated in Paragraph 27 are legal conclusions to which no response is required. Insofar as the allegations stated in Paragraph 27 are factual, ARG admits it owns BRANDARAMA (a/k/a BRANDARAMA.COM), FREE GIFT PARADE (a/k/a FREE GIFTPARADE.COM), HOUSEHOLD SAVINGS CLUB (a/k/a HOUSEHOLDSAVINGSCLUB.COM), POLL PRIZE USA (a/k/a POLL PRIZEUSA.COM), also d/b/a REWARDS PARADE (a/k/a REWARDSPARADE.COM), TOP CONSUMER REWARDS (a/k/a TOPCONSUMERREWARDS.COM), USA SURVEY GROUP (a/k/a USA SURVEY GROUP.COM), VIEWPOINT REWARDS (a/k/a VIEWPOINT REWARDS.COM), and WHOLESOME REWARDS (a/k/a WHOLESOMEREWARDS.COM, and denies the remaining allegations.

28. Defendant denies the allegations stated in Paragraph 28.

29. Defendant denies the allegations that Defendant sent emails to Plaintiffs acquired as a result of a directory harvest. The remaining allegations stated in Paragraph 29 are legal conclusions to which no response is required. Insofar as the remaining allegations stated in

Paragraph 29 are factual, ARG lacks sufficient information to form a belief as to the truth of the allegations and therefore denies them.

30.  Defendant denies that it sent or had sent emails to Plaintiffs from addresses that were acquired by using automated tools or scripts. The remaining allegations stated in Paragraph 30 are legal conclusions to which no response is required. Insofar as the remaining allegations stated in Paragraph 30 are factual, ARG lacks sufficient information to form a belief as to the truth of the allegations and therefore denies them.

31.  The allegations stated in Paragraph 31 are legal conclusions to which no response is required. Insofar as the allegations stated in Paragraph 31 are factual, ARG denies the allegations.

32.  The allegations stated in Paragraph 32 are legal conclusions to which no response is required. Insofar as the allegations stated in Paragraph 32 are factual, ARG denies the allegations.

33.  The allegations stated in Paragraph 33 are legal conclusions to which no response is required. Insofar as the allegations stated in Paragraph 33 are factual, ARG denies the allegations.

34.  The allegations stated in Paragraph 34 are legal conclusions to which no response is required. Insofar as the allegations stated in Paragraph 34 are factual, ARG denies the allegations.

## SECOND CAUSE OF ACTION

35.  ARG incorporates in this paragraph Paragraphs 1 through 34 of this Answer.

36.  The allegations stated in Paragraph 36 are legal conclusions to which no response is required. Insofar as the allegations stated in Paragraph 36 are factual, ARG denies that it sent the relevant electronic mails, and lacks sufficient information to form a belief as to the truth of the remaining allegations, and therefore denies them.

37.  The allegations stated in Paragraph 37 are legal conclusions to which no response is required. Insofar as the allegations stated in Paragraph 37 are factual, ARG denies that it sent unsolicited electronic mail advertisements to Plaintiffs, and lacks sufficient information to form a belief as to the truth of the remaining allegations, and therefore denies them.

38.  The allegations stated in Paragraph 38 are legal conclusions to which no response is required. Insofar as the allegations stated in Paragraph 38 are factual, ARG denies the allegations.

39. The allegations stated in Paragraph 39 are legal conclusions to which no response is required. Insofar as the allegations stated in Paragraph 39 are factual, ARG denies the allegations.

### PLAINTIFFS' PRAYER FOR JUDGMENT

40. The remaining section of the Complaint states prayers for relief, not factual allegations, and therefore does not require a response. Insofar as the section makes factual allegations, ARG denies the allegations.

### DEFENSES

41. **Failure to state a claim.** Plaintiffs have failed to state a claim upon which relief can be granted.

42. **Acts of third parties.** Plaintiffs' damages, if any, were caused in whole or in part by the conduct of third parties, for which ARG bears no responsibility.

43. **Failure to mitigate damages.** Plaintiffs failed to mitigate their damages, if any, and, as a consequence thereof, Plaintiffs are not entitled to recover the amount of damages alleged, or any other damages.

45. **Preemption.** Plaintiff's claims under California law are pre-empted and thus barred, wholly or in part, by the CAN-SPAM Act of 2003.

46. ARG reserves the right to add additional defenses as investigation and discovery continue.

WHEREFORE, ARG prays for the following relief:

1. Dismissal of plaintiff's Complaint with prejudice;
2. Recovery of its attorneys' fees;
3. Costs of suit incurred herein; and
4. Such other and further relief as the Court may deem just and proper.

///
///
///
///
///

1  DATED this 18th day of January, 2008.

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: _____/s/ Thomas R. Burke_____
     Thomas R. Burke

Attorneys for Active Response Group, Inc.