**Jason K. Singleton,** State Bar #166170
jason@singletonlawgroup.com
**Richard E. Grabowski,** State Bar # 236207
rgrabowski@mckinleyville.net
**SINGLETON LAW GROUP**
**611 "L" Street, Suite A**
**Eureka, CA 95501**
**(707) 441-1177**
 **Fax: 441-1533**
**Attorney for Plaintiffs, ASIS INTERNET SERVICES,**
**JOEL HOUSEHOLTER, dba FOGGY.NET**

**THOMAS R. BURKE,** State Bar # 141930
**DAVIS WRIGHT TREMAINE, LLP**
**505 Montgomery Street, Suite 800**
**San Francisco, CA 94111**
**(415) 276-6500**
**Fax:  276-6599**
**email:  thomasburke@dwt.com**
**Attorneys for Defendant**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **ASIS INTERNET SERVICES, a California corporation, and JOEL HOUSEHOLTER, dba KNEELAND ENGINEERING, dba FOGGY.NET** | Case No: C 07-06211 TEH |
| **Plaintiffs,** | **JOINT CASE MANAGEMENT STATEMENT** |
| vs. | DATE:  April 7, 2008<br>TIME:   1:30 p.m.<br>CTRM:  12, 19th Floor |
| **ACTIVE RESPONSE GROUP, INC., a Delaware corporation, et al.** | |
| **Defendants.** | |

The parties to the above-entitled action jointly submit this Case Management Statement and request the Court to adopt it as its Case Management Order in this case.

**1.**     Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal

jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

**Plaintiff filed the within action in the within court based on original jurisdiction pursuant to 28 *USC* §1331 for violations of the *CAN SPAM Act of 2003* (15 *USC* §§7701 et seq.). Plaintiff also asserts this court has pendent jurisdiction over related state law claims.**

**No issues exist regarding personal jurisdiction or venue at this time.**

**All known parties have been served.**

**2.**   Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

**Plaintiffs assert they are a California corporation and an individual that provide internet services. Defendant is a Delaware corporation. Plaintiffs have brought this action against Defendant for alleged violations of the CAN-SPAM Act and related violations of California Business and Professions Code 17529.5.**

**Active Response Group, Inc. disputes that it violated these laws and asserts it did not send emails to plaintiff.**

**3.**   Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

**Plaintiffs allege Defendant violated the CAN-SPAM Act of 2003 and its California analog.**

**Defendant anticipates at this early stage that there will be legal disagreement as to the false or misleading nature of header information, plaintiffs' standing to bring these claims, what constitutes "initiation" of an email, and whether opt-in to an email system defeats the legal claims.**

**4.**   Motions: All prior and pending motions, their current status, and any anticipated motions.

**There have been no motions filed in this matter to date.**

**5.**   Amendment of Pleadings: The extent to which parties, claims, or defenses are expected

to be added or dismissed and a proposed deadline for amending the pleadings.

It is unclear at this juncture whether Plaintiffs will be seeking leave to name additional parties. The first round of written discovery should answer this question.

Defendant believes it is premature to decide whether to add parties and/or defenses at this time.

**6.**   <u>Evidence Preservation</u>: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

To the best of their knowledge the parties hereto have fully complied with the evidence preservation requirements.

Defendant has issued a litigation hold instructing its employees to preserve any documents relevant to the matter, including electronically stored information.

**7.**   <u>Disclosures</u>: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

Plaintiffs provided Defendant with samples of the subject emails that were redacted to protect Plaintiffs' clients' private information and Plaintiff's corporate information.

Plaintiff's counsel has requested the Defendant's Counsel agree to a protective order in this case that would protect the consumer and corporate information of the parties. Defendant has declined to agree to a protective order. In order to deliver the subject emails in this matter to Defendant's Counsel without redaction, Plaintiff must be assured that Plaintiff's email accounts in the subject emails will not be exposed beyond Defendant's counsel. This includes not exposing the email accounts to Defendant. The email accounts in the subject emails are Plaintiff customer's property and Plaintiff's corporate property. Exposure of these email accounts could result in serious damage to Plaintiff's

1   customers and Plaintiff's business.

2   If Defendant does not agree to a protective order prior to the time for initial disclosure Plaintiff will move the court for protection under FRCP Rule 26(c). *United States v. CBS, Inc.*, 666 F2d 364, 368–369 (9th Cir. 1982).

Two Northern District courts have upheld the Attorney Eyes Only (AEO) designations of an IAP and user clients email address. See *Phillips v Netblue*, C-05-4401 (SC), Docket 138; *Asis v Optin Global*, C-05-5124 JCS, Docket 242 (courtesy copies are attached hereto).

Defendant notes that it may only determine the origination of the emails by examining the email addresses to which they were allegedly sent, and thus has declined to stipulate to any protective order until this issue is resolved. Defendant notes that the cases Plaintiffs cite are unpersuasive. In both, the orders were minute orders without little, if any, analysis. In one case, where the plaintiff had the same counsel as here, *Phillips v. Netblue*, 2006 WL 3545002 (N.D. Cal. Dec. 8, 2006), the court later ordered the addresses unsealed, stating plaintiffs had made a "conclusory" statement that the email accounts were confidential. "The purported 'highly confidential' or even 'confidential' nature of this list of email addresses is not evident on its face. Plaintiff states that the accounts are inactive or have never been active.... Accordingly, there is no consumer privacy or commercial value to protect here." *Id.* at *2.

