LAWYERS



# Davis Wright Tremaine LLP

ANCHORAGE   BELLEVUE   LOS ANGELES   NEW YORK   PORTLAND   SAN FRANCISCO   SEATTLE   SHANGHAI   WASHINGTON, D.C.

| THOMAS R. BURKE | SUITE 800 | TEL (415) 276-6500 |
| DIRECT (415) 276-6552 | 505 MONTGOMERY STREET | FAX (415) 276-6599 |
| thomasburke@dwt.com | SAN FRANCISCO, CA 94111-6533 | www.dwt.com |

April 21, 2008

**Via Efiling and Hand Delivery**

Honorable Judge Thelton E. Henderson, United States District Judge
United States District Court for the Northern District of California
450 Golden Gate Avenue
Courtroom 12, 19th Floor
San Francisco, CA 94102

Re:   Case No. 3:07-cv-06211-TEH, <u>AsIs Internet Servs. et al. v. Active Response Group, Inc.</u>

Dear Judge Henderson:

In response to the Court's request during the April 7, 2008, Case Management Conference in the above-referenced matter, defendant Active Response Group, Inc. ("ARG") submits this letter to explain why the Court should deny Plaintiffs' request that it be allowed to designate as "Attorneys' Eyes Only" the recipient email addresses for the emails at the heart of this lawsuit.

**Defendant ARG is TRUSTe-Certified and Maintains a Suppression List.**

By way of background, ARG is a New York company that helps businesses market and generate leads for new customers. In essence, ARG works with third parties to generate visitors to certain websites. These third parties accomplish this goal in a variety of ways, some of which may include sending emails. ARG does <u>not</u> send commercial emails to anyone. To ensure that emails that are sent without ARG's knowledge are not received by individuals or entities that do not want them, ARG maintains a list of email addresses, referred to as a "suppression" list, to which ARG's affiliates may not send any email. In recognition of its privacy practices, ARG is certified by TRUSTe, an online industry certification recognizing those companies that employ rigorous and verifiable online privacy practices.

On the rare occasion when ARG learns unwanted email has been received, ARG actively seeks to learn the identity of any third party who has allegedly sent email containing content relating to ARG, without its authorization. To do so, ARG examines the email addresses to which such emails were allegedly sent. Without immediate access to this information, ARG cannot learn the senders' identities. Hyper-links (links to web sites associated with the unwanted emails) only

Honorable Thelton E. Henderson
April 21, 2008
Page 2

stay "live" for a short period, after which ARG can no longer access them and determine who sent the emails. ARG requested this information from Plaintiffs shortly after this lawsuit began, to no avail. Plaintiffs' request for redaction of the email addresses for the emails in question is unreasonable, and only delays the process of finding the true sender of the emails at issue.

**Plaintiffs' Request to Designate the Email Addresses as "Attorneys' Eyes Only" Is Unwarranted.**

As this Court is aware, under the standard protective order used by parties in the Northern District of California, the designation "Attorneys' Eyes Only" is reserved for only those matters that are "extremely sensitive 'Confidential Information or Items' whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means." Para. 2.4. "Confidential Information or Items" is "information… or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c)." Para. 2.3.[1] The email addresses at issue in this litigation do not begin to satisfy this definition

Disclosure of the email addresses would not create a "substantial risk of serious injury that could not be avoided by less restrictive means." There is no "serious injury" involved here. Plaintiffs' contentions otherwise make little sense. If ARG were responsible for sending emails to these addresses – as the Complaint alleges – presumably ARG <u>already knows</u> these addresses, and thus this information is not confidential at all and certainly should not be designated "Attorneys Eyes Only." To the contrary, ARG contends it was not responsible for the emails and, to assert a variety of legal defenses in this action, it is necessary and vital for ARG to review the addresses to which the emails were allegedly sent.

