THOMAS R. BURKE (CA State Bar No. 141930)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone:    (415) 276-6500
Facsimile:    (415) 276-6599
Email:        thomasburke@dwt.com

AMBIKA K. DORAN (admitted *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Telephone:    (206) 757-8030
Facsimile:    (206) 757-7030
Email:        ambikadoran@dwt.com

Attorneys for Defendant ACTIVE RESPONSE GROUP, INC.

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASIS INTERNET SERVICES, a California corporation, and JOEL HOUSEHOLTER, d/b/a KNEELAND ENGINEERING, d/b/a FOGGY.NET, <br><br> Plaintiffs, <br><br> v. <br><br> ACTIVE RESPONSE GROUP, INC. et al. <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. CV 07-6211 TEH <br><br> DEFENDANT ACTIVE RESPONSE GROUP, INC.'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(B)(1) OR FED. R. CIV. P. 12(B)(6) <br><br> Date: July 21, 2008 <br> Time: 10 a.m. <br> Place: Courtroom 12, 19th Floor |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 21, 2008, at 10 a.m., or as soon thereafter as the

matter may be heard in Courtroom Twelve of the United States District Court for the Northern

District of California, San Francisco Division, located at 450 Golden Gate Avenue, San

Francisco, California 94102, Defendant Active Response Group, Inc. ("ARG") will and hereby

does move this Court for an order dismissing Plaintiffs' Complaint pursuant to Federal Rules of

Civil Procedure 12(b)(1) and 12(b)(6).

ARG makes this motion on the grounds that Plaintiffs have failed to allege they were

adversely affected by ARG's allegedly unlawful conduct and that they were acting as

Defendant's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) Or Fed. R. Civ. P. 12(b)(6)

264782.1

1   internet access service providers in harvesting the allegedly violative emails on which this lawsuit

2   is based.

3        This Motion rests on the concurrently filed Memorandum of Points and Authorities,

4   Request for Judicial Notice, Declaration of Ambika Doran, related pleadings and attachments in

5   this action, the pleadings and records on file, such further papers as the parties may file in

6   connection with this Motion, and such further argument and evidence as the parties may present

7   in connection with the hearing on this Motion.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DAVIS WRIGHT TREMAINE LLP

Defendant's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) Or Fed. R. Civ. P. 12(b)(6)

264782.1

1

THOMAS R. BURKE (CA State Bar No. 141930)
DAVIS WRIGHT TREMAINE LLP

2

505 Montgomery Street, Suite 800
San Francisco, California 94111

3

Telephone:      (415) 276-6500
Facsimile:      (415) 276-6599

4

Email:          thomasburke@dwt.com

5

6

AMBIKA DORAN (admitted *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200

7

Seattle, WA 98101-3045
Telephone:      (206) 622-3150

8

Facsimile:      (206) 757-7700
Email:          ambikadoran@dwt.com

9

Attorneys for Defendant ACTIVE RESPONSE GROUP, INC.

10

11

IN THE UNITED STATES DISTRICT COURT

12

THE NORTHERN DISTRICT OF CALIFORNIA

13

SAN FRANCISCO DIVISION

14

| | |
|---|---|
| ASIS INTERNET SERVICES, a California corporation, and JOEL HOUSEHOLTER, d/b/a KNEELAND ENGINEERING, d/b/a FOGGY.NET, | Case No. CV 07-6211 TEH |
| | DEFENDANT ACTIVE RESPONSE GROUP, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS UNDER FED. R. CIV. P. 12(B)(1), OR FED. R. CIV. P. 12(B)(6) |
| Plaintiffs, | |
| v. | |
| ACTIVE RESPONSE GROUP, INC. et al. | Date: July 21, 2008 |
| Defendants. | Time: 10 a.m. |
| | Place: Courtroom 12, 19th Floor |

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DAVIS WRIGHT TREMAINE LLP

Defendant's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) Or Fed. R. Civ. P. 12(b)(6)

264782.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DAVIS WRIGHT TREMAINE LLP

## TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

AsIs Internet Servs. v. Optin Global, Inc.,
  2008 WL 1902217 (N.D. Cal. Apr. 29, 2008)...............................................5, 7, 8

Bell Atlantic Corp. v. Twombly,
  127 S. Ct. 1955 (2007) ...........................................................................9

Brownan v. Alki Mortg., LLC,
  2008 WL 413732 (N.D. Cal. Feb. 13, 2008)..............................................6, 7

