# EXHIBIT B

Jason K. Singleton, State Bar #166170
lawgroup@sbcglobal.net
Richard E. Grabowski, State Bar #236207
rgrabows@pacbell.net
SINGLETON LAW GROUP
611 "L" Street, Suite A
Eureka, CA 95501
(707) 441-1177
FAX 441-1533

Attorneys for Plaintiff, ASIS INTERNET SERVICES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASIS INTERNET SERVICES, a California corporation,<br><br>Plaintiff,<br>vs.<br><br>VALUECLICK, INC., dba VC E-COMMERCE SOLUTIONS, INC., also dba CONSUMERINCENTIVEZONE.COM, also dba PROMOTIONSGATEWAY.COM, also dba GENEROUSGENIE.COM, also dba REWARDSGATEWAY.COM, also dba CONSUMERPROMOTIONCENTER.COM, also dba REWARDAMAZON.COM, also dba GIVEAWAYCAFE.COM and DOES ONE through FIFTY, inclusive,<br><br>Defendants. | Case No. C-07-3261 EMC<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF – VIOLATION OF CAN-SPAM ACT OF 2003 [15 *U.S.C.* § 7701, *et seq.*] AND CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17529.5<br><br>DEMAND FOR JURY TRIAL |

Plaintiff, ASIS INTERNET SERVICES, a California corporation, and an Internet Access Provider, complains of Defendants VALUECLICK, INC., dba VC E-COMMERCE SOLUTIONS, INC., also dba CONSUMERINCENTIVEZONE.COM, also dba PROMOTIONSGATEWAY.COM, also dba GENEROUSGENIE.COM, also dba REWARDSGATEWAY.COM, also dba CONSUMERPROMOTIONCENTER.COM, also dba REWARDAMAZON.COM, also dba GIVEAWAYCAFE.COM, and DOES ONE through FIFTY, inclusive, and alleges violations of *CAN-SPAM Act,* 15 *U.S.C.* § 7704(a) and (b) and

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF    1

*California Business and Professions Code* § 17529.5(a) and requests injunctive relief, liquidated damages, statutory damages, aggravated damages, and attorney fees authorized as remedies under **15 U.S.C. § 7706(g)** and *California Business and Professions Code* § 17529.5(b)(1)(B).

## JURISDICTION AND VENUE

1. This Court has original jurisdiction of this action pursuant to **28 U.S.C. § 1331** for violations of the *CAN-SPAM Act of 2003* **(15 U.S.C. §§ 7701 et seq.)**. This Court also has original jurisdiction under **15 U.S.C. § 7706(g)(1)** for cases involving a civil action by an **internet access provider** adversely affected by a violation of section **15 U.S.C. § 7704(a)(1), 15 U.S.C. § 7704(b), or 15 U.S.C. § 7704(d)**, or a pattern or practice that violates paragraphs **(2), (3), (4), or (5) of section 15 U.S.C. § 7704(a)**. Pursuant to pendent jurisdiction, attendant and related causes of action, arising from the same facts, are also brought under California law, including, but not limited to, violations of *California Business & Professions Code* § **17529.5**.

2. This Court has personal jurisdiction over Defendants **VALUECLICK, INC.**, who maintain offices at 30699 Russell Ranch Road, Suite 250, Westlake Village, CA 91362, and **VC E-COMMERCE SOLUTIONS, INC.**, who maintain offices at 15360 Ventura Blvd., Suite 1750, Los Angeles, CA 91403, according to representations made to the Secretary of State of California. **VC E-COMMERCE SOLUTIONS, INC.**, is listed by the Secretary of State of California as a suspended corporation. The Secretary of State of California also lists agents for service for **VALUECLICK, INC.**, and **VC E-COMMERCE SOLUTIONS, INC.**, in California. The other **dba's** named in this suit are copyrighted names owned by **VC E-COMMERCE SOLUTIONS, INC.** Therefore, the court has personal jurisdiction pursuant to physical presence of the Defendant within the court's territorial jurisdiction. *Burnham v. Sup.Ct.*, 495 US at 610–611, (1990).

3. Venue is proper in this Court pursuant to **28 U.S.C. § 1391(b)** and is founded on the fact that a substantial part of the unlawful actions of the defendants occurred in this judicial district.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF     2

## FACTUAL ALLEGATIONS

3. Plaintiff is informed and believes and therefore alleges that Defendant **VALUECLICK, INC.,** is a Delaware Corporation registered with the Secretary of State of California to do business in California with agent for service in California. (see Exhibit "A"). Plaintiff is informed and believes and therefore alleges that Defendant **VALUECLICK, INC.,** is the sole owner of **VC E-COMMERCE SOLUTIONS, INC.,** a defunct California corporation whose status is listed by the Secretary of State of California as "suspended". (See Exhibit "B"). Plaintiff is informed and believes and therefore alleges that Defendant **VALUECLICK, INC.** is the successor in interest to the defunct corporation **VC E-COMMERCE SOLUTIONS, INC.** Defendant **VALUECLICK, INC.,** is believed to be a corporation or the agent of a corporation or partnership providing internet marketing services to retailers selling to residents of the United States and California over the internet.

