# EXHIBIT D

Jason K. Singleton, State Bar #166170
lawgroup@sbcglobal.net
Richard E. Grabowski, State Bar #236207
rgrabowski@mckinleyville.net
SINGLETON LAW GROUP
611 "L" Street, Suite A
Eureka, CA 95501
(707) 441-1177
FAX 441-1533

Attorneys for Plaintiff, ASIS INTERNET SERVICES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ASIS INTERNET SERVICES, a California corporation, | Case No. C-07-5717 JSW |
|---|---|
| Plaintiff, | COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF – VIOLATION OF CAN-SPAM ACT OF 2003 [15 U.S.C. § 7701, et seq.] |
| vs. | |
| ALL IN, LLC., dba POWER-CL1CKS2.COM, and DOES ONE through FIFTY, inclusive, | DEMAND FOR JURY TRIAL |
| Defendants. | |

Plaintiff, **ASIS INTERNET SERVICES, a California corporation,** and an Internet Access Provider, complains of Defendants **ALL IN, LLC., dba POWER-CL1CKS2.COM, and DOES ONE through FIFTY, inclusive,** and alleges violations of *CAN-SPAM Act,* 15 *U.S.C.* § 7704(a) and (b) and requests injunctive relief, statutory damages, aggravated damages, and attorney fees authorized as remedies under 15 *U.S.C.* § 7706(g).

### JURISDICTION AND VENUE

1. This Court has original jurisdiction of this action pursuant to **28 *U.S.C.* § 1331** for violations of the *CAN-SPAM Act of 2003* (15 *U.S.C.* §§ 7701 et seq.). This Court also has original jurisdiction under 15 *U.S.C.* § 7706(g)(1) for cases involving a civil action by an **internet access provider** adversely affected by a violation of section 15 *U.S.C.* § 7704(a)(1), 15 *U.S.C.* § 7704(b), or 15 *U.S.C.* § 7704(d), or a pattern or practice that violates paragraphs

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF        1

1  **(2), (3), (4), or (5) of section 15 *U.S.C.* § 7704(a).**

2  2.    This Court has personal jurisdiction over Defendants **ALL IN, LLC.**, who maintain offices at 1324 Seven Springs Blvd. #178, New Port Richey, FL 34655. Plaintiff believes and is informed and therefore alleges that the other **dba's** named in this suit are copyrighted names, service marks or domain names owned by **ALL IN, LLC.**

3.    Plaintiff received **981** Commercial Electronic Mail Messages, emails, from various email accounts using the domain name "**power-cl1cks2.com**" (See Exhibit A attached hereto for examples of the emails and the source code of the emails). These emails were sent using the "**power-cl1cks2.com**" domain name. These emails are unsolicited commercial advertisements. Plaintiff cannot identify the sender of the email with absolute certainty because the emails were sent with the domain name "**power-cl1cks2.com**". (See Exhibit A for a sample of the emails). The "**power-cl1cks2.com**" domain name was registered using a proxy service, WHOISGUARD belonging to NameCheap.com registration service. (See Exhibit B attached hereto for WHOIS report on the domain name registration of power-cl1cks2.com). WHOISGUARD is a service offering private domain name registration that conceals the identity of the registrant. Plaintiff can only discover the ultimate identity of the true sender through a subpoena. (See Exhibit C attached hereto for Advertisements for WHOISGUARD and its *Civil Subpoena Policy*.) However, Plaintiff believes that the sender of the emails identified themselves in the postal opt-out portion of the emails as "All In, LLC 1325 Seven Springs Blvd New Port Richey, FL 34655". (See Exhibit A and the email "Postal opt-out" at the bottom of the email).

4.    In registering the domain name "**power-cl1cks2.com**", the registrant agreed to the NameCheap.com Registration Agreement. (See Exhibit "D" attached hereto) Under the paragraph titled "YOUR REPRESENTATIONS & WARRANTIES" the registrant agrees to the following term:

> You also warrant that neither the WG Services nor WG Domain(s) will not be used in connection with any illegal or morally objectionable activity (as defined below in section 5), or, in connection with the transmission of unsolicited commercial email ("Spam").

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF     2

WG Service refers to the WhoisGuard Service, see paragraph 21 of the Registration Agreement, as provided by NameCheap.com.

As the sender sent commercial emails that were not solicited then the sender is in violation of the Registration Agreement and therefore has made false representations to obtain the domain name "**power-cl1cks2.com**".

5.  An investigation of the source IP addresses for these emails indicates that they were sent from servers leased or owned by Master Internet s.r.o. in the Czech Republic. See Exhibit "E" attached hereto. Master Internet s.r.o. is an internet provider in the Czech Republic. However, **power-cl1cks2.com** is registered in the U.S. with NameCheap.com in Westchester, California. While this is not proof that the source IP address was falsified, it does raise the question of why a company in Florida, **All In, LLC**, would register a domain in California, and then send emails from a computer in the Czech Republic.

6.  Therefore, there is good evidence to support Plaintiff's allegation that **ALL IN, LLC** is the sender of the emails and that the email headers are false.

