# EXHIBIT E

1  Jason K. Singleton, State Bar #166170
   jason@singletonlawgroup.com
2  Richard E. Grabowski, State Bar #236207
   rgrabowski@mckinleyville.net
3  SINGLETON LAW GROUP
   611 "L" Street, Suite A
4  Eureka, CA 95501

5  (707) 441-1177
   FAX  441-1533

6  Attorneys for Plaintiff, ASIS INTERNET SERVICES

7

8                          UNITED STATES DISTRICT COURT

9                         NORTHERN DISTRICT OF CALIFORNIA

10 ASIS INTERNET SERVICES, a California      ) Case No. CV-08-1321 EMC
11 corporation                                )
                                              )
12         Plaintiff,                         ) COMPLAINT FOR DAMAGES AND
   vs.                                        ) INJUNCTIVE RELIEF – VIOLATION OF
13                                            ) CAN-SPAM ACT OF 2003 [15 *U.S.C.*
                                              ) §7701, *et seq.*] AND CALIFORNIA
14 MEMBER SOURCE MEDIA, LLC, a California     ) BUSINESS & PROFESSIONS CODE
   limited liability company, dba PREMIUM     ) §17529.5
15 PERKS (aka PREMIUMPERKS.COM),              )
   also dba ONLINE REWARD GROUP (aka          ) DEMAND FOR JURY TRIAL
16 ONLINEREWARDGROUP.COM), also dba           )
   FREE RETAIL REWARDS (aka                   )
17 FREERETAILREWARDS.COM), also dba           )
   GREAT AMERICAN GIVEAWAYS (aka              )
18 GREATAMERICANGIVEAWAYS.COM), also          )
   dba CONSUMER GAIN (aka                     )
19 CONSUMERGAIN.COM), and DOES ONE            )
   through FIFTY, inclusive,                  )
20                                            )
           Defendants.                        )
21                                            )
22 ─────────────────────────────────────

23     Plaintiff **ASIS INTERNET SERVICES, a California corporation,** and a provider of
24 Internet Access, complains of Defendants **MEMBER SOURCE MEDIA, LLC, a California**
25 limited liability company, dba **PREMIUM PERKS** (aka **PREMIUMPERKS.COM**), also dba
26 **ONLINE REWARD GROUP** (aka **ONLINEREWARDGROUP.COM**), also dba **FREE RETAIL**
27 **REWARDS** (aka **FREERETAILREWARDS.COM**), also dba **GREAT AMERICAN**
28 **GIVEAWAYS** (aka **GREATAMERICANGIVEAWAYS.COM**), also dba **CONSUMER GAIN**

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF     1

1 (aka CONSUMERGAIN.COM), and DOES ONE through FIFTY, inclusive, and alleges violations of **CAN-SPAM Act, 15 U.S.C. §7704(a) and (b)** and **California Business and Professions Code §17529.5(a)** and requests injunctive relief, liquidated damages, statutory damages, aggravated damages, and attorney fees authorized as remedies under **15 U.S.C. §7706(g)** and **California Business and Professions Code § 17529.5(b)(1)(B)**.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction of this action pursuant to **28 U.S.C. §1331** for violations of the **CAN-SPAM Act of 2003 (15 U.S.C. §§7701 et seq.)**. This Court also has original jurisdiction under **15 U.S.C. §7706(g)(1)** for cases involving a civil action by an **internet access provider** adversely affected by a violation of section **15 U.S.C. §7704(a)(1), 15 U.S.C. §7704(b), or 15 U.S.C. §7704(d)**, or a pattern or practice that violates paragraphs **(2), (3), (4), or (5) of 15 U.S.C. §7704(a)**. Pursuant to pendent jurisdiction, attendant and related causes of action, arising from the same facts, are also brought under California law, including, but not limited to, violations of **California Business & Professions Code §17529.5**.

