# EXHIBIT F

**Jason K. Singleton**, State Bar #166170
jason@singletonlawgroup.com
**Richard E. Grabowski**, State Bar #236207
rgrabowski@mckinleyville.net
**SINGLETON LAW GROUP**
**611 "L" Street, Suite A**
**Eureka, CA 95501**

**(707) 441-1177**
**FAX  441-1533**

**Attorneys for Plaintiff, ASIS INTERNET SERVICES**

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ASIS INTERNET SERVICES, a California corporation** | **Case No. C-08-01566 SC** |
| **Plaintiff,** | |
| vs. | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF – VIOLATION OF CAN-SPAM ACT OF 2003 [15 *U.S.C.* §7701,  *et seq.*] AND CALIFORNIA BUSINESS & PROFESSIONS CODE §17529.5** |
| **PURE ADS, LLC, a Florida Limited Liability Company, dba BEST ONLINE GIFT CENTER (aka BESTONLINEGIFTCENTER.COM), also dba BRAND NAME AMERICA (aka BRANDNAMEAMERICA.COM), also dba BRAND NAME GOODIES (aka BRANDNAMEGOODIES.COM), also dba BRAND NAME REWARDS (aka BRAND NAME REWARDS.COM), also dba BRAND NAME TEST PANEL (aka BRANDNAMETESTPANEL.COM), also dba BRAND SURVEY CENTER (aka BRANDSURVEYCENTER.COM), also dba BRAND SURVEY PORTAL (aka BRANDSURVEYPORTAL.COM), also dba CUSTOMER DIRECT SAVINGS (aka CUSTOMERDIRECTSAVINGS.COM), also dba CUSTOMER ONLINE SAVINGS (aka CUSTOMERONLINESAVINGS.COM), also dba CUSTOMER SURVEY REWARDS (aka CUSTOMERSURVEYREWARDS.COM), also dba NAME BRAND SURVEYS (aka NAMEBRANDSURVEYS.COM), also dba PRIZE REWARD CENTER (aka PRIZEREWARDCENTER.COM), also dba PRIZE REWARD PORTAL (aka** | **DEMAND FOR JURY TRIAL** |

PRIZEREWARDPORTAL.COM), also dba )
PURE GIFT CENTER (aka )
PUREGIFTCENTER.COM), also dba )
SURVEY REWARDS CENTER (aka )
SURVEYREWARDSCENTER.COM), also dba )
THE PERFECT GIFT CENTER (aka )
THEPERFECTGIFTCENTER.COM), also dba )
TOTAL REWARD ZONE (aka )
TOTALREWARDZONE.COM), also dba )
YOUR BIG PRIZE (aka YOURBIGPRIZE.COM), )
and DOES ONE through FIFTY, inclusive, )
)
        Defendants. )
        )

Plaintiff **ASIS INTERNET SERVICES, a California corporation,** and a provider of Internet Access, complains of Defendants **PURE ADS, LLC, a Florida Limited Liability Company,** dba BEST ONLINE GIFT CENTER (aka BESTONLINEGIFTCENTER.COM), also dba BRAND NAME AMERICA (aka BRANDNAMEAMERICA.COM), also dba BRAND NAME GOODIES (aka BRANDNAMEGOODIES.COM), also dba BRAND NAME REWARDS (aka BRANDNAMEREWARDS.COM), also dba BRAND NAME TEST PANEL (aka BRANDNAMETESTPANEL.COM), also dba BRAND SURVEY CENTER (aka BRANDSURVEYCENTER.COM), also dba BRAND SURVEY PORTAL (aka BRANDSURVEYPORTAL.COM), also dba CUSTOMER DIRECT SAVINGS (aka CUSTOMERDIRECTSAVINGS.COM), also dba CUSTOMER ONLINE SAVINGS (aka CUSTOMERONLINESAVINGS.COM), also dba CUSTOMER SURVEY REWARDS (aka CUSTOMERSURVEYREWARDS.COM), also dba NAME BRAND SURVEYS (aka NAMEBRANDSURVEYS.COM), also dba PRIZE REWARD CENTER (aka PRIZEREWARDCENTER.COM), also dba PRIZE REWARD PORTAL (aka PRIZEREWARDPORTAL.COM), also dba PURE GIFT CENTER (aka PUREGIFTCENTER.COM), also dba SURVEY REWARDS CENTER (aka SURVEYREWARDSCENTER.COM), also dba THE PERFECT GIFT CENTER (aka THEPERFECTGIFTCENTER.COM), also dba TOTAL REWARD ZONE (aka TOTALREWARDZONE.COM), also dba YOUR BIG PRIZE (aka YOURBIGPRIZE.COM), and **DOES ONE through FIFTY, inclusive,,** and alleges violations of **CAN-SPAM Act,** 15

