THOMAS R. BURKE (CA State Bar No. 141930)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone:  (415) 276-6500
Facsimile:  (415) 276-6599
Email:      thomasburke@dwt.com

AMBIKA K. DORAN (admitted *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Telephone:  (206) 757-8030
Facsimile:  (206) 757-7030
Email:      ambikadoran@dwt.com

Attorneys for Defendant ACTIVE RESPONSE GROUP, INC.

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASIS INTERNET SERVICES, a California corporation, and JOEL HOUSEHOLTER, d/b/a KNEELAND ENGINEERING, d/b/a FOGGY.NET,<br><br>Plaintiffs,<br><br>v.<br><br>ACTIVE RESPONSE GROUP, INC. et al.<br><br>Defendants. | Case No. CV 07-6211 TEH<br><br>DEFENDANT ACTIVE RESPONSE GROUP, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS UNDER FED. R. CIV. P. 12(B)(1) OR FED. R. CIV. P. 12(B)(6)<br><br>Date: July 21, 2008<br>Time: 10 a.m.<br>Place: Courtroom 12, 19th Floor |

Pursuant to Federal Rule of Evidence 201, Defendant Active Response Group, Inc. ("ARG") respectfully requests that this Court take judicial notice of the following documents, attached as exhibits to the Declaration of Ambika Doran In Support of ARG's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) Or Fed. R. Civ. P. 12(b)(6):

(1) Exhibit A: The initial Complaint in Asis Internet Services v. Optin Global, Inc. et al, 3:05-cv-05124-JCS, excluding any exhibits thereto.

(2) Exhibit B: The initial Complaint in Asis Internet Services v. Valueclick Inc., 3:07-cv-03261-PJH, excluding any exhibits thereto.

(3) Exhibit C: The initial Complaint in Asis Internet Services v. Azoogle.Com, Inc., 3:07-cv-04630-MHP, excluding any exhibits thereto.

(4) Exhibit D: The initial Complaint in Asis Internet Services v. All In, LLC, 3:07-cv-05717-JSW, excluding any exhibits thereto.

(5) Exhibit E: The initial Complaint in Asis Internet Services v. Member Source Media LLC, 3:08-cv-01321-EMC, excluding any exhibits thereto.

(6) Exhibit F: The initial Complaint in Asis Internet Services v. Pure Ads, LLC, 3:08-cv-01566-SC, excluding any exhibits thereto.

(7) Exhibit G: The initial Complaint in Asis Internet Services v. Imarketing Consultants Inc., 4:07-cv-05357-CW, excluding any exhibits thereto.

(8) Exhibit H: An opposition brief to a motion for summary judgment or adjudication filed by the plaintiff in Asis Internet Services v. Optin Global, Inc. et al, 3:05-cv-05124-JCS.

(9) Exhibit I: The initial Complaint in Asis Internet Services et al v. Sierra Partners, LLC. et al, 4:08-cv-02813-SBA, excluding any exhibits thereto.

Under Rule 201, federal courts may take judicial notice of facts that are "not subject to reasonable dispute," because they are "either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.

On a motion to dismiss, a district court may consider documents filed in the public court record. See, e.g., MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986) ("[o]n a motion to dismiss, we may take judicial notice of matters of public record outside the pleadings"); In re Infonet Servs. Corp., 310 F. Supp. 2d 1106, 1116 n.10 (C.D. Cal. 2003 ("a court may take judicial notice of matters of public record outside the complaint without converting a motion to dismiss into a motion for summary judgment").

Exhibits A-I to the Doran Declaration are copies of pleadings in other cases filed by Plaintiff AsIs Internet Services and are thus matters of public record of which this Court may take judicial notice. ARG respectfully requests this Court take judicial notice of them.

DATED: June 16, 2008

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: /s/ Thomas R. Burke
THOMAS R. BURKE
AMBIKA K. DORAN (admitted *pro hac vice*)
Attorneys for Defendant ACTIVE RESPONSE GROUP, INC.