Jason K. Singleton, State Bar #166170
jason@singletonlawgroup.com
Richard E. Grabowski, State Bar # 236207
rgrabowski@mckinleyville.net
SINGLETON LAW GROUP
611 "L" Street, Suite A
Eureka, CA 95501
(707) 441-1177
 Fax: 441-1533
Attorney for Plaintiffs, ASIS INTERNET SERVICES,
JOEL HOUSEHOLTER, dba FOGGY.NET

THOMAS R. BURKE, State Bar # 141930
DAVIS WRIGHT TREMAINE, LLP
505 Montgomery Street, Suite 800
San Francisco, CA 94111
(415) 276-6500
Fax:  276-6599
email:  thomasburke@dwt.com
Attorneys for Defendant

AMBIKA K. DORAN (admitted *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Telephone:  (206) 757-8030
Facsimile:   (206) 757-7030
Email:  ambikadoran@dwt.com

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| ASIS INTERNET SERVICES, a California corporation, and JOEL HOUSEHOLTER, dba KNEELAND ENGINEERING, dba FOGGY.NET <br><br>      Plaintiffs, <br> vs. <br><br> ACTIVE RESPONSE GROUP, INC., a Delaware corporation, et al. <br><br>      Defendants. | Case No: C 07-06211 TEH <br><br> JOINT CASE MANAGEMENT STATEMENT <br><br> DATE:  July 21, 2008 <br> TIME:   10:00 a.m. <br> CTRM:  12, 19th Floor |

The parties to the above-entitled action jointly submit this Case Management Statement and request the Court to adopt it as its Case Management Order in this case.

**1.** Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

**Plaintiffs filed the within action in the within court based on original jurisdiction pursuant to 28 *USC* §1331 for violations of the *CAN SPAM Act of 2003* (15 *USC* §§7701 et seq.).  Plaintiffs also assert this Court has pendent jurisdiction over related state law claims.**

**Defendant Active Response Group, Inc. ("ARG") contends that the Court lacks subject-matter jurisdiction over Plaintiffs' claims for the reasons set forth in its Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) Or Alternatively Fed. R. Civ. P. 12(c) and accompanying papers.**

**No issues exist regarding personal jurisdiction or venue at this time.**

**All known parties have been served.**

**2.** Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

**Plaintiffs assert they are a California corporation and an individual that provide internet services. ARG is a Delaware corporation. Plaintiffs have brought this action against ARG for alleged violations of the CAN-SPAM Act and related violations of California Business and Professions Code § 17529.5.**

**ARG disputes that it violated these laws and asserts it did not send emails to Plaintiffs and is not liable for the emails at issue in this case.**

**3.** Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

**Plaintiffs allege ARG violated the CAN-SPAM Act of 2003 and its California analog.  ARG anticipates at this early stage that there will be legal disagreement**

1   **as to the false or misleading nature of header information, Plaintiffs' standing to**
2   **bring these claims, what constitutes "initiation" of an email, and whether opt-in to**
3   **an email system defeats the legal claims.  ARG has already filed a motion relating**
4   **to Plaintiffs' lack of standing to bring the claims.**

5           **Responding to ARG's motion, plaintiffs concede that their current**
6   **complaint is legally deficient and now seek leave to file a First Amended**
7   **Complaint that ARG contends does not cure the legal standing deficiencies**.

8   **4.**   Motions: All prior and pending motions, their current status, and any anticipated
9   motions.

10          **ARG filed a Motion to Dismiss, all briefings have been filed, and the matter**
11  **is scheduled to be heard on July 21, 2008.**

12  **5.**   Amendment of Pleadings: The extent to which parties, claims, or defenses are expected
13  to be added or dismissed and a proposed deadline for amending the pleadings.

14          **It is unclear at this juncture whether Plaintiffs will be seeking leave to name**
15  **additional parties.   The first round of written discovery should answer this**
16  **question.  ARG believes it is premature to decide whether to add parties and/or**
17  **defenses at this time in light of Plaintiffs' admission that their current complaint**
18  **is legally deficient.**

19  **6.**   Evidence Preservation: Steps taken to preserve evidence relevant to the issues
20  reasonably evident in this action, including interdiction of any document-destruction program
21  and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

22          **To the best of their knowledge the parties hereto have fully complied with**
23  **the evidence preservation requirements.   ARG has issued a litigation hold**
24  **instructing its employees to preserve any documents relevant to the matter,**
25  **including electronically stored information.**

26  **7.**   Disclosures: Whether there has been full and timely compliance with the initial
27  disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

28          **There has been full and timely compliance with the initial disclosure**

**requirements of Fed. R. Civ. P. 26.  Plaintiffs provided ARG with the subject emails under the Stipulated Protective Order entered on May 20, 2008.  ARG listed its witnesses and described by category and location the documents it intended to use to support its claims and defenses in its initial disclosures.**