**8.**   Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

The parties request no limitations on discovery other than those set forth in the Federal Rules of Civil Procedure, with the cut-off dates as proposed in a discovery plan in paragraph #17 hereafter.

**9.**   Class Actions: If a class action, a proposal for how and when the class will be certified.

This is not a putative class action.

**10.** <u>Related Cases</u>: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

**No directly related cases; however, Plaintiff ASIS has filed several other actions under CAN-SPAM Act in this District. Defendant contends these cases are not related to this case.**

**11.** <u>Relief</u>: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

**Plaintiffs are seeking statutory damages for violations of the CAN SPAM Act as hereinafter set forth:**

1. For statutory damages of up to $100.00 for each violation of **15** *U.S.C.* **§7704(a)(1)** and up to $25.00 in the case of violations of **§ 7704(a)(2)** in the sum of **$1,140,125**;

2. For aggravated damages under **15** *U.S.C.* **§7706(g)(1)(C)** of up to three times the amount above for these violations committed by the defendants' violations of **15** *U.S.C.* **§7704(b)** in the sum of **$3,420,375**;

3. For a preliminary and permanent injunction preventing the defendants and all persons acting in concert with them from the violation of the *Can-Spam Act of 2003*;

4. For liquidated damages of $1000.00 for each violation of *California Business and Professions Code* **§ 17529.5(a)** in the sum of **$9,121,000**;

5. For an award of reasonable attorneys' fees and costs;

**Defendant believes strongly that plaintiff's claims are meritless. If liability were established, however, defendant contends that it would be appropriate for any damages to be based on calculations by a qualified expert who considered factors he or she determined to be relevant.**

**12.** <u>Settlement and ADR</u>: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

**The parties have engaged in informal settlement discussions. If settlement**

is not reached, the parties will request assignment to a magistrate judge as their selection from the Court's Multi-Option Program. The parties believe mediation should take place after certain discovery has taken place.

The parties complied with ADR L.R. 3-5 by submitting a Notice of need for ADR Phone Conference March 11, 2008.

13. <u>Consent to Magistrate Judge For All Purposes</u>: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**Plaintiffs consent to the assignment to a Magistrate Judge.**

**Defendant does not consent to assignment to a Magistrate Judge.**

14. <u>Other References</u>: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**The parties do not believe the case is suitable for such reference.**

15. <u>Narrowing of Issues</u>: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

**None at this time, discovery may change status.**

16. <u>Expedited Schedule</u>: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

**Plaintiffs submit an expedited schedule is inappropriate. The technical aspects of CAN-SPAM cases require more trial preparation.**

**Defendant agrees that an expedited schedule is not appropriate.**

17. <u>Scheduling</u>: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

| | |
|---|---|
| **Non-Expert Discovery Cut-off** | **November 14, 2008** |
| **Law & Motion** | **December 17, 2008** |
| **Designation of Experts:** | **December 14, 2008** |
| **Rebuttal:** | **January 13, 2009** |
| **Expert Discovery Cut-off** | **February 12, 2009** |

|   |   |   |
|---|---|---|
| | **Dispositive Motions - Last Day for Hearing:** | **March 18, 2009** |
| | **Final Pretrial** | **April 1, 2009** |

18. <u>Trial</u>: Whether the case will be tried to a jury or to the court and the expected length of the trial.

    a.    **Plaintiffs timely requested a Jury Trial and anticipates it will take <u>5</u> days; Plaintiff anticipates calling <u>7</u> witnesses.**

    b.    **Defendant anticipates a trial will take <u>5</u> days.**

19. <u>Disclosure of Non-party Interested Entities or Persons</u>: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.  **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

    **Plaintiff ASIS INTERNET SERVICES is a California corporation that has no parent company, partners, or other entity who has any interest in it whatsoever.**

    **Plaintiff JOEL HOUSEHOLTER is an individual who does business as KNEELAND ENGINEERING and FOGGY.NET.**

    **Defendant ACTIVE RESPONSE GROUP, INC., is a Delaware corporation and does not have a parent corporation. There are no publicly held corporations which own 10 percent or more of its stock. Other than the named parties, there is no interest to report under Civil L.R. 3-16.**

///
///
///
///
///
///

1   **20.**  Such other matters as may facilitate the just, speedy and inexpensive disposition of this
2 matter.

                                        **SINGLETON LAW GROUP**

Dated:      March 31, 2008         /s/ Jason K. Singleton
Jason K. Singleton,
Richard E. Grabowski, Attorneys for Plaintiffs
Asis Internet Services, Joel Householter,
dba Foggy.net

                                        **DAVIS WRIGHT TREMAINE, LLP**

Dated:      March 31, 2008         /s/ Thomas R. Burke
Thomas R. Burke, Attorney for Defendant,
Active Response Group, Inc.