Plaintiffs' blanket assertions of confidentiality, Joint CMC at 4-5, also demonstrate their demand is unreasonable, and a sister court has acknowledged as much. The Complaint alleges the emails at issue were unsolicited "because they were sent to unassigned or inactive email accounts owned by ASIS and Foggy." Compl. ¶ 17; *see also id.* ¶ 25, 36 ("Note that all receiving email accounts have been redacted, while these email all represent inactive email accounts they are still the property of ASIS and FOGGY and are protected by Plaintiffs' corporate privileges."). If the email addresses are unassigned or inactive, the addresses are unlikely to involve any individual privacy or confidentiality concerns at all.

At least one court has agreed with this rationale, in a case Plaintiffs' counsel litigated. *Phillips v. Netblue, Inc.*, C-05-04401 SC (EDL), 2006 WL 3545002, at *2 (Dec. 8, 2006 N.D. Cal.). There, the court found that plaintiffs' conclusory statements that the email accounts were "highly confidential" were meaningless because

---

[1] *See also Hewlett-Packard Co. v. EMC Corp.*, C02-04709 JF (N.D. Cal. July 9, 2003) (In issuing protective order, court stated: "Counsel should note that not all confidential documents warrant the highest level of protection. This heightened level of protection is appropriate only for the most highly sensitive information; it is warranted only if 'the potential injury is substantial and cannot be prevented through the use of any device less restrictive of a party's access to his lawyer.'"; noting sanctions are appropriate for over-designation) (citing *Doe v. Dist. of Columbia*, 697 F.2d 1115, 1120 (D.C. Cir. 1983)).

Honorable Thelton E. Henderson
April 21, 2008
Page 3

> [t]he purported "highly confidential" or even "confidential" nature of this list of email addresses is not evident on its face. Plaintiff states that the accounts are inactive or have never been active. *Accordingly, there is no consumer privacy or commercial value to protect here.* Plaintiff has not offered any support to show how "disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means." Stipulated Protective Order at 2.4 (defining "Highly Confidential").

*Id* (citation omitted) (emphasis added). Plaintiffs' citation to an earlier order in the same case is unavailing. The *NetBlue* court, after examining the emails *in camera*, found the email addresses should not remain confidential. *Id.*

In another case Plaintiffs' counsel litigated, *AsIs Internet Servs. v. Optin Global, Inc. et. al.*, No. C-05-05124 JCS, the court denied defendants' motion to remove the "Attorneys' Eyes Only" designation from the email addresses, with no analysis. *Id.*, Dkt. 242. Perhaps Judge Spero was swayed by plaintiffs' citation to the earlier *NetBlue* order, which Magistrate Judge Laporte had already changed. *See* C-05124-JCS, Dkt. 238 (June 27, 2007). At the least, the Court should require Plaintiffs to lodge the list of email addresses with it, to decide their confidential nature. Moreover, unlike in that case, where plaintiffs alleged the defendant had "been on the SPAMHAUS Register of Known SPAM Operations," ARG has not. *See* SPAMHAUS Register of Known SPAM Operations, http://www.spamhaus.org/Rokso/ (visited Apr. 15, 2008). To the contrary, as noted, ARG is TRUSTe certified and widely recognized as CAN-SPAM compliant.

Any assertion that ARG should merely rely on an expert witness is also misguided. ARG should not have to incur the expense associated with an expert when it can perform this evaluation itself, and in a manner more likely to quickly lead to the identity of the email senders. It is particularly misguided here, given that ARG allegedly already has the email addresses at issue.

Under these circumstances, on behalf of Defendant ARG, we respectfully request that this Court order the email addresses at issue not be designed "Attorneys Eyes Only," but instead be simply marked and treated as "Confidential" to accommodate Plaintiffs' concerns.

We appreciate the Court's consideration of this matter.

Very truly yours,

Davis Wright Tremaine LLP

/s/ Thomas R. Burke

Thomas R. Burke

SFO 406530v1 0080512-000010