Clegg v. Cult Awareness Network,
  18 F.3d 752 (9th Cir. 1994)....................................................................10

Cornwell v. Joseph,
  7 F. Supp. 2d 1106 (S.D. Cal. 1998) .........................................................9

FW/PBS, Inc. v. Dallas,
  493 U.S. 215 (1990) ...............................................................................5

Gordon v. Virtumondo, Inc.,
  2007 WL 1459395 (W.D. Wash. May 15, 2007) .......................................7, 8

Hypertouch. Inc. v. Kennedy-Western Univ.,
  2006 WL 648688 (N.D. Cal. March 8, 2006) ..............................................7

Kokkonen v. Guardian Life Ins. Co. of Am.,
  511 U.S. 375 (1994) ...............................................................................5

McGlinchy v. Shell Chem. Co.,
  845 F.2d 802 (9th Cir. 1988)....................................................................9

O'Connor v. Nevada,
  27 F.3d 357 (9th Cir. 1994)....................................................................10

United Mine Workers of Am. v. Gibbs,
  383 U.S. 715 (1966) ..............................................................................10

Vasquez v. Los Angeles County,
  487 F.3d 1246 (9th Cir. 2007)..................................................................10

Warth v. Seldin,
  422 U.S. 490 (1975) ...............................................................................5

Defendant's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) Or Fed. R. Civ. P. 12(b)(6)

264782.1

Weber v. Dep't of Veterans Affairs,
   521 F.3d 1061 (9th Cir. 2008)................................................................9


**FEDERAL STATUTES**

15 U.S.C. § 7702 .....................................................................................8

15 U.S.C. § 7704 .....................................................................................4

15 U.S.C. § 7706 .............................................................................3, 6, 8

28 U.S.C. § 1367 ...................................................................................10


**STATE STATUTES**

Cal. Bus. & Prof. Code § 17529.5 .....................................................4, 10


**RULES**

Fed. R. Civ. P. 12 .............................................................................4, 6, 9

DAVIS WRIGHT TREMAINE LLP

Page ii

Defendant's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) Or Fed. R. Civ. P. 12(b)(6)

264782.1

## TABLE OF CONTENTS

I.  INTRODUCTION ..........................................................................................................2

II. ISSUE TO BE DECIDED.............................................................................................2

III. RELEVANT FACTS ....................................................................................................3

IV. ARGUMENT ...............................................................................................................4

    A.    This Court Lacks Subject Matter Jurisdiction To Hear Plaintiffs' Claims Because Plaintiffs Lack Standing To Bring A Claim Under the CAN-SPAM Act of 2003. ...................................................4

        1.    Plaintiffs lack standing because they have failed to allege they were "adversely affected" by the allegedly violative emails. ...............................................................................4

        2.    Plaintiffs also lack standing because they fail to allege they were acting as IAS providers when they received the emails. ......................................................................6

    B.    Even If This Court Has Subject Matter Jurisdiction Over Plaintiffs' Claims, It Must Dismiss Them For Failure To State a Claim Upon Which Relief Can Be Granted. ..................................7

    C.    If This Court Dismisses Plaintiffs' Federal Claim, It Court Should Dismiss Their State-Law Claim. ........................................8

V.  CONCLUSION..............................................................................................................9

DAVIS WRIGHT TREMAINE LLP

Defendant's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) Or Fed. R. Civ. P. 12(b)(6)

264782.1

DAVIS WRIGHT TREMAINE LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.   INTRODUCTION

The CAN-SPAM Act of 2003 provides for a limited private right of action for internet access providers to sue if they have been "adversely affected" by a violation of the Act. *See* 15 U.S.C. § 7706(g)(1).  Plaintiffs' Complaint against Active Response Group, Inc. ("ARG") does not allege they were adversely affected, nor do Plaintiffs allege – as they must to have standing – that ARG's alleged actions have caused them any harms, or that they have suffered any damages. As such, Plaintiffs plainly fail to allege facts sufficient for this Court to have jurisdiction over this case.

This action is one of nine nearly identical complaints that Plaintiff AsIs Internet Services ("AsIs") has filed in this Court in the past three years, with six such lawsuits in the last year alone.  Each complaint alleges that the defendant sent unsolicited emails to "inactive" or "unassigned" email accounts, entitling AsIs to statutory damages, with no claim for actual damages.  It appears AsIs has created a virtual warehouse to store "unsolicited" emails at these "inactive" or "unassigned" accounts, and is using that warehouse to secure revenue for itself, not to compensate it for any actual injuries it has suffered as a provider of Internet access services.