4. Plaintiff is informed and believes and therefore alleges that Defendants **CONSUMERINCENTIVEZONE.COM, PROMOTIONSGATEWAY.COM, GENEROUSGENIE.COM, REWARDSGATEWAY.COM, CONSUMERPROMOTIONCENTER.COM, REWARDAMAZON.COM,** and **GIVEAWAYCAFE.COM** are aliases or agents for Defendants **VALUECLICK, INC.,** and or **VC E-COMMERCE SOLUTIONS, INC.** (See Exhibit "C" – see Para. 17 of each set of Terms and Conditions describing ownership of each program name and declaring the name as a trademark of **VC E-COMMERCE SOLUTIONS, INC.**).

5. Plaintiff **ASIS INTERNET SERVICES (hereafter "ASIS)** does not know the true names and capacities of defendants **VALUECLICK, INC., dba VC E-COMMERCE SOLUTIONS, INC., also dba CONSUMERINCENTIVEZONE.COM, also dba PROMOTIONSGATEWAY.COM, also dba GENEROUSGENIE.COM, also dba REWARDSGATEWAY.COM, also dba CONSUMERPROMOTIONCENTER.COM, also dba REWARDAMAZON.COM, also dba GIVEAWAYCAFE.COM, and DOES ONE to FIFTY, inclusive,** their business capacities, their ownership connection to the business(s), nor their relative responsibilities in causing the *CAN-SPAM Act of 2003* and other violations herein complained of, and alleges a joint venture and common enterprise by all such defendants.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF   3

1 Plaintiff is informed and believes that each of the defendants herein, including DOES ONE to FIFTY, inclusive, is the agent, ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee, joint venturer, partner, and associate, or such similar capacity, of each of the other defendants, and was at all times acting and performing, or failing to act or perform, with the authorization, consent, permission or ratification of each of the other defendants, and is responsible in some manner for the acts and omissions of the other defendants in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described. Plaintiff will seek leave to amend this Complaint when the true names, capacities, connections and responsibilities of defendants **VALUECLICK, INC., dba VC E-COMMERCE SOLUTIONS, INC., also dba CONSUMERINCENTIVEZONE.COM, also dba PROMOTIONSGATEWAY.COM, also dba GENEROUSGENIE.COM, also dba REWARDSGATEWAY.COM, also dba CONSUMERPROMOTIONCENTER.COM, also dba REWARDAMAZON.COM, also dba GIVEAWAYCAFE.COM, and DOES ONE to FIFTY, inclusive**, are ascertained.

6. Plaintiff is informed and believes that all named defendants, including **DOES ONE to FIFTY, inclusive**, conspired to commit the acts described herein, or alternatively, aided and abetted one another in the performance of the wrongful acts hereinafter alleged.

7. Plaintiff **ASIS** is a California corporation registered to do business in California and is located in Garberville, California. **ASIS** provides Internet access service within the meaning of **15 U.S.C. § 7702(11)**.

8. Plaintiff alleges that Defendants sent or caused to have sent **5624** commercial electronic mail messages from **October 25, 2005, through March 30, 2007**, to Plaintiff's server, a protected computer, containing, and/or accompanied by, header information that was materially false or materially misleading.

9. Plaintiff states that the email accounts that the **5624** commercial emails were sent to did not solicit the emails. These emails were unsolicited because they were sent to unassigned or inactive email accounts owned by **ASIS**. **ASIS** did not solicit any product,

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF   4

1  service, or information from any entity using these email accounts.

2      10.    Plaintiff alleges that Defendants transmitted **5624** unsolicited commercial electronic mail messages with a subject line that a person would know would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents and subject matter of the message.

    11.    Plaintiff alleges that Defendants sent or caused to have sent **5624** unsolicited e-mail advertisements containing and/or accompanied by falsified, misrepresented, or forged header information.

    12.    Plaintiff alleges that Defendants transmitted **5624** unsolicited e-mail advertisements with a subject line that a person would know would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents and subject matter of the message.