7.  Defendants have purposely availed themselves of the privileges of conducting activities in the forum, the emails are the subject of the action, and exercise of jurisdiction is reasonable since Defendants should have known that they would be subject to the jurisdiction and laws of the forum when commercial emails were sent to email accounts at a Northern California Internet Access Provider. *Aitken v. Communications Workers of America*, 496 F.Supp.2d 653 at 659 (E.D.Va.,2007); *Verizon Online Services, Inc. v. Ralsky*, 203 F.Supp.2d 601 at 611 - 620 (E.D.Va.,2002); and *Internet Doorway, Inc. v. Parks*, 138 F.Supp.2d 773 at 779 - 780 (S.D.Miss.,2001). Therefore, Plaintiff has factual support and good reason to believe the emails were sent by Defendant **ALL IN, LLC,** and the court has specific personal jurisdiction over the Defendants.

8.  Venue is proper in this Court pursuant to **28 *U.S.C.* § 1391(b)** and is founded on the fact that a substantial part of the unlawful actions of the defendants occurred in this judicial district.

///

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF    3

## FACTUAL ALLEGATIONS

9. Plaintiff is informed and believes and therefore alleges that Defendant **ALL IN, LLC,** is a Florida Limited Liability Company, with an address of 1324 Seven Springs Blvd., New Port Richey, FL 34655, and registered with the Secretary of State of Florida to do business in Florida with agent for service in Florida. (see Exhibit "F").

10. Plaintiff is informed and believes and therefore alleges that Defendants **POWER-CL1CKS2.COM** is an alias, agent, service mark, brand name, or domain name for Defendant **ALL IN, LLC.**

11. Plaintiff **ASIS INTERNET SERVICES (hereafter "ASIS)** does not know the true names and capacities of defendants **ALL IN, LLC, dba POWER-CL1CKS2.COM, and DOES ONE through FIFTY, inclusive,,** their business capacities, their ownership connection to the business(es), nor their relative responsibilities in causing the *CAN-SPAM Act of 2003* and other violations herein complained of, and alleges a joint venture and common enterprise by all such defendants. Plaintiff is informed and believes and therefore alleges that each of the defendants herein, including DOES ONE to FIFTY, inclusive, is the agent, ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee, joint venturer, partner, and associate, or such similar capacity, of each of the other defendants, and was at all times acting and performing, or failing to act or perform, with the authorization, consent, permission or ratification of each of the other defendants, and is responsible in some manner for the acts and omissions of the other defendants in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described. Plaintiff will seek leave to amend this Complaint when the true names, capacities, connections and responsibilities of defendants **ALL IN, LLC, dba POWER-CL1CKS2.COM, and DOES ONE through FIFTY, inclusive**, are ascertained.

12. Plaintiff is informed and believes and alleges that all named defendants, including **DOES ONE to FIFTY, inclusive**, conspired to commit the acts described herein, or alternatively, aided and abetted one another in the performance of the wrongful acts hereinafter alleged.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF    4

13.     Plaintiff **ASIS** is a California corporation registered to do business in California and is located in Garberville, California. **ASIS** provides Internet access service within the meaning of **15 U.S.C. § 7702(11)**.

14.     Plaintiff alleges that Defendants sent or caused to have sent **981** commercial electronic mail messages from **March 8, 2007, through September 3, 2007**, to Plaintiff's server, a protected computer, containing, and/or accompanied by, header information that was materially false or materially misleading.

15.     Plaintiff states that the email accounts that the **981** commercial emails were sent to did not solicit the emails. These emails were unsolicited because they were sent to unassigned or inactive email accounts owned by **ASIS**. **ASIS** did not solicit any product, service, or information from any entity using these email accounts.

16.     Plaintiff is informed and believes and therefore alleges that Defendants used a harvest and directory attack to acquire Plaintiff's and Plaintiff's customers email accounts to send **981** commercial electronic mail messages to a Plaintiff's protected computer. All of the email accounts receiving the emails are not active and belong to Plaintiff **ASIS**. Since **ASIS** or its customers did not actively use these email accounts, they could only have been discovered by directory harvest or other illegal means.

17.     Plaintiff is informed and believes and therefore alleges that Defendants used an automated creation of multiple email accounts to send **981** commercial electronic mail messages to a Plaintiff's protected computer. Each of the emails was sent from an email account using the advertiser of the emails name as the first portion of the email account name, followed by the primary domain name of "**power-cl1cks2.com**". (See Exhibit A for samples). This indicates the email accounts were generated programmatically using a database of information containing the advertisers identities.

### FIRST CAUSE OF ACTION
(Violation of CAN-SPAM Act of 2003 – 15 *U.S.C.* §7704(a)(1),
and 15 *U.S.C.* §7704(b)(1) and (2))

18.     Plaintiff refers to the allegations of the preceding paragraphs of this complaint, and incorporates the same herein by this reference as though set forth in full.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF     5

19. On **May 10, 2007, through September 4, 2007**, Plaintiff received **981** commercial electronic mail messages from defendants to its mail server located in California that violated the ***CAN-SPAM Act of 2003***.