2. This Court has personal jurisdiction over Defendant **MEMBER SOURCE MEDIA, LLC,** (hereinafter **"MSM"**) which maintains offices at 1322 Maple Street, San Mateo, California, according to representations made to the Secretary of State of California. The Secretary of State of California also lists an agent for service for **MEMBER SOURCE MEDIA, LLC,** in California. The other **dba's** named in this suit are copyrighted brand names owned by **MEMBER SOURCE MEDIA, LLC.** (See **Exhibit "A,"** California Secretary of State Business Portal Report, and **Exhibit "B,"** Terms and Conditions from each of the websites for the Brand Names stating that they are owned by **MEMBER SOURCE MEDIA, LLC**). Therefore, the court has personal jurisdiction pursuant to physical presence of the Defendant within the court's territorial jurisdiction. *Burnham v. Sup.Ct.*, 495 US at 610–611, (1990).

3. Venue is proper in this Court pursuant to **28 U.S.C. §1391(b)** and is founded on the fact that a substantial part of the unlawful actions of the defendants occurred in this judicial district, that is the emails were sent to an Email and Internet Access Provider in Garberville, California.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF    2

# FACTUAL ALLEGATIONS

4. Plaintiff is informed and believes and therefore alleges that Defendant **MSM** is a California Limited Liability Company. (see **Exhibit "A"**) Defendant **MSM** is believed to be a limited liability company or the agent of a limited liability company or partnership providing internet marketing services to retailers selling to residents of the United States and California over the internet.

5. Plaintiff is informed and believes and therefore alleges that Defendants **PREMIUM PERKS (aka PREMIUMPERKS.COM), also dba ONLINE REWARD GROUP (aka ONLINEREWARDGROUP.COM), also dba FREE RETAIL REWARDS (aka FREERETAILREWARDS.COM), also dba GREAT AMERICAN GIVEAWAYS (aka GREATAMERICANGIVEAWAYS.COM), also dba CONSUMER GAIN (aka CONSUMERGAIN.COM),** are aliases or agents for Defendants **MSM, LLC.** (See **Exhibit "B"** – Terms and Conditions from various web sites stating the relationship between the parties).

6. Plaintiff **ASIS INTERNET SERVICES (hereafter "ASIS")** does not know the true names and capacities of Defendants **MSM and DOES ONE to FIFTY, inclusive**, their business capacities, their ownership connection to the business(es), nor their relative responsibilities in causing the *CAN-SPAM Act of 2003* and other violations herein complained of, and alleges, on information and belief, a joint venture and common enterprise by all such defendants. Plaintiff is informed and believes that each of the defendants herein, including DOES ONE to FIFTY, inclusive, is the agent, ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee, joint venturer, partner, and associate, or such similar capacity, of each of the other defendants, and was at all times acting and performing, or failing to act or perform, with the authorization, consent, permission or ratification of each of the other defendants, and is responsible in some manner for the acts and omissions of the other defendants in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described. Plaintiff will seek leave to amend this Complaint when the true names, capacities, connections and responsibilities of defendants **MSM and DOES ONE to FIFTY, inclusive,** are

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF   3

1 ascertained.

2  7.  Plaintiff is informed and believes and therefore alleges that all named defendants, including **DOES ONE to FIFTY, inclusive**, conspired to commit the acts described herein, or alternatively, aided and abetted one another in the performance of the wrongful acts hereinafter alleged.

6  8.  Plaintiff **ASIS** is a California corporation registered to do business in California and is located in Garberville, California. **ASIS** provides Internet access service within the meaning of **15 U.S.C. §7702(11)** and email service within the meaning of *California Business & Professions Code §17529.5*.

10  9.  Plaintiff alleges that Defendants sent or caused to have sent **5006** commercial electronic mail messages from **March 3, 2006, through January 21, 2008**, to Plaintiff **ASIS'** servers, protected computers, containing, and/or accompanied by, header information that was materially false or materially misleading.

14  10.  Plaintiff received Defendant's emails and Plaintiff has suffered adverse affect from the sending and receipt of Defendant's emails. Plaintiff's web site has a clear notice that misuse of its resources is prohibited:

> "ASIS provides the use of its equipment and services for the exclusive use of its subscribing customers. ASIS prohibits the use of its equipment and services by anyone other than its subscribing customers for any purpose unless specifically authorized by ASIS in writing. ASIS specifically prohibits the use of its equipment and services, including but not limited to mail servers, for delivery, transmission, or re-transmission of unsolicited commercial emails (UCE) or unsolicited bulk emails (UBE)."

See **ASIS' Acceptable Use Policy** at www.asis.com.