1   *U.S.C.* **§7704(a) and (b)** and *California Business and Professions Code* **§17529.5(a)** and

2   requests injunctive relief, liquidated damages, statutory damages, aggravated damages, and

3   attorney fees authorized as remedies under **15 *U.S.C.* §7706(g)** and *California Business and*

4   *Professions Code* **§ 17529.5(b)(1)(B).**

5   <u>**JURISDICTION AND VENUE**</u>

6       1.    This Court has original jurisdiction of this action pursuant to **28 *U.S.C.* §1331** for

7   violations of the ***CAN-SPAM Act of 2003* (15 *U.S.C.* §§7701 et seq.).**  This Court also has

8   original jurisdiction under **15 *U.S.C.* §7706(g)(1)** for cases involving a civil action by an

9   **internet access provider** adversely affected by a violation of section **15 *U.S.C.* §7704(a)(1),**

10   **15 *U.S.C.* §7704(b), or 15 *U.S.C.* §7704(d)**, or a pattern or practice that violates paragraphs

11   **(2), (3), (4), or (5) of 15 *U.S.C.* §7704(a).**  Pursuant to pendent jurisdiction, attendant and

12   related causes of action, arising from the same facts, are also brought under California law,

13   including, but not limited to, violations of *California Business & Professions Code* **§17529.5.**

14       2.    This Court has personal jurisdiction over Defendant **PURE ADS, LLC,**

15   (hereinafter **"PURE ADS"**) which maintains offices at 1730 Federal Highway, Suite #345,

16   Delray Beach, Florida 33483, according to representations made to the Secretary of State of

17   Florida (See **Exhibit "A,"** Florida Secretary of State Business Portal Report).  Plaintiff alleges

18   on good cause and belief that the other **dba's** named in this suit are copyrighted brand names

19   owned by **PURE ADS.**  Therefore, the court has personal jurisdiction pursuant to physical

20   presence of the Defendant within the court's territorial jurisdiction. *Burnham v. Sup.Ct.*, 495

21   US at 610–611, (1990).

22       3.    Plaintiff received **5360** emails containing advertisements for **PURE ADS** and their

23   marketing brands as named in this suit.  **4668** of these emails contain the address of **PURE**

24   **ADS** at 1730 FEDERAL HIGHWAY, SUITE #345, DELRAY BEACH FL 33483, in the body of

25   the emails. (See **Exhibit "B,"** for samples of the emails containing the **PURE ADS** address.)

26   Each emails refers to the Delray Beach address and that of one of the brand names identified

27   as belonging to **PURE ADS.** URL links within the emails direct the recipient to sites named as

28   the brands for **PURE ADS.** (See **Exhibit "B"** for sample emails and **Exhibit "C"** for printed

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF    3

1   versions of the brand name web sites.)

2        4.    The WHOIS information for each of the brand names indicates that the sites are

3   registered using a privacy protection service, and the identity of the true owners is available

4   only by issuing a subpoena.  However, a check of the IP addresses for these sites indicates

5   that **PURE ADS** is the customer for IP addresses for these brand web sites.  (See **Exhibit "D"**

6   for the WHOIS reports for the brand web sites and the associated IP addresses.)