**8.**    Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

**Plaintiffs have deposed ARG's CEO, Brad Powers.  The parties have also engaged in written discovery.**

**Plaintiffs request no limitations on discovery other than those set forth in the Federal Rules of Civil Procedure, with the cut-off dates as proposed in a discovery plan in #17 hereafter.**

**ARG requests that the Court formally stay all discovery between the parties until legal issues of standing//jurisdiction are decided by the Court and that the Court schedule the trial and corresponding deadlines consistent with this request.  ARG believes this legal issue has been conclusively decided in its favor by other courts; Plaintiffs admit  they have no operative complaint that alleges requisite injury.  Importantly, Plaintiffs and ARG agree  that it is appropriate that the Court decide this legal issue to avoid the unnecessary waste of private and judicial resources.**

**9.**    Class Actions: If a class action, a proposal for how and when the class will be certified.

**This is not a putative class action.**

**10.**    Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

**No directly related cases; however, Plaintiff ASIS has filed several other actions under the CAN-SPAM Act in this District.**

**11.**    Relief: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated.  In addition,

any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

**Plaintiffs are seeking statutory damages for violations of the CAN SPAM Act as hereinafter set forth:**

1.    For statutory damages of up to $100.00 for each violation of **15 *U.S.C.* §7704(a)(1)** and up to $25.00 in the case of violations of **§ 7704(a)(2)** in the sum of **$1,140,125**;

2.    For aggravated damages under **15 *U.S.C.* §7706(g)(1)(C)** of up to three times the amount above for these violations committed by the defendants' violations of **15 *U.S.C.* §7704(b)** in the sum of **$3,420,375**;

3.    For a preliminary and permanent injunction preventing the defendants and all persons acting in concert with them from the violation of the ***Can-Spam Act of 2003***;

4.    For liquidated damages of $1000.00 for each violation of ***California Business and Professions Code* § 17529.5(a)** in the sum of **$9,121,000**;

**ARG contends Plaintiffs' claims are meritless.  If liability were established, however, ARG contends that it would be appropriate for any damages to be based on calculations by a qualified expert who considered factors he or she determined to be relevant.**

**5.    For an award of reasonable attorneys' fees and costs;**

**12.**    Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

**The parties have engaged in informal settlement discussions.    The parties complied with ADR L.R. 3-5 by submitting a Notice of need for ADR Phone Conference March 11, 2008.  A Settlement Conference before Magistriate Judge Maria-Elena James is scheduled to take place September 26, 2008 at 10 a.m.**

**13.**    Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**ARG declined assignment of the case to a Magistrate Judge.**

**14.**    Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**The parties do not believe the case is suitable for such reference.**

**15.**     Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

**Plaintiffs:  None at this time, discovery may change status.**

**ARG believes that in the event the Court denies its pending Motion to Dismiss, the legal issues in this case – and corresponding discovery – can and should be narrowed and limited to avoid the unnecessary waste of private and judicial resources.**

**16.**     Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

**Plaintiffs submit an expedited schedule is inappropriate.   The technical aspects of CAN-SPAM cases require more trial preparation.**

**ARG agrees that an expedited schedule is inappropriate in this case.**

**17.**     Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

| | |
|---|---|
| **Non-Expert Discovery Cut-off** | **March 13, 2009** |
| **Law & Motion** | **April 13, 2009** |
| **Designation of Experts:** | **April 15, 2009** |
| **Rebuttal:** | **May 15, 2009** |
| **Expert Discovery Cut-off** | **June 15, 2009** |
| **Dispositive Motions - Last Day for Hearing:** | **July 20, 2009** |
| **Final Pretrial** | **August 3, 2009** |

**18.**     Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

**a.     Plaintiffs timely requested a Jury Trial and anticipates it will take 5 days; Plaintiffs anticipate calling 7 witnesses.**

**b.     ARG anticipates a trial will take 5 days.**

**19.**    Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.  **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either:  (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

**Plaintiff ASIS INTERNET SERVICES is a California corporation that has no parent company, partners, or other entity who has any interest in it whatsoever.**

**Plaintiff JOEL HOUSEHOLTER is an individual who does business as KNEELAND ENGINEERING and FOGGY.NET.**

**ARG is a Delaware corporation and does not have a parent corporation. There are no publicly held corporations which own 10 percent or more of its stock.  Other than the named parties, there is no interest to report under Civil L.R. 3-16.**

**20.**    Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

**SINGLETON LAW GROUP**


Dated:        July 14, 2008            /s/ Jason K. Singleton
                                       Jason K. Singleton,
                                       Richard E. Grabowski, Attorneys for Plaintiffs
                                       Asis Internet Services, Joel Householter,
                                       dba Foggy.net

**DAVIS WRIGHT TREMAINE, LLP**

Dated:        July 14, 2008            /s/ Thomas R. Burke
                                       Thomas R. Burke
                                       Ambika K. Doran (admitted *pro hac vice*)
                                       Attorneys for Defendant,
                                       Active Response Group, Inc.