Recently, in the first decision on the merits of AsIs's CAN-SPAM claims, AsIs lost on summary judgment because it lacked standing to bring its claims.  Here, too, the Court should dismiss Plaintiffs' Complaint unless and until Plaintiffs make the requisite allegations.

## II.   ISSUES TO BE DECIDED

(1) Whether this Court should dismiss Plaintiffs' Complaint because Plaintiffs lack standing and this Court lacks subject-matter jurisdiction to hear the CAN-SPAM claim under Fed. R. Civ. P. 12(b)(1).

(2) Whether, in the alternative, this Court should dismiss Plaintiffs' CAN-SPAM claim for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

(3) Whether the Court should decline to exercise supplemental jurisdiction over Plaintiffs' state-law claim if it dismisses Plaintiffs' federal claim.

Defendant's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) Or Fed. R. Civ. P. 12(b)(6)

264782.1

DAVIS WRIGHT TREMAINE LLP

## III. RELEVANT FACTS

On December 12, 2007, Plaintiffs AsIs Internet Services ("AsIs") and Joel Householter filed their Complaint, alleging violations of the CAN-SPAM Act of 2003 and its California analog, Cal. Bus. & Prof. Code § 17529.5. See Complaint. Plaintiffs allege this Court has original jurisdiction over the CAN-SPAM claim and pendent jurisdiction over the state-law claim. Id. ¶ 1. Specifically, Plaintiffs allege the Court has original jurisdiction in cases brought by "an internet access provider adversely affected by a violation of section 15 U.S.C. § 7704(a)(1)." Id. (emphasis added). Plaintiffs allege they received these emails at "unassigned or inactive email accounts owned by ASIS and Foggy." Id. ¶ 17; see also id. ¶ 25, 36 ("Note that all receiving email accounts have been redacted, while these email all represent inactive email accounts they are still the property of ASIS and FOGGY and are protected by Plaintiffs' corporate privileges.") (emphasis added).

Plaintiffs' Complaint does not allege Plaintiffs were adversely affected. Indeed, Plaintiffs do not specify any harms they purportedly suffered. Plaintiffs do not allege Defendant Active Response Group, Inc.'s ("ARG") actions caused them any harms. Plaintiffs do not seek actual damages, let alone allege they have suffered any such damages. Plaintiffs do not allege facts to support they were acting as IAS providers within the meaning of the CAN-SPAM Act, merely asserting they are.

Yet this is not Plaintiff AsIs's first experience with CAN-SPAM litigation in this Court. AsIs has brought eight other lawsuits alleging violations of the CAN-SPAM Act. Declaration of Ambika Doran ¶¶ 2-10, Exs. A-G, I; see also Letter from Burke to Judge Henderson (Apr. 8, 2008), Dkt. 20. The complaints in these lawsuits are nearly identical. All except one allege that the emails received by Plaintiffs were "inactive" or "unassigned" accounts. See id. ¶¶ 3-10, Ex. B at ¶¶ 9, 13, 18, 19, 31; Ex. C at ¶¶ 9, 11, 14, 23; Ex. D at ¶¶ 15, 16, 20-21; Ex. E at ¶¶ 12, 15, 19, 21, 32, 35; Ex. F at ¶¶ 18, 21, 25-26, 37, 39; Ex. G at ¶¶ 14-15, 20; Ex. I at ¶ 18. In the only case to reach the merits of plaintiff's claims, a sister court found AsIs lacked standing to bring the claim. See AsIs Internet Servs. v. Optin Global, Inc., 2008 WL 1902217, at *17 (N.D. Cal. Apr. 29, 2008).

Defendant's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) Or Fed. R. Civ. P. 12(b)(6)

264782.1

DAVIS WRIGHT TREMAINE LLP

## IV.   ARGUMENT

**A.   This Court Lacks Subject Matter Jurisdiction To Hear Plaintiffs' Claims Because Plaintiffs Lack Standing To Bring A Claim Under the CAN-SPAM Act of 2003.**

Where a plaintiff lacks standing to bring a claim, a federal court lacks subject-matter jurisdiction to hear it. <u>FW/PBS, Inc. v. Dallas</u>, 493 U.S. 215, 231 (1990); <u>see also Warth v. Seldin</u>, 422 U.S. 490, 498 (1975) (standing is a "threshold question in every federal case"). Parties seeking the exercise of jurisdiction in their favor bear the burden of showing standing, and must "allege… facts essential to show jurisdiction. If they fail to make the necessary allegations, they have no standing." *Id.* (internal quotation marks and citations omitted); <u>see also Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994) (plaintiff bears the burden to show jurisdiction). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