    13.    Plaintiff alleges that Defendants used a harvest and directory attack to acquire Plaintiff's and Plaintiff's customers email accounts to send **5624** commercial electronic mail messages to a Plaintiff's protected computer. Many of the email accounts receiving the emails have not been in-active for several years.

    14.    Plaintiff alleges that Defendants used an automated creation of multiple email accounts to send **5624** commercial electronic mail messages to a Plaintiff's protected computer.

    15.    Plaintiff alleges that Defendants used a protected computer/network without authorization to relay or retransmit the **5624** commercial electronic mail messages to Plaintiff's protected computer.

### FIRST CAUSE OF ACTION
(Violation of CAN-SPAM Act of 2003 – 15 *U.S.C.* §7704(a)(1) and (2),
and 15 *U.S.C.* §7704(b)(1) and (2))

    16.    Plaintiff refers to the allegations of the preceding paragraphs of this complaint, and incorporates the same herein by this reference as though set forth in full.

    17.    On **October 25, 2005, through March 30, 2007**, Plaintiff received **5624** commercial electronic mail messages from defendants to its mail server located in California

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF    5

1  that violated the **CAN-SPAM Act of 2003**.

2      18.    Plaintiff alleges that all of the relevant electronic mails sent by the Defendants on **October 25, 2005, through March 30, 2007**, contained or were accompanied by header information that was materially false or materially misleading. Each of these **5624** messages indicated that they were from email accounts such as "CustomerService", "Blue Light Special", "ShippingDept", or various other unknown identities. These false email names resolved into emails sent by various person or persons unknown (e,g, CustomerService to CustomerService@90.cityain.com, Blue Light Special to BlueLight@146.tryeway.com, and ShippingDept to ShippingDept@242.sumnic.com). See sample emails and source code in Exhibit "D" attached hereto. (Note that all receiving email accounts have been redacted, while these email all represent inactive email accounts they are still the property of **ASIS Internet Services** and are protected by ASIS's corporate privilege.) A WHOIS check of the domain name registration for **cityain.com** indicates that the domain name was registered under a protection service. The true registrant for **cityain.com** cannot be determined without a subpoena. See Exhibit "E" attached hereto. A lookup for the underlying server indicated in the IP Address for **tryeway.com** indicates that it cannot be determined, this usually indicates that the domain name is not properly registered or was registered under a domain name privacy or proxy service. The true registrant for **tryeway.com** cannot be determined without a subpoena and possibly not at all. A WHOIS check of the domain name registration for **sumnic.com** indicates it is registered under a protection service., Inc. a privacy service that conceals the true registrants identity. See Exhibit "F." The true identity of **sumnic.com** can only be determined by subpoena. See Exhibit "G." Plaintiff has reviewed the Domain Name registration for all of the sending Domain Names and determined that a majority of the emails were sent using email accounts registered to domain names that are registered under services that conceal the true identity of the domain name registrant through a proxy service or privacy service. See a sample of the WHOIS reports reviewed in Exhibit "H". Also see examples of domain name privacy/proxy service advertisements in Exhibit "K". Some of the proxy/privacy services used boast that they do not even collect identification information and accept

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF     6

1  anonymous cash payments. Plaintiff has been unable to identify any of the remaining domain
2  name registrants as real persons or entities. **15 *U.S.C.* §7704(a)(1)(A)** states:

> "(A) header information that is technically accurate but includes an originating electronic mail address, domain name, or Internet Protocol address the access to which for purposes of initiating the message was obtained by means of false or fraudulent pretenses or representations shall be considered materially misleading.

**15 *U.S.C.* §7704(a)(6)** states:

> "the term "materially", when used with respect to false or misleading header information, includes the alteration or concealment of header information in a manner that would impair the ability of an Internet access service processing the message on behalf of a recipient, a person alleging a violation of this section, or a law enforcement agency to identify, locate, or respond to a person who initiated the electronic mail message or to investigate the alleged violation…"

Therefore, since false information was used to generate the domain names and/or domain names were concealed from investigation through proxy/privacy services the electronic mail messages violated **15 *U.S.C.* §7704(a)(1)(A)**.

   19.   Plaintiff further alleges that the Defendants sent **5624** separate items of electronic mail to Plaintiff's computer that include advertisements with a subject line that a person would know would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents and subject matter of the message. **15 *U.S.C.* § 7704(a)(2)(1)** defines two methods for determining if a subject line is misleading: "1) if such person has actual knowledge"; or 2) "knowledge fairly implied on the basis of objective circumstances." Plaintiff alleges that the "circumstances" required are plainly visible in the actual subject lines of the emails. The email subject lines received by Plaintiff were clearly intended to get someone to open the email by enticing them with free gifts such as: "$1500 Visa Gift Card on us"; " Joan, Let us pay for a trip to Las Vegas!"; and "All expense paid trip to Chicago to see the show you love!". See Exhibit "I." (Note that all receiving email accounts have been redacted, while these email all represent inactive email accounts they are still the property of **ASIS Internet Services** and are protected by ASIS's corporate privilege.) These subject lines are provided as examples, various other similar subject lines were

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF        7

1  included in the emails.