20. Plaintiff alleges that all of the relevant electronic mails sent by the Defendants on **May 10, 2007, through September 4, 2007**, contained or were accompanied by header information that was materially false or materially misleading. Each of these **981** messages indicated that they were from email accounts such as "Netcash," "MILF Link," "Wild Lipz," or various other unknown identities. These false email names resolved into emails sent by various person or persons unknown (e,g, Netcash to netcash@power-cl1cks2.com, MILF Link to genrewards@power-cl1cks2.com, and Wild Lipz to genx1@power-cl1cks2.com). See sample emails and source code in Exhibit "A" attached hereto. (Note that all receiving email accounts have been redacted, while these email all represent inactive email accounts they are still the property of **ASIS Internet Services** and are protected by **ASIS**'s corporate privilege.) A WHOIS check of the domain name registration for **power-cl1cks2.com** indicates that the domain name was registered under a protection service. The true registrant for **power-cl1cks2.com** cannot be determined without a subpoena. See Exhibit "C" attached hereto. Plaintiff has reviewed the Domain Name registration for all of the emails received as **power-cl1cks2.com** and determined that it is registered under a service that conceals the true identity of the domain name registrant through a proxy service. See the WHOIS report for **power-cl1cks2.com** in Exhibit "B." **15 *U.S.C.* §7704(a)(1)(A)** states:

> "(A) header information that is technically accurate but includes an originating electronic mail address, domain name, or Internet Protocol address the access to which for purposes of initiating the message was obtained by means of false or fraudulent pretenses or representations shall be considered materially misleading.

**15 *U.S.C.* §7704(a)(6)** states:

> "the term "materially", when used with respect to false or misleading header information, includes the alteration or concealment of header information in a manner that would impair the ability of an Internet access service processing the message on behalf of a recipient, a person alleging a violation of this section, or a law enforcement agency to identify, locate, or respond to a

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF    6

person who initiated the electronic mail message or to investigate the alleged violation..."

Therefore, since false information was used to generate the domain names and/or domain names were concealed from investigation through a proxy services the electronic mail messages violated **15 U.S.C. §7704(a)(1)(A)**.

21.  Plaintiff further alleges that it received **981** separate items of electronic mail from the Defendants to email addresses that were inactive and did not solicit email correspondence.

22.  Plaintiff is informed and believes and therefore alleges that the Defendants sent or had sent **981** separate items of electronic mail to Plaintiff's computer that were acquired as the result of a directory harvest. Said conduct was in violation of **15 U.S.C. §7704(b)(1)**.

23.  Plaintiff is informed and believes and therefore alleges that the defendants sent or had sent **981** separate items of electronic mail to the plaintiff, from addresses that were acquired by the use of automated tools or scripts. Said conduct was in violation of **15 U.S.C. §7704(b)(2)**.

24.  As a proximate result of said unlawful conduct by said Defendants, Plaintiff is entitled to statutory damages in the amount of up to $100.00 per email in the case of violation of **15 U.S.C. §7704(a)(1)** in the form of statutory damages as set forth in **15 U.S.C. §7706(g)(1)(B)(ii) and (3)(A)(i)**.

25.  As a proximate result of said unlawful conduct by said defendants, Plaintiff is entitled to treble all statutory damages as a result of violation of any section of **15 U.S.C. §7704(b)** as set forth in **15 U.S.C. §7706(g)(1)(C)**.

26.  Plaintiff furthermore seeks a preliminary and permanent injunction against the defendants for their current and future violations of the **CAN-SPAM Act of 2003** as Plaintiff and members of the general public will continue to incur damages as a result of the unlawful conduct of said defendants. The seeking of injunctive relief by the plaintiff is specifically authorized by **15 U.S.C. §7706(g)(1)(A)**.

27.  Plaintiff furthermore seeks its attorney fees and costs against the defendants pursuant to **15 U.S.C. §7706(g)(4)**.

**WHEREFORE**, plaintiff prays judgment against the defendants and each of them as

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF · 7

follows:

1. For statutory damages of up to $100.00 for each violation of **15 U.S.C. §7704(a)(1)** in the sum of **$98,100**;

2. For aggravated damages under **15 U.S.C. §7706(g)(1)(C)** of up to three times the amount above for these violations committed by the defendants' violations of **15 U.S.C. §7704(b)** in the sum of **$294,300**;

3. For a preliminary and permanent injunction preventing the defendants and all persons acting in concert with them from the violation of the **Can-Spam Act of 2003**;

4. For an award of reasonable attorneys' fees and costs according to proof;

5. For costs of suit; and

6. For such other and further relief as this Courts deems just and proper.

**SINGLETON LAW GROUP**

Dated:  November 7, 2007

/s/ Jason K. Singleton
Jason K. Singleton
Richard E. Grabowski,
Attorneys for Plaintiff, **ASIS INTERNET SERVICES**

### REQUEST FOR JURY TRIAL

Plaintiff hereby requests a jury for all claims for which a jury is permitted.

**SINGLETON LAW GROUP**

Dated:  November 7, 2007

/s/ Jason K. Singleton
Jason K. Singleton
Richard E. Grabowski
Attorneys for Plaintiff, **ASIS INTERNET SERVICES**