23  11.  Plaintiff alleges that Defendants sent or caused to have sent **5006** commercial electronic mail messages from **March 3, 2006, through January 21, 2008**, to Plaintiff **ASIS'** servers with a subject line that a person would know would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents and subject matter of the message.

28  12.  Plaintiff states that the email accounts that the **5006** commercial emails sent to

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF    4

ASIS accounts did not solicit the emails. These emails were unsolicited because they were sent to unassigned or inactive email accounts owned by ASIS. ASIS did not solicit any product, service, or information from any entity using these email accounts.

13. Plaintiff ASIS alleges that Defendants sent or caused to have sent 5006 unsolicited e-mail advertisements containing and/or accompanied by falsified, misrepresented, or forged header information.

14. Plaintiff ASIS alleges that Defendants sent or caused to have sent 5006 unsolicited e-mail advertisements containing and/or accompanied by misleading subject lines.

15. Plaintiff alleges that Defendants used a harvest and directory attack to acquire Plaintiff's and Plaintiff's customers email accounts to send 5006 commercial electronic mail messages to Plaintiff's protected computers. Many of the email accounts receiving the emails have not been active for several years.

16. Plaintiff alleges that Defendants used an automated creation of multiple email accounts to send 5006 commercial electronic mail messages to Plaintiff's protected computers.

## FIRST CAUSE OF ACTION
(Violation of CAN-SPAM Act of 2003 – 15 *U.S.C.* §7704(a)(1) and (2), and 15 *U.S.C.* §7704(b)(1) and (2))

17. Plaintiff refers to the allegations of the preceding paragraphs of this complaint, and incorporates the same herein by this reference as though set forth in full.

18. On **March 3, 2006, through January 21, 2008**, Plaintiff ASIS received 5006 commercial electronic mail messages from defendants to its mail server located in California that violated the *CAN-SPAM Act of 2003*.

19. Plaintiff alleges that all of the relevant electronic mails sent by or on behalf of the Defendants on **March 3, 2006, through January 21, 2008**, contained or were accompanied by header information that was materially false or materially misleading. Each of these 5006 messages indicated that they were from email accounts from domain names such as greenthe.com, consumerbargrewards.com, and innocenttruthrevealed.com. See **Exhibit "C"** for a complete list of the sending domain names at issue in this action. See sample emails

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF    5

1  and source codes in **Exhibit "D"** attached hereto.  (Note that all receiving email accounts have
2  been redacted, while these email all represent inactive email accounts they are still the
3  property of **ASIS** and are protected by Plaintiff's corporate privileges.)  A WHOIS check of the
4  domain name registration for the sender of all of the emails indicates that the domain names
5  were registered using a privacy or proxy service. See **Exhibit "E."**  The true registrant for the
6  sender of all of the emails cannot be determined without a subpoena.  Plaintiff has reviewed
7  the Domain Name registration for all of the sending Domain Names and determined that all of
8  the emails were sent using email accounts registered to domain names that are registered
9  under services that conceal the true identity of the domain name registrant through a proxy
10 service or privacy service.   Also see the domain name privacy/proxy service registration
11 agreements in **Exhibit "F."**

12     **15 *U.S.C.* §7704(a)(1)(A)** states:

13     "(A) header information that is technically accurate but includes an
    originating electronic mail address, domain name, or Internet
14     Protocol address the access to which for purposes of initiating the
    message was obtained by means of false or fraudulent pretenses
15     or representations shall be considered materially misleading."

16     **15 *U.S.C.* §7704(a)(6)** states:

17     "the term "materially" when used with respect to false or misleading
    header information, includes the alteration or concealment of
18     header information in a manner that would impair the ability of an
    Internet access service processing the message on behalf of a
19     recipient, a person alleging a violation of this section, or a law
    enforcement agency to identify, locate, or respond to a person who
20     initiated the electronic mail message or to investigate the alleged
21     violation…"

22     The registration agreements for the proxy/privacy services prohibit the use of domain
23 names registered in this manner to send bulk commercial emails.  Therefore, since false
24 information was used to generate the domain names and/or domain names were concealed
25 from investigation through proxy/privacy services the electronic mail messages violated **15
26 *U.S.C.* §7704(a)(1)(A)**.
27     20.    Further an investigation of the IP addresses used to send the emails, indicate
28 that at least **1856** of the emails were sent from IP addresses that were obtained through false