7        5.    Plaintiff alleges on good cause and belief that Defendant has contracted with

8   California companies to send the emails complained of herein.  The emails contain the names

9   and addresses of four California businesses that Defendant has apparently contracted with to

10   send part of the subject emails:

11        Fan Bll Inc / Media Time
12        ECM #46527
            PO Box 515381
13        Los Angeles, CA 90051-6681

14        Adtrack Marketing
            100 E. San Marcos Blvd. Suite 370
15        San Marcos, CA 92069

16        Griffith Park Media
            4209 Santa Monica Blvd. Suite 100
17        Los Angeles, CA 90029

18        Software Innovations Inc.
            160 W. Foothill Pkwy, Suite 105-20
19        Corona, CA  92882

20   (See **Exhibit "E"** for sample emails supposedly from these California Companies).

21        6.    Therefore, Defendant has created continuous and ongoing business

22   relationships with businesses in California, the forum state, through these contracts.  In

23   addition, the emails themselves contemplate the creation of an additional ongoing business

24   relationship with the residents of California to whom the emails were sent in the form of a

25   contract.  This relationship is established by the recipient going to **PURE ADS** brand web sites,

26   providing information, agreeing to the terms and conditions at the web sites, and agreeing to

27   sign up for sponsor offers in order to receive prizes or gifts.  This represents a contractual

28   relationship between the advertiser (offeror, **PURE ADS***), the email recipient (acceptor), and

1   compensation (recipient information and acceptance of sponsor offers for awards).  Therefore,

2   Defendant has established continuous and systematic relations in the forum state that are the

3   subject of the law suit (the emails) creating certain minimal contacts with the forum such that

4   "the maintenance of the suit does not offend traditional notions of fair play and substantial

5   justice." *International Shoe Co. v. Washington,* 326 U.S. 310 at 320 (1945).

6       7.    Defendants have purposely availed themselves of the privileges of conducting

7   activities in the forum, the emails are the subject of the action, and exercise of jurisdiction is

8   reasonable since Defendants should have known that they would be subject to the jurisdiction

9   and laws of the forum when commercial emails and advertisements were sent to email

10  accounts at a Northern California Internet Access Provider.  *Aitken v. Communications*

11  *Workers of America*, 496 F.Supp.2d 653 at 659 (E.D.Va.,2007); *Verizon Online Services,*

12  *Inc. v. Ralsky*, 203 F.Supp.2d 601 at 611 - 620 (E.D.Va.,2002); and *Internet Doorway, Inc. v.*

13  *Parks*, 138 F.Supp.2d 773 at 779 - 780 (S.D.Miss.,2001).

14      8.    Therefore, Plaintiff has factual support and good reason to believe the emails

15  and advertisements were sent by or for Defendant **PURE ADS** in order to create ongoing

16  business relations in the forum, and the court therefore has specific personal jurisdiction over

17  the Defendants.

18      9.    Venue is proper in this Court pursuant to **28 *U.S.C.* §1391(b)** and is founded on

19  the fact that a substantial part of the unlawful actions of the defendants occurred in this judicial

20  district, that is the emails were sent to an Email and Internet Access Provider in Garberville,

21  California.

22                          **FACTUAL ALLEGATIONS**

23      10.   Plaintiff is informed and believes and therefore alleges that Defendant **PURE**

24  **ADS** is a Florida Limited Liability Company.  (see **Exhibit "A"**)  Defendant **PURE ADS** is

25  believed to be a limited liability company or the agent of a limited liability company or

26  partnership providing internet marketing services to retailers selling to residents of the United

27  States and California over the internet.

28      11.   Plaintiff is informed and believes and therefore alleges that Defendants **BEST**