**1.   Plaintiffs lack standing because they have failed to allege they were "adversely affected" by the allegedly violative emails.**

Plaintiffs fail to allege they are "adversely affected" by ARG's actions, meaning they lack standing, and this Court lacks subject matter jurisdiction to hear their claims. The CAN-SPAM Act conveys standing on the government, and in limited cases on providers of "internet access services" ("IAS") who have been "adversely affected" by a violation of the statute. *See* 15 U.S.C. § 7706(g)(1). Plaintiffs admit as much, in stating this court has original jurisdiction to hear cases "involving a civil action by an internet access provider <u>adversely affected</u> by a violation…" <u>See Complaint</u> ¶ 1 (emphasis added). Yet, Plaintiffs fail to allege anywhere in the Complaint that they were adversely affected at all, let alone by ARG's alleged actions. This failure to make even a conclusory allegation of adverse effect means Plaintiffs lack standing to bring their CAN-SPAM claim.

Even if this Court permits Plaintiffs to amend their Complaint to add such an allegation— and even if Plaintiffs could truthfully do so—a bare statement of adverse effect is insufficient. <u>See Brownan v. Alki Mortg., LLC</u>, 2008 WL 413732, at *2-*3 (N.D. Cal. Feb. 13, 2008). In <u>Brownan</u>, a sister court found *sua sponte* that it did not have subject-matter jurisdiction to hear a CAN-SPAM claim where the plaintiff was an IAS provider but "fail[ed] to state the

Page 4

actual harms suffered by his company as a result of the alleged spam sent by Defendant." Id. at

*2. The court stated:

> These actual damages must be established before the plaintiff is
> permitted to seek statutory damages.... [T]he plaintiff must have
> suffered actual adverse effects as a result of Defendant's actions,
> <u>not merely pray for monetary damages to be established at some
> later point</u>, let alone to proceed and recover statutory damages in
> the alternative.  Furthermore, <u>these adverse effects must be
> significant. The effects need to be more than the time and money
> spent dealing with spam</u>.  The effects must rise to a <u>significant</u> level
> of harm unique to an IAS.  These harms include <u>substantial</u>
> decreased bandwidth, expenditures of resources to manage the
> spam (hired staff, purchased equipment, increased server costs),
> and compromised network integrity. Plaintiff has not pleaded these,
> or indeed any, adverse effects <u>resulting from Defendant's alleged
> spam</u> and therefore has not satisfied the statutory standing
> requirement under the Act.

Id. at *2-*3 (emphasis added) (citations omitted).

The only other courts that have considered the issue have agreed on the meaning of the

phrase "adversely affected." See Optin Global, Inc., 2008 WL 1902217, at *17 (finding plaintiff

AsIs did not have standing to bring CAN-SPAM claim); Gordon v. Virtumondo, Inc., 2007 WL

1459395, at *8 (W.D. Wash. May 15, 2007) (IAS provider had not alleged requisite injuries such

as limited internet connectivity, compromised network integrity, or higher overhead costs and

staffing); Hypertouch. Inc. v. Kennedy-Western Univ., 2006 WL 648688, at *4 (N.D. Cal. March

8, 2006) (requisite injury found).

The legislative history of the CAN-SPAM Act confirms this interpretation is correct. See

Gordon, 2007 WL 1459395, at *6-*8.  The Gordon court found that Congress sought to create a

"limited" private right of action that would otherwise "become available to almost anyone" if

courts permit those who have suffered no "significant adverse impact" to pursue Can-SPAM

claims. Id. at *8.  Contrast Gordon with Hypertouch, where the plaintiff established standing by

submitting a sworn declaration indicating that the emails there "caused decrease server response

and crashes, led to higher bandwidth utilization, and forced expensive hardware and software

upgrades." 2006 WL 648688, at *4.