2  20. Plaintiff further alleges that the Defendants sent **5624** separate items of electronic mail to plaintiff's computer that include statements in the body of the emails stating that they are email messages from **CONSUMERINCENTIVEZONE.COM, PROMOTIONSGATEWAY.COM, GENEROUSGENIE.COM, REWARDSGATEWAY.COM, CONSUMERPROMOTIONCENTER.COM, REWARDAMAZON.COM,** and **GIVEAWAYCAFE.COM**. Uniform Resource Locators (hereafter URLs) contained in the emails directed the recipient to websites of **CONSUMERINCENTIVEZONE.COM, PROMOTIONSGATEWAY.COM, GENEROUSGENIE.COM, REWARDSGATEWAY.COM, CONSUMERPROMOTIONCENTER.COM, REWARDAMAZON.COM,** and **GIVEAWAYCAFE.COM**. Plaintiff alleges that these entities, trademarks, and websites are owned by **VC E-COMMERCE SOLUTIONS, INC.,** and their successor corporation **VALUECLICK, INC.**

21. Plaintiff alleges that **VC E-COMMERCE SOLUTIONS, INC.,** is a wholly owned subsidiary of **VALUECLICK, INC.,** and **VALUECLICK, INC.,** is the successor corporation to **VC E-COMMERCE SOLUTIONS, INC.** See Exhibit "J" – SEC 10K Subsidiary Registrant Report Ex. 21.1.

22. Plaintiff further alleges that it received thousands of separate items of electronic mail from the Defendants to email addresses that had not existed for the prior year and had not requested or agreed to accept any solicitations.

23. Plaintiff further alleges that the Defendants sent or had sent **5624** separate items of electronic mail to Plaintiff's computer that were acquired as the result of a directory harvest. Said conduct was in violation of **15 U.S.C. §7704(b)(1)**.

24. Plaintiff further alleges that the defendants sent or had sent **5624** separate items of electronic mail to the plaintiff, from addresses that were acquired by the use of automated tools or scripts. Said conduct was in violation of **15 U.S.C. §7704(b)(2)**.

25. Plaintiff further alleges that Defendants used or had used a protected computer/network without authorization to relay or retransmit the **5624** commercial electronic

1  mail messages sent to Plaintiff's protected computer.

2  26. As a proximate result of said unlawful conduct by said Defendants, Plaintiff is entitled to statutory damages in the amount of up to $100.00 per email in the case of violation of **15 U.S.C. §7704(a)(1)** and up to $25.00 per email in the case of each violation of subsections **15 U.S.C. §7704(a)(2)** in the form of statutory damages as set forth in **15 U.S.C. §7706(g)(1)(B)(ii) and (3)(A)(i) and (ii)**.

27. As a proximate result of said unlawful conduct by said defendants, Plaintiff is entitled to treble all statutory damages as a result of violation of any section of **15 U.S.C. §7704(b)** as set forth in **15 U.S.C. §7706(g)(1)(C)**.

28. Plaintiff furthermore seeks a preliminary and permanent injunction against the defendants for their current and future violations of the *CAN-SPAM Act of 2003* as Plaintiff and members of the general public will continue to incur damages as a result of the unlawful conduct of said defendants. The seeking of injunctive relief by the plaintiff is specifically authorized by **15 U.S.C. §7706(g)(1)(A)**.

29. Plaintiff furthermore seeks its attorney fees and costs against the defendants pursuant to **15 U.S.C. §7706(g)(4)**.

**SECOND CAUSE OF ACTION**
**(Violation of *California Business and Professions Code* §17529.5**
**Unlawful activities relating to commercial email advertisements.)**

30. Plaintiff hereby incorporates by reference paragraphs 1 through 29, inclusive, as if the same were fully set forth herein.

31. Plaintiff alleges that all of the relevant electronic mails sent or sent on behalf of the Defendants on **October 25, 2005, through March 30, 2007**, contained or were accompanied by header information that was materially false or materially misleading. Each of these **5624** unsolicited email advertisements indicated that they were from email accounts such as "CustomerService", "Blue Light Special", "ShippingDept", or various other unknown identities. These false email names resolved into emails sent by various persons or persons unknown (e,g, CustomerService to CustomerService@90.cityain.com, Blue Light Special to BlueLight@146.tryeway.com, and ShippingDept to ShippingDept@242.sumnic.com).