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF    6

representations. These emails were sent from a mail servers residing on network IP address block 72.46.135.128 - 72.46.135.159. Registration for this block of IP addresses is to R & D Technologies, LLC, of Las Vegas, Nevada. R&D Technologies is a well known hosting site selling computer services. This block of IP addresses was sub-leased to Frank Peters, 636 NW 39th Ave, Deerfield Beach, Florida, 33442. See **Exhibit "G"** consisting of WHOIS reports for the IP address. Plaintiff's investigations indicate that there is no Frank Peters at this address and that the property belongs to "Richard J. Rausch" aka RJR Consulting, Inc. See **Exhibit "H,"** Florida Secretary of State Report Corporation Report. Therefore these emails contain IP addresses obtained with false representations and are in violation of **15 U.S.C. §7704(a)(1)(A)**.

21.   Plaintiff further alleges that the Defendants sent or had sent **5006** separate items of electronic mail to Plaintiff's computers that include advertisements with a subject line that a person would know would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents and subject matter of the message. **15 U.S.C. §7704(a)(2)(1)** defines two methods for determining if a subject line is misleading: "1) if such person has actual knowledge," or 2) "knowledge fairly implied on the basis of objective circumstances." Plaintiff alleges that the "circumstances" required are plainly visible in the actual subject lines of the emails. Defendants advertise and market their offers through email and Web-based ads. **5006** of the emails received by Plaintiff contain statements such as "WAL*MART(R) 500 Dollar Gift Card Inside," "Second Attempt: $500 Target Gift Card Inside," "Get Babies Clothes on us, when participating in our program," and "Second Attempt: Victoria's Secret (R) Gift Card Inside" in the subject lines. See **Exhibit "I"** for a complete list of the email subject lines. No gift card was contained in the email, only an advertisement and links to Defendant's web sites. The email subject lines received by Plaintiff were clearly intended to get someone to open the email by enticing them with free gifts. See **Exhibit "D"** for sample emails. (Note that all receiving email accounts have been redacted, while these email all represent inactive email accounts they are still the property of **ASIS** and are protected by corporate privilege.)

22.   15 U.S.C. 7704(a)(2) states that a violation is proper if consistent with 15 U.S.C. 45. 15 U.S.C. 45 is titled "Unfair methods of competition unlawful; prevention by Commission," and enables the Federal Trade Commission to issue orders regarding unfair trade practices. 15 U.S.C. 45(d) provides that the orders of the Commission are exclusive unless overturned by the United States Court of Appeals.  The FTC has issued 16 CFR part 251, "Guide concerning use of the word 'free' and similar representations."  16 CFR Part 251 states that the terms of the offer should be set out clearly and conspicuously at the outset of the offer so that no misunderstanding can occur. Most of the emails subject lines represent that the recipient has received a free gift. For example the email with the subject line "Second Attempt: Macy's 500 Dollar Gift Card Inside" further states in the body of the email "You have been chosen to receive a FREE $500 Macy's Gift Card." The web sites that the email recipient is directed to contain extensive terms and conditions that require the recipient to provide personal information and their agreement to take several "sponsor offers."  See **Exhibit "B"** for the Terms and Conditions, see **Exhibit "J"** for printouts of the Defendant's website for the "Macy's 500 Dollar Gift Card." Only by going to Defendant's web sites can the recipient find out what the terms and conditions are for the supposedly free gifts. This evidence indicates and Plaintiff alleges that the subject lines and advertisements contained in the emails are in violation of 16 CFR Part 251 and therefore also in violation of **15 U.S.C. §7704(a)(2)**.