1  ONLINE GIFT CENTER (aka BESTONLINEGIFTCENTER.COM), also dba BRAND NAME

2  AMERICA (aka BRANDNAMEAMERICA.COM), also dba BRAND NAME GOODIES (aka

3  BRANDNAMEGOODIES.COM), also dba BRAND NAME REWARDS (aka

4  BRANDNAMEREWARDS.COM), also dba BRAND NAME TEST PANEL (aka

5  BRANDNAMETESTPANEL.COM), also dba BRAND SURVEY CENTER (aka

6  BRANDSURVEYCENTER.COM), also dba BRAND SURVEY PORTAL (aka

7  BRANDSURVEYPORTAL.COM), also dba CUSTOMER DIRECT SAVINGS (aka

8  CUSTOMERDIRECTSAVINGS.COM), also dba CUSTOMER ONLINE SAVINGS (aka

9  CUSTOMERONLINESAVINGS.COM), also dba CUSTOMER SURVEY REWARDS (aka

10  CUSTOMERSURVEYREWARDS.COM), also dba NAME BRAND SURVEYS (aka

11  NAMEBRANDSURVEYS.COM), also dba PRIZE REWARD CENTER (aka

12  PRIZEREWARDCENTER.COM), also dba PRIZE REWARD PORTAL (aka

13  PRIZEREWARDPORTAL.COM), also dba PURE GIFT CENTER (aka

14  PUREGIFTCENTER.COM), also dba SURVEY REWARDS CENTER (aka

15  SURVEYREWARDSCENTER.COM), also dba THE PERFECT GIFT CENTER (aka

16  THEPERFECTGIFTCENTER.COM), also dba TOTAL REWARD ZONE (aka

17  TOTALREWARDZONE.COM), also dba YOUR BIG PRIZE (aka YOURBIGPRIZE.COM)

18  (hereafter "**BRANDS**"), are aliases or agents for Defendants **PURE ADS**. (See **Exhibit "D"**

19  for the WHOIS reports for the brand web sites and the associated IP addresses; also see

20  **Exhibit "B,"** for samples of the emails containing the **PURE ADS** address.)

21      12.    Plaintiff **ASIS INTERNET SERVICES (hereafter  "ASIS")** does not know the

22  true names and capacities of Defendants **PURE ADS, BRANDS, and DOES ONE to FIFTY,**

23  **inclusive**, their business capacities, their ownership connection to the business(s), nor their

24  relative responsibilities in causing the *CAN-SPAM Act of 2003* and other violations herein

25  complained of, and alleges, on information and belief, a joint venture and common enterprise

26  by all such defendants.  Plaintiff is informed and believes that each of the defendants herein,

27  including DOES ONE to FIFTY, inclusive, is the agent, ostensible agent, master, servant,

28  employer, employee, representative, franchiser, franchisee, joint venturer, partner, and

1  associate, or such similar capacity, of each of the other defendants, and was at all times acting

2  and performing, or failing to act or perform, with the authorization, consent, permission or

3  ratification of each of the other defendants, and is responsible in some manner for the acts and

4  omissions of the other defendants in legally causing the violations and damages complained of

5  herein, and have approved or ratified each of the acts or omissions of each other defendant,

6  as herein described.  Plaintiff will seek leave to amend this Complaint when the true names,

7  capacities, connections and responsibilities of defendants **PURE ADS, BRANDS, and DOES**

8  **ONE to FIFTY, inclusive**, are ascertained.

9       13.    Plaintiff is informed and believes and therefore alleges that all named

10  defendants, including **DOES ONE to FIFTY, inclusive**, conspired to commit the acts

11  described herein, or alternatively, aided and abetted one another in the performance of the

12  wrongful acts hereinafter alleged.

13       14.    Plaintiff **ASIS** is a California corporation registered to do business in California

14  and is located in Garberville, California.  **ASIS** provides Internet access service within the

15  meaning of **15 *U.S.C.* §7702(11)** and email service within the meaning of *California Business*

16  *& Professions Code §17529.5*.

17       15.    Plaintiff alleges that Defendants sent or caused to have sent **5360** commercial

18  electronic mail messages from **July 8, 2007, through February 21, 2008**, to Plaintiff **ASIS'**

19  servers, protected computers, containing, and/or accompanied by, header information that was

20  materially false or materially misleading.