In Optin Global, a sister court recently rejected the nearly identical claims of the same

plaintiff here, AsIs, stating:

Page 5

Defendant's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) Or Fed. R. Civ. P. 12(b)(6)

264782.1

1

2

3

4

5

6

7

8

> [N] no reasonable jury could find, based on the undisputed evidence, that the Emails that are the subject of this action caused any significant adverse effect to ASIS. While there is some evidence that spam generally has imposed costs on ASIS over the years, there is <u>no</u> evidence that the Emails at issue in this action resulted in adverse effects to ASIS: there is <u>no</u> evidence in the record that any of the Emails either reached any active ASIS users (rather than being filtered by Postini) or were the subject of complaints to ASIS; there is <u>no</u> evidence in the record that ASIS had to increase its server capacity or experienced crashes as a result of the Emails; and there is <u>no</u> evidence in the record that ASIS experienced higher costs for filtering by Postini as a result of the Emails.... In short, ASIS suffered no meaningful adverse effect as a result of the Emails of any kind. As a result, it does not have standing to assert its claims under the CAN-SPAM Act.

9

2008 WL 1902217, at *17 (emphasis in original).[1]

10

11

12

13

14

15

16

17

18

19

20

21

Plaintiffs have clearly failed to meet this required standard, in failing to allege they were adversely affected by the emails allegedly sent by ARG. And, should they be allowed to amend their Complaint, Plaintiffs must state with sufficient specificity the harms they allegedly have suffered. Perhaps more importantly, Plaintiffs must truthfully allege that the emails ARG allegedly sent them caused these harm, as courts have made clear that general costs associated with spam do not rise to this level. Plaintiff AsIs almost certainly cannot allege this, given the summary judgment order in <u>Optin Global</u>, and the similarity of its allegations there, to those it alleges here. <u>See Complaint</u>; <u>cf</u> Doran Decl., ¶ 2, Ex. A. It is difficult to fathom that either Plaintiff was adversely affected by emails sent to inactive and unassigned email accounts. Neither Plaintiff alleges it suffered actual damages, all of the emails were sent to these inactive or unassigned accounts, and Plaintiffs seek on this basis statutory damages without an allegation, much less showing, of harm.

22

23

### 2. Plaintiffs also lack standing because they fail to allege they were acting as IAS providers when they received the emails.

24

25

26

Although Plaintiffs allege they "provide[] internet access service within the meaning of 15 U.S.C. § 7702(11)," they do not allege any facts showing they were acting as such providers when they received the emails ARG allegedly sent to "unassigned or inactive" accounts. <u>See</u>

27

28

---

[1] The Court's reference to "Postini" is to a service that filters emails before they reach their destination inboxes.

Defendant's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) Or Fed. R. Civ. P. 12(b)(6)

264782.1

DAVIS WRIGHT TREMAINE LLP

1  Complaint ¶ 17. The CAN-SPAM Act narrowly conveys standing on IAS providers. See 15

2  U.S.C. § 7706(g)(1). An IAS is "a service that enables users to access content, information,

3  electronic mail, or other services offered over the Internet, and may also include access to

4  proprietary content, information, and other services as part of a package of services offered to

5  consumers." 15 U.S.C. § 7702(11) (citing 47 U.S.C. § 231 (e)(4)).

6  Courts, perplexed by this definition, have interpreted it broadly. See, e.g., Gordon, 2007

7  WL 1459395, at *5, *7-*8 ("It is not clear what exactly the exceedingly broad phrase 'service

8  that enables users to access' means…. Plaintiffs are, in the most general terms, a 'service that

9  enables users to access' Internet content and e-mail, and accordingly, they qualify as an IAS

10  under the statute's capacious definition."). Plaintiffs' allegations that they provide IAS would

11  ordinarily suffice under the statute's definition.

12  No court, however, has decided whether an IAS provider, acting as Plaintiffs allege in

13  their Complaint, may assert a claim when they perform activities outside the scope of their role as

14  an IAS provider. Here, Plaintiffs allege that the email accounts to which ARG allegedly sent

15  email were either unassigned or inactive. Thus, Plaintiffs were apparently providing internet

16  services to none of the account holders when emails arrived at these allegedly affected email

17  accounts. This Court should require Plaintiffs to allege they were IAS providers with respect to

18  these accounts before allowing them to proceed with their claims against ARG. Otherwise,

19  Plaintiffs independently lack standing to bring their CAN-SPAM claim, and the Court lacks

20  subject-matter jurisdiction to hear it.

21      **B.    Even If This Court Has Subject Matter Jurisdiction Over Plaintiffs' Claims,
             It Must Dismiss Them For Failure To State a Claim Upon Which Relief Can**
22      **Be Granted.**

23  Even if the Court finds it has subject-matter jurisdiction over the claims, it must dismiss

24  the CAN-SPAM claim for failure to state a claim upon which relief can be granted. A court

25  should decide a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) under the same

26  standard as a motion for failure to state a claim upon which relief can be granted under Rule

27  12(b)(6). McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988) (because "Rule 12(c)

28  was used to raise the defense of failure to state a claim… the motion for judgment on the

DAVIS WRIGHT TREMAINE LLP

Page 7

1    pleadings faces the same test as a motion under Rule 12(b)(6)"); <u>accord Cornwell v. Joseph</u>, 7 F.