1  See sample emails and source code in Exhibit "D" attached hereto. (Note that all receiving
2  email accounts have been redacted, while these email all represent inactive email accounts
3  they are still the property of **ASIS Internet Services** and are protected by ASIS's corporate
4  privilege.) A WHOIS check of the domain name registration for **cityain.com** indicates that the
5  domain name was registered under protection service. The true registrant for **cityain.com**
6  cannot be determined without a subpoena. See Exhibit "E" attached hereto. A lookup for the
7  underlying server indicated in the IP Address for **tryeway.com** indicates that it cannot be
8  determined, this usually indicates that the domain name is not properly registered or was
9  registered under a domain name privacy or proxy service. The true registrant for
10 **tryeway.com** cannot be determined without a subpoena and possibly not at all. A WHOIS
11 check of the domain name registration for **sumnic.com** indicates it is registered under a
12 protection service., Inc. a privacy service that conceals the true registrants identity. See
13 Exhibit "F." The true identity of **sumnic.com** can only be determined by subpoena. See
14 Exhibit "G." Plaintiff has reviewed the Domain Name registration for all of the sending Domain
15 Names and determined that a majority of the emails were sent using email accounts registered
16 to domain names that are registered under services that conceal the true identity of the domain
17 name registrant through a proxy service or privacy service. See a sample of the WHOIS
18 reports reviewed in Exhibit "H". Plaintiff has been unable to identify any of the remaining
19 domain name registrants as real persons or entities. Therefore, the electronic mail violated
20 **California Business and Professions Code § 17529.5(a)(2)**.
21      32.   Plaintiff further alleges that the Defendants sent or had sent at least **5624**
22 separate unsolicited electronic mail advertisements to plaintiff's computer that include various
23 subject lines that were false and misleading and would be likely to mislead a recipient, acting
24 reasonably under the circumstances, about a material fact regarding the contents or subject
25 matter of the message in violation of **California Business and Professions Code §**
26 **17529.5(a)(3)**. Plaintiff alleges that the "circumstances" required are plainly visible in the
27 actual subject lines of the emails. The email subject lines received by Plaintiff were clearly
28 intended to get someone to open the email by enticing them with free gifts such as: "$1500

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF    10

Visa Gift Card on us"; " Joan, Let us pay for a trip to Las Vegas!"; and "All expense paid trip to Chicago to see the show you love!". See Exhibit "I." These subject lines are provided as examples, various other similar subject lines were included in the emails.

33.  As a proximate result of said unlawful conduct by said Defendants, Plaintiff is entitled to liquidated damages in the amount of $1,000.00 for each unsolicited commercial email transmitted in violation of **California Business and Professions Code § 17529.5(a)** as set forth in **California Business and Professions Code § 17529.5(b)(1)(B)(ii)**.

34.  Plaintiff furthermore seeks its attorney fees and costs against the defendants pursuant to **California Business and Professions Code §17529.5(b)(1)(C)**.

**WHEREFORE**, plaintiff prays judgment against the defendants and each of them as follows:

1. For statutory damages of up to $100.00 for each violation of **15 U.S.C. §7704(a)(1)** and up to $25.00 in the case of violations of **§ 7704(a)(2)** in the sum of **$703,000**;

2. For aggravated damages under **15 U.S.C. §7706(g)(1)(C)** of up to three times the amount above for these violations committed by the defendants' violations of **15 U.S.C. §7704(b)** in the sum of **$2,109,000**;

3. For a preliminary and permanent injunction preventing the defendants and all persons acting in concert with them from the violation of the **Can-Spam Act of 2003**;

4. For liquidated damages of $1000.00 for each violation of **California Business and Professions Code § 17529.5(a)** in the sum of **$5,624,000**;

4. For an award of reasonable attorneys' fees and costs according to proof;

5. For costs of suit; and

6. For such other and further relief as this Courts deems just and proper.

**SINGLETON LAW GROUP**

Dated:   June 13, 2007           /s/ Jason K. Singleton
                                 Jason K. Singleton
                                 Richard E. Grabowski,
                                 Attorneys for Plaintiff, **ASIS INTERNET SERVICES**

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF    11

## REQUEST FOR JURY TRIAL

Plaintiff hereby requests a jury for all claims for which a jury is permitted.

**SINGLETON LAW GROUP**

Dated:   June 13, 2007       /s/ Jason K. Singleton
Jason K. Singleton
Richard E. Grabowski
Attorneys for Plaintiff, **ASIS INTERNET SERVICES**

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF   12