23.   Plaintiff further alleges that the Defendants sent **5006** separate items of electronic mail to plaintiff's computer that include statements in the body of the emails stating that they are email messages from **PREMIUM PERKS (aka PREMIUMPERKS.COM), also dba ONLINE REWARD GROUP (aka ONLINEREWARDGROUP.COM), also dba FREE RETAIL REWARDS (aka FREERETAILREWARDS.COM), also dba GREAT AMERICAN GIVEAWAYS (aka GREATAMERICANGIVEAWAYS.COM), also dba CONSUMER GAIN (aka CONSUMERGAIN.COM)**. Uniform Resource Locators (hereafter URLs) contained in the emails directed the recipient to websites of **PREMIUM PERKS (aka PREMIUMPERKS.COM), also dba ONLINE REWARD GROUP (aka ONLINEREWARDGROUP.COM), also dba FREE RETAIL REWARDS (aka FREERETAILREWARDS.COM), also dba GREAT AMERICAN**

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF   8

1  **GIVEAWAYS (aka GREATAMERICANGIVEAWAYS.COM), also dba CONSUMER GAIN
2  (aka CONSUMERGAIN.COM).** Plaintiff alleges that these entities, trademarks, and websites
3  are owned by **MSM**.

4  24. Plaintiff further alleges that they received **5006** of separate items of electronic
5  mail from the Defendants to email addresses that had not existed for the prior year and had
6  not requested or agreed to accept any solicitations.

7  25. Plaintiff further alleges that the Defendants sent or had sent **5006** separate items
8  of electronic mail to Plaintiff's computers that were acquired as the result of a directory harvest.
9  Said conduct was in violation of **15 U.S.C. §7704(b)(1)**.

10  26. Plaintiff further alleges that the defendants sent or had sent **5006** separate items
11  of electronic mail to plaintiff from addresses that were acquired by the use of automated tools
12  or scripts. Said conduct was in violation of **15 U.S.C. §7704(b)(2)**.

13  27. As a proximate result of said unlawful conduct by said Defendants, Plaintiff is
14  entitled to statutory damages in the amount of up to $100.00 per email in the case of violation
15  of **15 U.S.C. §7704(a)(1)** and up to $25.00 per email in the case of each violation of
16  subsections **15 U.S.C. §7704(a)(2)** in the form of statutory damages as set forth in **15 U.S.C.**
17  **§7706(g)(1)(B)(ii) and (3)(A)(i) and (ii)**.

18  28. As a proximate result of said unlawful conduct by said defendants, Plaintiff is
19  entitled to treble all statutory damages as a result of violation of any section of **15 U.S.C.**
20  **§7704(b)** as set forth in **15 U.S.C. §7706(g)(1)(C)**.

21  29. Plaintiff furthermore seeks a preliminary and permanent injunction against the
22  defendants for its current and future violations of the **CAN-SPAM Act of 2003** as Plaintiff and
23  members of the general public will continue to incur damages as a result of the unlawful
24  conduct of said defendants. The seeking of injunctive relief by plaintiff is specifically
25  authorized by **15 U.S.C. §7706(g)(1)(A)**.

26  30. Plaintiff furthermore seeks its attorney fees and costs against the defendants
27  pursuant to **15 U.S.C. §7706(g)(4)**.

28  ///

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF      9

## SECOND CAUSE OF ACTION
(Violation of *California Business and Professions Code* §17529.5
Unlawful activities relating to commercial email advertisements.)

31.  Plaintiff hereby incorporates by reference the preceding paragraphs, inclusive, as if the same were fully set forth herein.

32.  Plaintiff alleges that all of the relevant electronic mail advertisements sent by or on behalf of the Defendants on **March 3, 2006, through January 21, 2008**, contained or were accompanied by header information that was materially false or materially misleading. Each of these **5006** messages indicated that they were from email accounts from domain names such as greenthe.com, consumerbargrewards.com, and innocenttruthrevealed.com. See **Exhibit "C"** for a complete list of the domain names at issue in this action. See sample emails and source codes in **Exhibit "D"** attached hereto. (Note that all receiving email accounts have been redacted, while these email all represent inactive email accounts they are still the property of **ASIS** and are protected by Plaintiff's corporate privileges.) A WHOIS check of the domain name registration for the sender of all of the emails indicates that the domain names were registered using a privacy or proxy service. See **Exhibit "E."** The true registrant for the sender of all of the emails cannot be determined without a subpoena. Plaintiff has reviewed the Domain Name registration for all of the sending Domain Names and determined that all of the emails were sent using email accounts registered to domain names that are registered under services that conceal the true identity of the domain name registrant through a proxy service or privacy service.