21       16.    Plaintiff received Defendant's emails and Plaintiff has suffered adverse affect

22  from the sending and receipt of Defendant's emails.  Plaintiff's web site has a clear notice that

23  misuse of its resources is prohibited:

> "ASIS provides the use of its equipment and services for the exclusive use of its subscribing customers. ASIS prohibits the use of its equipment and services by anyone other than its subscribing customers for any purpose unless specifically authorized by ASIS in writing. ASIS specifically prohibits the use of its equipment and services, including but not limited to mail servers, for delivery, transmission, or re-transmission of unsolicited commercial emails (UCE) or unsolicited bulk emails (UBE)."

1    See **ASIS' Acceptable Use Policy** at www.asis.com.

2        17.    Plaintiff alleges that Defendants sent or caused to have sent **5360** commercial

3    electronic mail messages from **July 8, 2007, through February 21, 2008**, to Plaintiff **ASIS'**

4    servers with a subject line that a person would know would be likely to mislead a recipient,

5    acting reasonably under the circumstances, about a material fact regarding the contents and

6    subject matter of the message.

7        18.    Plaintiff states that the email accounts that the **5360** commercial emails sent to

8    **ASIS** accounts did not solicit the emails.    These emails were unsolicited because they were

9    sent to unassigned or inactive email accounts owned by **ASIS**.    **ASIS** did not solicit any

10   product, service, or information from any entity using these email accounts.

11       19.    Plaintiff **ASIS** alleges that Defendants sent or caused to have sent **5360**

12   unsolicited e-mail advertisements containing and/or accompanied by falsified, misrepresented,

13   or forged header information.

14       20.    Plaintiff **ASIS** alleges that Defendants sent or caused to have sent **5360**

15   unsolicited e-mail advertisements containing and/or accompanied by misleading subject lines.

16       21.    Plaintiff alleges that Defendants used a harvest and directory attack to acquire

17   Plaintiff's and Plaintiff's customers email accounts to send **5360** commercial electronic mail

18   messages to Plaintiff's protected computers.    Many of the email accounts receiving the emails

19   have not been active for several years.

20       22.    Plaintiff alleges that Defendants used an automated creation of multiple email

21   accounts to send **5360** commercial electronic mail messages to Plaintiff's protected

22   computers.

23                          **FIRST CAUSE OF ACTION**
24              **(Violation of CAN-SPAM Act of 2003 – 15 *U.S.C.* §7704(a)(1) and (2),
                        and 15 *U.S.C.* §7704(b)(1) and (2))**

25       23.    Plaintiff refers to the allegations of the preceding paragraphs of this complaint,

26   and incorporates the same herein by this reference as though set forth in full.

27       24.    On **July 8, 2007, through February 21, 2008**, Plaintiff **ASIS** received **5360**

28   commercial electronic mail messages from defendants to its mail server located in California

1   that violated the **CAN-SPAM Act of 2003**.

2       25.    Plaintiff alleges that all of the relevant electronic mails sent by or on behalf of the

3   Defendants on **July 8, 2007, through February 21, 2008**, contained or were accompanied by

4   header information that was materially false or materially misleading.   Each of these **5360**

5   messages indicated that they were from email accounts from domain names such as

6   2008Site.com, BESTAVAILABLEGIFTS.COM, and candycuddy.com.  (See **Exhibit "F"** for a

7   complete list of the sending domain names at issue in this action.)   See sample emails and

8   source code in **Exhibit "B"** attached hereto.   (Note that all receiving email accounts have

9   been redacted, while these email all represent inactive email accounts they are still the

10  property of **ASIS** and are protected by Plaintiff's corporate privileges.)   A WHOIS check of the

11  domain name registration for the sender of all of the emails indicates that the domain names

12  were registered using a privacy or proxy service. (See **Exhibit "G"** for WHOIS reports for the

13  sending email account domain names.)   The true registrant for the sender of all of the emails

14  cannot be determined without a subpoena.   Plaintiff has reviewed the Domain Name

15  registration for all of the sending Domain Names and determined that all of the emails were

16  sent using email accounts registered to domain names that are registered under services that

17  conceal the true identity of the domain name registrant through a proxy service or privacy

18  service.  Also see the domain name privacy/proxy service registration agreements in **Exhibit**

19  **"H"**.