2    Supp. 2d 1106, 1108 (S.D. Cal. 1998).

3        A motion to dismiss under Rule 12(b)(6) tests a complaint's legal sufficiency, and

4    plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." <u>Bell</u>

5    <u>Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1974 (2007); <u>see also Weber v. Dep't of Veterans</u>

6    <u>Affairs</u>, 521 F.3d 1061, 1065 (9th Cir. 2008). Although the Court must accept as true a

7    complaint's well-pleaded factual allegations, the Ninth Circuit has "consistently emphasized...

8    that conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper

9    motion to dismiss." <u>Vasquez v. Los Angeles County</u>, 487 F.3d 1246, 1249 (9th Cir. 2007)

10    (affirming dismissal) (internal quotation marks and citation omitted). "[T]he court is not required

11    to accept legal conclusions cast in the form of factual allegations if those conclusions cannot

12    reasonably be drawn from the facts alleged." <u>Clegg v. Cult Awareness Network</u>, 18 F.3d 752,

13    754-55 (9th Cir. 1994).

14        For largely the same reasons Plaintiffs lack standing under the CAN-SPAM Act, they

15    have failed to state a claim upon which relief can be granted. By the plain language of the statute,

16    as interpreted by three courts, Plaintiffs must provide more than a conclusory allegation of

17    adverse effect. Plaintiffs' Complaint lacks even this requisite allegation. . Should the Court

18    grant them leave to amend their Complaint, it should find Plaintiffs may only proceed if they

19    state ARG's alleged violation of the statute adversely affected them, and specify the harms they

20    have suffered. <u>See supra</u> at IV.A. These harms must be of the type courts have found adequate

21    to give rise to a CAN-SPAM private claim, and must result specifically from ARG's alleged

22    actions. Moreover, Plaintiffs must allege facts necessary to show they were acting as IAS

23    providers for the email accounts at issue.

24        **C.     If This Court Dismisses Plaintiffs' Federal Claim, It Court Should Dismiss Their State-Law Claim.**

25

26        If the Court dismisses Plaintiffs' federal claim, it should also dismiss their state-law claim

   under Cal. Bus. & Prof. Code § 17529.5. This Court may decline to exercise supplemental

27    jurisdiction over a state-law claim if it "has dismissed all claims over which it has original

28

DAVIS WRIGHT TREMAINE LLP

Defendant's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) Or Fed. R. Civ. P. 12(b)(6)

264782.1

DAVIS WRIGHT TREMAINE LLP

1  jurisdiction." 28 U.S.C. § 1367(c)(3). Once this prerequisite is met, "the exercise of discretion...

2  is informed by whether declining jurisdiction comports with the underlying objective of most

3  sensibly accommodating the values of economy, convenience, fairness, and comity." O'Connor

4  v. Nevada, 27 F.3d 357, 363 (9th Cir. 1994) (internal quotation marks and citation omitted).

5  "Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a

6  jurisdictional sense, the state claims should be dismissed as well." United Mine Workers of Am.

7  v. Gibbs, 383 U.S. 715, 726 (1966). Given this direction from the Supreme Court, and Plaintiffs'

8  assertion that the Court has only pendent jurisdiction over the state-law claim, dismissal of that

9  claim upon dismissal of their CAN-SPAM claim would not only be appropriate, but warranted.[2]

### V.    CONCLUSION

For the foregoing reasons, ARG respectfully requests this Court dismiss Plaintiffs'

Complaint.

DATED:  June 16, 2008

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP


By:  /s/ Thomas R. Burke
        THOMAS R. BURKE
        AMBIKA K. DORAN (admitted pro
        hac vice)
        Attorneys for Defendant ACTIVE
        RESPONSE GROUP, INC.

---

[2] Even if this Court were inclined to exercise jurisdiction over the state-law claim, the claim would likely be preempted. See 15 U.S.C. § 7707(b); see also OptIn Global, 2008 WL 1902217, at *17 ("to the extent a state law permitted the imposition of liability on such a basis it would not fall within the savings clause of the CAN-SPAM Act").

Defendant's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) Or Fed. R. Civ. P. 12(b)(6)

264782.1