33.  Further an investigation of the IP addresses used to send the emails, indicate that at least **1856** of the emails were sent from IP addresses that were obtained through false representations. These emails were sent from a mail servers residing on network IP address block 72.46.135.128 - 72.46.135.159. Registration for this block of IP addresses is to R & D Technologies, LLC, of Las Vegas, Nevada. R&D Technologies is a well known hosting site selling computer services. This block of IP addresses was sub-leased to Frank Peters, 636 NW 39th Ave, Deerfield Beach, Florida, 33442. See **Exhibit "G"** consisting of WHOIS reports for the IP address. Plaintiff's investigations indicate that there is no Frank Peters at this

1  address and that the property belongs to "Richard J. Rausch" aka RJR Consulting, Inc. See
2  **Exhibit "H,"** Florida Secretary of State Report Corporation Report.
3      34.    Therefore, the electronic mail advertisements violated **California Business and**
4  **Professions Code § 17529.5(a)(2)**.
5      35.    Plaintiff further alleges that the Defendants sent **5006** separate unsolicited
6  electronic mail advertisements to plaintiff's computers that include various subject lines that
7  were false and misleading and would be likely to mislead a recipient, acting reasonably under
8  the circumstances, about a material fact regarding the contents or subject matter of the
9  message in violation of **California Business and Professions Code § 17529.5(a)(3)**. Plaintiff
10 alleges that the "circumstances" required are plainly visible in the actual subject lines of the
11 emails. The email subject lines received by Plaintiff were clearly intended to get someone to
12 open the email by enticing them with free gifts such as: "WAL*MART(R) 500 Dollar Gift Card
13 Inside," "Second Attempt: $500 Target Gift Card Inside," "Get Babies Clothes on us, when
14 participating in our program," and "Second Attempt: Victoria's Secret (R) Gift Card Inside" in
15 the subject lines. See **Exhibit "I"** for a complete list of the email subject lines. No gift card
16 was contained in the email, only an advertisement and a link Defendant's web sites. The email
17 subject lines received by Plaintiff were clearly intended to get someone to open the email by
18 enticing them with free gifts. See **Exhibit "D"** for sample emails. (Note that all receiving
19 email accounts have been redacted, while these email all represent inactive email accounts
20 they are still the property of **ASIS** and are protected by corporate privilege.)
21     36.    As a proximate result of said unlawful conduct by said Defendants, Plaintiff is
22 entitled to liquidated damages in the amount of $1,000.00 for each unsolicited commercial
23 email transmitted in violation of **California Business and Professions Code § 17529.5(a)** as
24 set forth in **California Business and Professions Code § 17529.5(b)(1)(B)(ii)**.
25     37.    Plaintiff furthermore seeks its attorney fees and costs against the defendants
26 pursuant to **California Business and Professions Code §17529.5(b)(1)(C)**.
27     WHEREFORE, plaintiff prays judgment against the defendants and each of them as
28 follows:

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF    11

1. For statutory damages of up to $100.00 for each violation of **15 U.S.C. §7704(a)(1)** and up to $25.00 in the case of violations of **§7704(a)(2)** in the sum of **$625,750**;

2. For aggravated damages under **15 U.S.C. §7706(g)(1)(C)** of up to three times the amount above for these violations committed by the defendants' violations of **15 U.S.C. §7704(b)** in the sum of **$1,877,250**;

3. For a preliminary and permanent injunction preventing the defendants and all persons acting in concert with them from the violation of the **Can-Spam Act of 2003**;

4. For liquidated damages of $1000.00 for each violation of **California Business and Professions Code § 17529.5(a)** in the sum of **$5,006,000**;

5. For an award of reasonable attorneys' fees and costs according to proof;

6. For costs of suit; and

7. For such other and further relief as this Courts deems just and proper.

**SINGLETON LAW GROUP**

Dated:   March 5, 2008

/s/ Jason K. Singleton
Jason K. Singleton
Richard E. Grabowski, Attorneys for Plaintiff,
**ASIS INTERNET SERVICES**

### REQUEST FOR JURY TRIAL

Plaintiff hereby requests a jury for all claims for which a jury is permitted.

**SINGLETON LAW GROUP**

Dated:   March 5, 2008

/s/ Jason K. Singleton
Jason K. Singleton
Richard E. Grabowski, Attorneys for Plaintiff,
**ASIS INTERNET SERVICES**