20      **15 U.S.C. §7704(a)(1)(A)** states:

21          "(A) header information that is technically accurate but includes an
            originating electronic mail address, domain name, or Internet
22          Protocol address the access to which for purposes of initiating the
            message was obtained by means of false or fraudulent pretenses
23          or representations shall be considered materially misleading."

24      **15 U.S.C. §7704(a)(6)** states:

25          "the term "materially" when used with respect to false or misleading
            header information, includes the alteration or concealment of
26          header information in a manner that would impair the ability of an
            Internet access service processing the message on behalf of a
27          recipient, a person alleging a violation of this section, or a law
            enforcement agency to identify, locate, or respond to a person who
28          initiated the electronic mail message or to investigate the alleged

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF      9

1    violation…"

2        The registration agreements for the proxy/privacy services prohibit the use of domain

3    names registered in this manner to send bulk commercial emails.  Therefore, since false

4    information was used to generate the domain names and/or domain names were concealed

5    from investigation through proxy/privacy services the electronic mail messages violated **15**

6    **U.S.C. §7704(a)(1)(A)**.

7        26.    Plaintiff further alleges that the Defendants sent or had sent **5360** separate items

8    of electronic mail to Plaintiff's computers that include a subject line that a person would know

9    would be likely to mislead a recipient, acting reasonably under the circumstances, about a

10   material fact regarding the contents and subject matter of the message.  **15  U.S.C.**

11   **§7704(a)(2)(1)** defines two methods for determining if a subject line is misleading: "1) if such

12   person has actual knowledge," or 2) "knowledge fairly implied on the basis of objective

13   circumstances."  Plaintiff alleges that the "circumstances" required are plainly visible in the

14   actual subject lines of the emails. Defendants advertise and market their offers through email

15   and Web-based ads.  **5360** of the emails received by Plaintiff contain statements such as "Free

16   Nokia N95 Today!", "Your 1000 Walmart (R) Card - confirm for shipment", "Free Dell Laptop",

17   and "Get a FREE MacBook Air!" in the subject lines.  See **Exhibit "I"** for a complete list of the

18   email subject lines.  In the email body the advertisement further enticed the recipient by

19   purporting to provide shipping instructions for the prizes.   The email subject lines received by

20   Plaintiff were clearly intended to get someone to open the email by enticing them with free

21   gifts.  (See **Exhibit "B"** for samples of the emails.)  (Note that all receiving email accounts

22   have been redacted, while these email all represent inactive email accounts they are still the

23   property of **ASIS** and are protected by corporate privilege.)

24       27.    **15  U.S.C. 7704(a)(2)** states that a violation is proper if consistent with **15  U.S.C.**

25   **45**.  **15  U.S.C. 45** is titled "Unfair methods of competition unlawful; prevention by Commission,"

26   and enables the Federal Trade Commission to issue orders regarding unfair trade practices.

27   **15  U.S.C. 45(d)** provides that the orders of the Commission are exclusive unless overturned

28   by the United States Court of Appeals.   The FTC has issued 16 **CFR** part 251, "Guide

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF      10

1  concerning use of the word 'free' and similar representations."   16 *CFR* Part 251 states that

2  the terms of the offer should be set out clearly and conspicuously at the outset of the offer so

3  that no misunderstanding can occur. Most of the emails subject lines represent that the

4  recipient has received a free gift.  For example the email with the subject line "Free Nokia N95

5  Today!" further states in the body of the email "CLAIM YOUR NOKIA N95" in a large blinking

6  box.   The web sites that the email recipient is directed to contain extensive terms and

7  conditions that require the recipient to provide personal information and their agreement to

8  take several "sponsor offers."   See **Exhibit "J"** for samples of the Terms and Conditions of

9  the "**BRANDS."**  See **Exhibit "K"** for printouts of the Defendant's website for the "Free Nokia

10  N95 Today!"  Only by going to Defendant's web sites can the recipient find out what the terms

11  and conditions are for the supposedly free gifts.  16 *CFR* Part 251 requires that this information

12  be on the same page displayed in a conspicuous manner.  The terms and conditions are not

13  mentioned in the subject line and are not contained anywhere in the email body.  This

14  evidence indicates and Plaintiff alleges that the subject lines and advertisements contained in

15  the emails are in violation of 16 *CFR* Part 251 and therefore also in violation of **15 *U.S.C.***

16  **§7704(a)(2).**

17      28.    Plaintiff further alleges that most of the emails sent to plaintiff's computer include

18  statements in the body of the emails stating that they are email advertisements from **BRANDS.**

19  Uniform Resource Locators (hereafter URLs) contained in all of the emails directed the

20  recipient to websites of **BRANDS.**  Plaintiff alleges that these entities, trademarks, and

21  websites are owned by **PURE ADS.**

22      29.    Plaintiff further alleges that they received **5360** of separate items of electronic

23  mail from the Defendants to email addresses that had not existed for the prior year and had

24  not requested or agreed to accept any solicitations.

25      30.    Plaintiff further alleges that the Defendants sent or had sent **5360** separate items

26  of electronic mail to Plaintiff's computers that were acquired as the result of a directory harvest.

27  Said conduct was in violation of **15 *U.S.C.* §7704(b)(1).**

28      31.    Plaintiff further alleges that the defendants sent or had sent **5360** separate items

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF     11

1 │ of electronic mail to plaintiff from addresses that were acquired by the use of automated tools

2 │ or scripts.  Said conduct was in violation of **15 *U.S.C.* §7704(b)(2)**.

3 │     32.    As a proximate result of said unlawful conduct by said Defendants, Plaintiff is

4 │ entitled to statutory damages in the amount of up to $100.00 per email in the case of violation

5 │ of **15 *U.S.C.* §7704(a)(1)** and up to $25.00 per email in the case of each violation of

6 │ subsections **15 *U.S.C.* §7704(a)(2)** in the form of statutory damages as set forth in **15 *U.S.C.***

7 │ **§7706(g)(1)(B)(ii) and (3)(A)(i)** and **(ii)**.

8 │     33.    As a proximate result of said unlawful conduct by said defendants, Plaintiff is

9 │ entitled to treble all statutory damages as a result of violation of any section of **15 *U.S.C.***

10 │ **§7704(b)** as set forth in **15 *U.S.C.* §7706(g)(1)(C)**.

11 │     34.    Plaintiff furthermore seeks a preliminary and permanent injunction against the

12 │ defendants for its current and future violations of the ***CAN-SPAM Act of 2003*** as Plaintiff and

13 │ members of the general public will continue to incur damages as a result of the unlawful

14 │ conduct of said defendants.   The seeking of injunctive relief by plaintiff is specifically

15 │ authorized by **15 *U.S.C.* §7706(g)(1)(A)**.

16 │     35.    Plaintiff furthermore seeks its attorney fees and costs against the defendants

17 │ pursuant to **15 *U.S.C.* §7706(g)(4)**.

18 │ **SECOND CAUSE OF ACTION**

19 │ **(Violation of *California Business and Professions Code* §17529.5**<br>**Unlawful activities relating to commercial email advertisements.)**

20 │     36.    Plaintiff hereby incorporates by reference the preceding paragraphs, inclusive, as

21 │ if the same were fully set forth herein.

22 │     37.    Plaintiff alleges that all of the relevant electronic mails sent by or on behalf of the

23 │ Defendants on **July 8, 2007, through February 21, 2008**, contained or were accompanied by

24 │ header information that was materially false or materially misleading.   Each of these **5360**

25 │ messages indicated that they were from email accounts from domain names such as

26 │ 2008Site.com, BESTAVAILABLEGIFTS.COM, and candycuddy.com.  See **Exhibit "F"** for a

27 │ complete list of the domain names at issue in this action.  See sample emails and source code

28 │ in **Exhibit "B"** attached hereto.  (Note that all receiving email accounts have been redacted,

1   while these email all represent inactive email accounts they are still the property of **ASIS** and

2   are protected by Plaintiff's corporate privileges.)  A WHOIS check of the domain name

3   registration for the sender of all of the emails indicates that the domain names were registered

4   using a privacy or proxy service. See **Exhibit "G"** The true registrant for the sender of all of

5   the emails cannot be determined without a subpoena.  Plaintiff has reviewed the Domain

6   Name registration for all of the sending Domain Names and determined that all of the emails

7   were sent using email accounts registered to domain names that are registered under services

8   that conceal the true identity of the domain name registrant through a proxy service or privacy

9   service.

10       38.    Therefore, the electronic mail violated **California Business and Professions**

11   **Code** § 17529.5(a)(2).

12       39.    Plaintiff further alleges that the Defendants sent **5360** separate unsolicited

13   electronic mail advertisements to plaintiff's computers that include various subject lines that

14   were false and misleading and would be likely to mislead a recipient, acting reasonably under

15   the circumstances, about a material fact regarding the contents or subject matter of the

16   message in violation of **California Business and Professions Code** § 17529.5(a)(3).  Plaintiff

17   alleges that the "circumstances" required are plainly visible in the actual subject lines of the

18   emails.  The email subject lines received by Plaintiff were clearly intended to get someone to

19   open the email by enticing them with free gifts such as: ""Free Nokia N95 Today!", "Your 1000

20   Walmart (R) Card - confirm for shipment", "Free Dell Laptop", and "Get a FREE MacBook Air!"

21   in the subject lines.  See **Exhibit "I"** for a complete list of the email subject lines.  The email

22   subject lines received by Plaintiff were clearly intended to get someone to open the email by

23   enticing them with free gifts.  See **Exhibit "B"** for sample emails.  (Note that all receiving

24   email accounts have been redacted, while these email all represent inactive email accounts

25   they are still the property of **ASIS** and are protected by corporate privilege.)

26       40.    As a proximate result of said unlawful conduct by said Defendants, Plaintiff is

27   entitled to liquidated damages in the amount of $1,000.00 for each unsolicited commercial

28   email transmitted in violation of **California Business and Professions Code** § 17529.5(a) as

1    set forth in *California Business and Professions Code § 17529.5(b)(1)(B)(ii)*.

2        41.    Plaintiff furthermore seeks its attorney fees and costs against the defendants

3    pursuant to *California Business and Professions Code §17529.5(b)(1)(C)*.

4        **WHEREFORE**, plaintiff prays judgment against the defendants and each of them as

5    follows:

6        1.    For statutory damages of up to $100.00 for each violation of **15 U.S.C.**

7    **§7704(a)(1)** and up to $25.00 in the case of violations of **§7704(a)(2)** in the sum of **$670,000**;

8        2.    For aggravated damages under **15 U.S.C. §7706(g)(1)(C)** of up to three times

9    the amount above for these violations committed by the defendants' violations of **15 U.S.C.**

10   **§7704(b)** in the sum of **$2,010,000**;

11       3.    For a preliminary and permanent injunction preventing the defendants and all

12   persons acting in concert with them from the violation of the ***Can-Spam Act of 2003***;

13       4.    For liquidated damages of $1000.00 for each violation of ***California Business***

14   ***and Professions Code § 17529.5(a)*** in the sum of **$5,360,000**;

15       5.    For an award of reasonable attorneys' fees and costs according to proof;

16       6.    For costs of suit; and

17       7.    For such other and further relief as this Courts deems just and proper.

                        **SINGLETON LAW GROUP**

18

19

20   Dated:        March 19, 2008            /s/ Jason K. Singleton
                                             Jason K. Singleton
21                                           Richard E. Grabowski, Attorneys for Plaintiff,
                                             **ASIS INTERNET SERVICES**
22

23                        **REQUEST FOR JURY TRIAL**

24       Plaintiff hereby requests a jury for all claims for which a jury is permitted.

25                        **SINGLETON LAW GROUP**

26

27   Dated:        March 19, 2008            /s/ Jason K. Singleton
                                             Jason K. Singleton
28                                           Richard E. Grabowski, Attorneys for Plaintiff,
                                             **ASIS INTERNET SERVICES**

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF     14