**Jason K. Singleton,** State Bar #166170
jason@singletonlawgroup.com
**Richard E. Grabowski,** State Bar #236207
rgrabowski@mckinleyville.net
**SINGLETON LAW GROUP**
611 "L" Street, Suite A
Eureka, CA 95501
(707) 441-1177
FAX  441-1533

Attorneys for Plaintiff, ASIS INTERNET SERVICES and JOEL HOUSEHOLTER

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASIS INTERNET SERVICES, a California corporation, and JOEL HOUSEHOLTER, dba KNEELAND ENGINEERING, dba FOGGY.NET,<br><br>     Plaintiffs,<br>vs.<br><br>ACTIVE RESPONSE GROUP, INC., a Delaware corporation, dba BRANDARAMA (aka BRANDARAMA.COM), also dba FREE GIFT PARADE (aka FREEGIFTPARADE.COM), also dba HOUSEHOLD SAVINGS CLUB (aka HOUSEHOLDSAVINGSCLUB.COM), also dba POLL PRIZE USA (aka POLLPRIZEUSA.COM), also dba REWARDS PARADE (aka REWARDSPARADE.COM), also dba TOP CONSUMER REWARDS (aka TOPCONSUMERREWARDS.COM), also dba USA SURVEY GROUP (aka USASURVEYGROUP.COM), also dba VIEWPOINT REWARDS (aka VIEWPOINTREWARDS.COM), also dba WHOLESOME REWARDS (aka WHOLESOMEREWARDS.COM), also dba YOUR PRODUCT SAMPLES (aka YOURPRODUCTSAMPLES.COM), also dba YOUR TOP BRANDS (aka YOURTOPBRANDS.COM), and DOES ONE through FIFTY, inclusive,<br><br>     Defendants. | Case No. C-07-6211 TEH<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF – VIOLATION OF CAN-SPAM ACT OF 2003 [15 *U.S.C.* §7701, *et seq.*] AND CALIFORNIA BUSINESS & PROFESSIONS CODE §17529.5**<br><br>**DEMAND FOR JURY TRIAL** |

| | |
|---|---|
| 1 | **Plaintiffs: ASIS INTERNET SERVICES, a California corporation,** an Internet Access Provider; **and JOEL HOUSEHOLTER, dba KNEELAND ENGINEERING, dba FOGGY.NET,** an Internet Access Provider, complain of Defendants **ACTIVE RESPONSE GROUP, INC., a Delaware corporation (hereinafter "ARG"), dba BRANDARAMA (aka BRANDARAMA.COM), also dba FREE GIFT PARADE (aka FREEGIFTPARADE.COM), also dba HOUSEHOLD SAVINGS CLUB (aka HOUSEHOLDSAVINGSCLUB.COM), also dba POLL PRIZE USA (aka POLLPRIZEUSA.COM), also dba REWARDS PARADE (aka REWARDSPARADE.COM), also dba TOP CONSUMER REWARDS (aka TOPCONSUMERREWARDS.COM), also dba USA SURVEY GROUP (aka USASURVEYGROUP.COM), also dba VIEWPOINT REWARDS (aka VIEWPOINTREWARDS.COM), also dba WHOLESOME REWARDS (aka WHOLESOMEREWARDS.COM), also dba YOUR PRODUCT SAMPLES (aka YOURPRODUCTSAMPLES.COM), also dba YOUR TOP BRANDS (aka YOURTOPBRANDS.COM), (hereinafter collectively referred to as "ARG"), and DOES ONE through FIFTY, inclusive**, and alleges violations of **CAN-SPAM Act,** 15 **U.S.C.** §7704(a) and (b)  and **California Business and Professions Code** §17529.5(a) and requests injunctive relief, liquidated damages, statutory damages, aggravated damages, and attorney fees authorized as remedies under 15 **U.S.C.** §7706(g) and **California Business and Professions Code** §17529.5(b)(1)(B). |

## JURISDICTION AND VENUE

1. This Court has original jurisdiction of this action pursuant to 28 **U.S.C.** §1331 for violations of the **CAN-SPAM Act of 2003 (**15 **U.S.C.** §§7701 et seq.**).**   This Court also has original jurisdiction under 15 **U.S.C.** §7706(g)(1) for cases involving a civil action by an **internet access provider** adversely affected by a violation of section 15 **U.S.C.** §7704(a)(1)**,** 15 **U.S.C.** §7704(b), or 15 **U.S.C.** §7704(d), or a pattern or practice that violates paragraphs (2), (3), (4), or (5) of section 15 **U.S.C.** §7704(a).   Pursuant to pendent jurisdiction, attendant and related causes of action, arising from the same facts, are also brought under California law, including, but not limited to, violations of **California Business & Professions Code** *§*17529.5.

1     2.     Defendants have purposely availed themselves of the privileges of conducting activities in the forum, the emails are the subject of the action, and exercise of jurisdiction is reasonable since Defendants should have known that they would be subject to the jurisdiction and laws of the forum when **ARG** had commercial emails sent to email accounts at Northern California Internet Access Providers.  *Aitken v. Communications Workers of America*, 496 F.Supp.2d 653 at 659 (E.D.Va.,2007); *Verizon Online Services, Inc. v. Ralsky*, 203 F.Supp.2d 601 at 611 - 620 (E.D.Va.,2002); and *Internet Doorway, Inc. v. Parks*, 138 F.Supp.2d 773 at 779 - 780 (S.D.Miss.,2001).

3.     Defendants have purposely availed themselves of the privileges of conducting activities in the forum by establishing sales and business relationships with citizens of the state of California.  See the article announcing funding of 10 million dollars for **Active Response Group, Inc.**, by Hercules Technology Growth Capital, Inc., a Palo Alto, California investment company.  See **Exhibit "A"** attached hereto, an advertisement announcing the relationship between **ARG** and Hercules Technology Growth Capital, Inc.

4.     Defendants have purposely availed themselves of the privileges of conducting activities in the forum by registering their web sites with registration companies located in the forum and/or placing its web sites on computers located in the forum.  See **Exhibit "B"** attached hereto for domain name registration information and Internet Protocol address (hereafter "IP") location information.  These web sites and the computers they reside on are directly related to this matter since they are the web landing pages where the intended recipients of the emails were directed.

5.     Paragraphs 3, 4, and 5 establish the existence of deliberate and continuing obligations with residents of the forum state, California.  Therefore, Defendants: "has availed itself of the privilege of conducting business there, and because its activities are shielded by 'the benefits and protections' of the forum's laws it is presumptively not unreasonable to require it to submit to the burdens of litigation in that forum as well."  *Burger King Corp. v. Rudzewicz,* 471 U.S. 462 at 476 (1985)*.*

6.     Venue is proper in this Court pursuant to **28 *U.S.C.* § 1391(b)** and is founded on

the fact that a substantial part of the unlawful actions of the defendants occurred in this judicial district, that is the emails were sent to Email and Internet Access Providers in Garberville, California, and Eureka, California.

## FACTUAL ALLEGATIONS

7. Plaintiffs are informed and believe and therefore allege that Defendant **ARG** is a Delaware Corporation. (see **Exhibit "C"**). Defendant **ARG** is believed to be a corporation or the agent of a corporation or partnership providing internet marketing services to retailers selling to residents of the United States and California over the internet.

8. Plaintiffs are informed and believe and therefore allege that Defendants **dba BRANDARAMA (aka BRANDARAMA.COM), also dba FREE GIFT PARADE (aka FREEGIFTPARADE.COM), also dba HOUSEHOLD SAVINGS CLUB (aka HOUSEHOLDSAVINGSCLUB.COM), also dba POLL PRIZE USA (aka POLLPRIZEUSA.COM), also dba REWARDS PARADE (aka REWARDSPARADE.COM), also dba TOP CONSUMER REWARDS (aka TOPCONSUMERREWARDS.COM), also dba USA SURVEY GROUP (aka USASURVEYGROUP.COM), also dba VIEWPOINT REWARDS (aka VIEWPOINTREWARDS.COM), also dba WHOLESOME REWARDS (aka WHOLESOMEREWARDS.COM), also dba YOUR PRODUCT SAMPLES (aka YOURPRODUCTSAMPLES.COM), also dba YOUR TOP BRANDS (aka YOURTOPBRANDS.COM)** are aliases or agents for Defendants **ARG, INC.** (See **Exhibit "D"** – privacy notices form various web sites stating the relationship between the parties).

9. Plaintiffs **ASIS INTERNET SERVICES (hereafter "ASIS") and JOEL HOUSEHOLTER (hereafter "FOGGY")** do not know the true names and capacities of defendants **ARG, and DOES ONE to FIFTY, inclusive**, their business capacities, their ownership connection to the business(s), nor their relative responsibilities in causing the ***CAN-SPAM Act of 2003*** and other violations herein complained of, and alleges, on information and belief, a joint venture and common enterprise by all such defendants. Plaintiffs are informed and believe that each of the defendants herein, including DOES ONE to FIFTY, inclusive, is the agent, ostensible agent, master, servant, employer, employee, representative, franchiser,

FIRST AMENDED COMPLAINT 4 C-07-6211 TEH

1  franchisee, joint venturer, partner, and associate, or such similar capacity, of each of the other
2  defendants, and was at all times acting and performing, or failing to act or perform, with the
3  authorization, consent, permission or ratification of each of the other defendants, and is
4  responsible in some manner for the acts and omissions of the other defendants in legally
5  causing the violations and damages complained of herein, and have approved or ratified each
6  of the acts or omissions of each other defendant, as herein described.  Plaintiffs will seek leave
7  to amend this Complaint when the true names, capacities, connections and responsibilities of
8  defendants **ARG and DOES ONE to FIFTY, inclusive**, are ascertained.

9      10. Plaintiffs are informed and believe and therefore allege that all named
10 defendants, including **DOES ONE to FIFTY, inclusive**, conspired to commit the acts
11 described herein, or alternatively, aided and abetted one another in the performance of the
12 wrongful acts hereinafter alleged.

13     11. Plaintiff **ASIS** is a California corporation registered to do business in California
14 and is located in Garberville, California.  **ASIS** provides Internet access service within the
15 meaning of 15 *U.S.C.* §7702(11) and email service within the meaning of *California Business*
16 *& Professions Code* §17529.5.  **ASIS** received the emails at issue while performing services
17 as an internet access provider and email service for its customers.

18     12. Plaintiff **FOGGY** is a sole proprietorship and is located in Eureka, California.
19 **FOGGY** provides internet access service within the meaning of 15 *U.S.C.* §7702(11) and email
20 service within the meaning of *California Business & Professions Code* §17529.5.  **Foggy**
21 received the emails at issue while performing services as an internet access provider and
22 email service for its customers.

23     13. Plaintiffs allege that Defendants sent or caused to have sent **6269** commercial
24 electronic mail messages from **October 31, 2005, through September 4, 2007**, to Plaintiff
25 **ASIS'** servers, protected computers, containing, and/or accompanied by, header information
26 that was materially false or materially misleading.

27     14. Plaintiffs allege that Defendants sent or caused to have sent **2852** commercial
28 electronic mail messages from **May 25, 2007, through September 22, 2007**, to Plaintiff

1 **FOGGY'S** servers, protected computers, containing, and/or accompanied by, header
2 information that was materially false or materially misleading.

3     15.    Plaintiffs allege that Defendants transmitted **585** e-mail advertisements to Plaintiff
4 **ASIS'** servers with a subject line that a person would know would be likely to mislead a
5 recipient, acting reasonably under the circumstances, about a material fact regarding the
6 contents and subject matter of the message.

7     16.    Plaintiffs allege that Defendants transmitted **191** e-mail advertisements to Plaintiff
8 **FOGGY'S** servers with a subject line that a person would know would be likely to mislead a
9 recipient, acting reasonably under the circumstances, about a material fact regarding the
10 contents and subject matter of the message.

11     17.    Plaintiffs state that the email accounts that the **6269** commercial emails sent to
12 **ASIS** accounts did not solicit the emails. Plaintiffs state that some of the email accounts that
13 the **2852** commercial emails sent to **FOGGY** accounts did not solicit the emails. These emails
14 were unsolicited because they were sent to unassigned or inactive email accounts owned by
15 **ASIS and FOGGY**. **ASIS** did not solicit any product, service, or information from any entity
16 using these email accounts. **FOGGY** did not solicit any product, service, or information from
17 any entity using these email accounts.

18     18.    Plaintiff **ASIS** alleges that Defendants sent or caused to have sent **6269**
19 unsolicited e-mail advertisements containing and/or accompanied by falsified, misrepresented,
20 or forged header information.

21     19.    Plaintiff **FOGGY** alleges that Defendants sent or caused to have sent **2852**
22 unsolicited e-mail advertisements containing and/or accompanied by falsified, misrepresented,
23 or forged header information.

24     20.    Plaintiffs allege that Defendants used a harvest and directory attack to acquire
25 Plaintiffs' and Plaintiffs' customers email accounts to send **9121** commercial electronic mail
26 messages to a Plaintiffs' protected computers. Many of the email accounts receiving the
27 emails have not been active for several years.

28     21.    Plaintiffs allege that Defendants used an automated creation of multiple email

accounts to send **9121** commercial electronic mail messages to a Plaintiffs' protected computers.

### FIRST CAUSE OF ACTION
(**Violation of CAN-SPAM Act of 2003 – 15** *U.S.C.* **§7704(a)(1) and (2), and 15** *U.S.C.* **§7704(b)(1) and (2))**

22. Plaintiffs refer to the allegations of the preceding paragraphs of this complaint, and incorporates the same herein by this reference as though set forth in full.

23. On **October 31, 2005, through September 4, 2007**, Plaintiff **ASIS** received **6269** commercial electronic mail messages from defendants to its mail server located in California that violated the *CAN-SPAM Act of 2003*.

24. On **May 25, 2007, through September 22, 2007**, Plaintiff **FOGGY** received **2852** commercial electronic mail messages from defendants to its mail server located in California that violated the *CAN-SPAM Act of 2003*.

25. Plaintiffs received Defendants emails and Plaintiffs have suffered adverse affect from the sending and receipt of Defendants emails. Plaintiffs state that they were individually adversely affected by having to process the emails over their servers and by having their agents investigate the offending emails. Plaintiffs', **ASIS** and **Foggy,** web sites have a clear notice that misuse of its resources is prohibited:

> **ASIS:**
>
> "ASIS provides the use of its equipment and services for the exclusive use of its subscribing customers. ASIS prohibits the use of its equipment and services by anyone other than its subscribing customers for any purpose unless specifically authorized by ASIS in writing. ASIS specifically prohibits the use of its equipment and services, including but not limited to mail servers, for delivery, transmission, or re-transmission of unsolicited commercial emails (UCE) or unsolicited bulk emails (UBE)."
>
> **Foggy:**
>
> "You may not use the facilities of this system to send, relay, forward, bounce, reply, or otherwise route electronic messages to (a) subscribers on this system other than as needed to complete the delivery of individual electronic messages from the subscribers correspondent(s), or (b) third parties who are not subscribers on this system without prior written permission of Foggy.net. You may contact support@foggy.net or telephone (707)476-2820 with

questions about these policies. Permission will not be given to send, relay, forward, bounce, reply, or otherwise route unsolicited commercial email, and you may not use this system in any way to send, relay, forward, bounce, reply, or otherwise route unsolicited commercial email to subscribers or to third parties.

Any message(s) you send to subscribers on this system must accurately identify the originating sender of the message(s). A message with a misleading, disguised, or otherwise false originating address will be treated as unsolicited commercial email and disposed of accordingly."

26. Plaintiff ASIS was adversely affected by Defendant's emails in the following manner:

- ASIS received the emails at issue in this suit, processed those emails through its SPAM filtering service Postini; processed the emails through its email server; preserved the emails on its servers, and transferred the emails to its attorneys as evidence in this case.

- ASIS estimates that a third of its' employees' time is spent on customer spam complaints and technical issues, such as modifications to individual customer account filtering to reduce SPAM and avoid false positives. ASIS spends a considerable amount of time in sender authentication, a process where ASIS stops its users or users who have been taken over as zombies, from sending SPAM to other sites. This is an industry wide problem as any ISP that is discovered allowing their customers to send SPAM will be blocked by the other ISPs. As the level of SPAM has increased since 2005 the sender authentication process has become increasingly burdensome to avoid email blockage by the network.

- ASIS's customers with older computers now have to buy newer computers to use the service because of the changes ASIS has had to make to reduce SPAM.

- ASIS estimates that the prevention of SPAM costs about $3000 per month in SPAM filtering costs and employee time.

- ASIS increased its computer server capacity and network capacity as a result

of the spam emails at issue and the other spam it has received. In 2007, ASIS changed its email server from SENDMAIL to Postfix to upgrade its services to process and capture SPAM email that was evading the Postini filtering service and going directly customers.

- ASIS's incurs network slow downs occasionally as a result of constantly increasing SPAM loads.

- ASIS has not incurred any server or network crashes directly attributable to SPAM in the last three years.

27. Plaintiff Foggy was adversely affected by Defendant's emails in the following manner:

- Foggy received the emails at issue in this suit, processed those emails through its SPAM filtering servers DSPAM and Barracuda; processed the emails through its email server; preserved the emails on its servers, and transferred the emails to its attorneys as evidence in this case.

- Foggy currently has 72 active paying customers; in 2007 Foggy had approximately 180 customers. Foggy provides only dial up services to its retail customers.

- Foggy purchased and installed a Barracuda spam filtering system (server and software) in July of 2007. Prior to acquiring the Barracuda system, Foggy only used DSPAM, which it still runs as both SPAM filters are required to eliminate most of the SPAM. This upgrade in spam filtering was caused in part by the emails at issue in this case.

- Joel Housholter spends about an hour each day, seven days a week, working with customers fixing problems where SPAM evades the filters. The system administrator spends 2 hours per week working on upgrades and problems with the filters.

- Foggy incurs network slow downs occasionally as a result of constantly increasing SPAM loads.

1
2
- Foggy has not incurred any server crashes or network crashes directly attributable to SPAM in the last two years.

3 28. Plaintiffs allege that all of the relevant electronic mails sent by or on behalf of the Defendants on **October 31, 2005, through September 22, 2007**, contained or were accompanied by header information that was materially false or materially misleading. Each of these **9121 (6269** to **ASIS** and **2852** to **FOGGY)** messages indicated that they were from email accounts such as "Confirmation # 057-3852," "MAYBELLINE Mascara Samples," "Your Top Brands," "New Cookies," "YourTopBrands," "Sheer Lip Gloss," or various other unknown identities. These false email names resolved into emails sent by various person or persons unknown (e,g, "Confirmation # 057-3852" to return@hatsbutter.com, "MAYBELLINE Mascara Samples" to return@landscapeoval.com, "Your Top Brands" to happy@mx22.greenthe.com, "New Cookies" to newcookies@mx1.wantitworld.com, "YourTopBrands" to YourTopBrands@ northatlantamedicalgroup.com, and "Sheer Lip Gloss" to lipgloss@mx3.rowusa.net). See sample emails and source code in **Exhibit "E"** attached hereto. (Note that all receiving email accounts have been redacted, while these email all represent inactive email accounts they are still the property of **ASIS** and **FOGGY** and are protected by Plaintiffs' corporate privileges.) A WHOIS check of the domain name registration for the sender of all of the emails indicates that the domain names were registered using a privacy or proxy service. See also in **Exhibit "F."** The true registrant for the sender of all of the emails cannot be determined without a subpoena. Plaintiffs have reviewed the Domain Name registration for all of the sending Domain Names and determined that all of the emails were sent using email accounts registered to domain names that are registered under services that conceal the true identity of the domain name registrant through a proxy service or privacy service. See a complete list of the domain name proxy/privacy services used to register the domain names in the subject emails in **Exhibit "G."** Also see the domain name privacy/proxy service registration agreements in **Exhibit "H."** 15 **U.S.C.** §7704(a)(1)(A) states:

> "(A) header information that is technically accurate but includes an originating electronic mail address, domain name, or Internet Protocol address the access to which for purposes of initiating the

      message was obtained by means of false or fraudulent pretenses or representations shall be considered materially misleading.

15 **U.S.C.** §7704(a)(6) states:

      "the term "materially", when used with respect to false or misleading header information, includes the alteration or concealment of header information in a manner that would impair the ability of an Internet access service processing the message on behalf of a recipient, a person alleging a violation of this section, or a law enforcement agency to identify, locate, or respond to a person who initiated the electronic mail message or to investigate the alleged violation…"

The registration agreements for the proxy/privacy services prohibit the use of domain names registered in this manner to send bulk commercial emails.  Therefore, since false information was used to generate the domain names and/or domain names were concealed from investigation through proxy/privacy services the electronic mail messages violated 15 **U.S.C.** §7704(a)(1)(A).

      29.    Plaintiffs further allege that the Defendants sent or had sent **1501 (1082** to **ASIS** and **419** to **FOGGY)** separate items of electronic mail to Plaintiffs' computers that include advertisements with a subject line that a person would know would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents and subject matter of the message. 15 **U.S.C.** §7704(a)(2)(1) defines two methods for determining if a subject line is misleading: "1) if such person has actual knowledge," or 2) "knowledge fairly implied on the basis of objective circumstances."  Plaintiffs allege that the "circumstances" required are plainly visible in the actual subject lines of the emails.  **1501** of the emails received by Plaintiffs contain the word "free" (or other similar words such as "gift", "without paying", and "no charge") in the subject line.  The email subject lines received by Plaintiffs were clearly intended to get someone to open the email by enticing them with free gifts such as: "Claim your Free Apple iPhone," "Your Top Brands is giving you $1000 FREE to shop Circuit City!," "Get a Harry Potter Movie Pack - for FREE!," "Claim your new John Deere Lawn Tractor - Free!," "[QUAR] Don't Miss out on a FREE High School Musical Gift Pack inluding Ice Tour Tickts, DVDs, CDs and More!," and "QUAR] Can't Get Enough of High School Musical 2? You Can Go See the Ice Tour FREE!"  See **Exhibit "I."**  (Note that all

1  receiving email accounts have been redacted, while these email all represent inactive email
2  accounts they are still the property of **ASIS** and/or **FOGGY** and are protected by corporate
3  privilege.)  These subject lines are provided as examples.  15 *U.S.C.* §7704(a)(2) states that a
4  violation is proper if consistent with 15 *U.S.C.* §45.  15 *U.S.C.* §45 is titled "Unfair methods of
5  competition unlawful; prevention by Commission," and enables the Federal Trade Commission
6  to issue orders regarding unfair trade practices.  15 *U.S.C.* §45(d) provides that the orders of
7  the Commission are exclusive unless overturned by the United States Court of Appeals.   The
8  FTC has issued 16 *CFR* part 251, "Guide concerning use of the word 'free' and similar
9  representations."   16 *CFR* Part 251 states that the terms of the offer should be set out clearly
10 and conspicuously at the outset of the offer so that no misunderstanding can occur.  In many
11 of the **1501** subject emails the terms of the "free" offer, when present, are located at least a full
12 page when printed, or two full screens when viewed in an email browser, away from the free
13 offer.  16 *CFR* Part 251 also states that use of an asterisk or footnote referring to terms and
14 conditions on another page or as a footnote does not constitute good notice.  Many of the
15 emails indicate by use of an asterisk there are terms and conditions.  16 *CFR* Part 251 also
16 requires that a notification of required purchases be included.  No notification of purchases is
17 present although Plaintiffs' investigation indicates that fulfillment of the offers at Defendants'
18 web sites requires the submission of a valid credit card.  Also see 16 *CFR* Part 238 Guides
19 Against Bait Advertising. The web sites that the email recipient is directed to contain extensive
20 terms and conditions that require the recipient to provide personal information and their
21 agreement to take several "sponsor offers."   See **Exhibit "J"** attached hereto for sample
22 Terms and Conditions for the web landing pages.
23        30.   Plaintiffs further allege that the Defendants sent **9121** (**6269** to **ASIS** and **2852** to
24 **FOGGY)** separate items of electronic mail to plaintiffs' computer that include statements in the
25 body of the emails stating that they are email messages from **BRANDARAMA (aka**
26 **BRANDARAMA.COM), also dba FREE GIFT PARADE (aka FREEGIFTPARADE.COM),**
27 **also dba HOUSEHOLD SAVINGS CLUB (aka HOUSEHOLDSAVINGSCLUB.COM), also**
28 **dba POLL PRIZE USA (aka POLLPRIZEUSA.COM), also dba REWARDS PARADE (aka**

1  REWARDSPARADE.COM), also dba **TOP CONSUMER REWARDS (aka TOPCONSUMER**
2  **REWARDS.COM)**, also dba **USA SURVEY GROUP (aka USASURVEYGROUP.COM)**, also
3  dba **VIEWPOINT REWARDS (aka VIEWPOINTREWARDS.COM)**, also dba **WHOLESOME**
4  **REWARDS (aka WHOLESOMEREWARDS.COM)**, also dba **YOUR PRODUCT SAMPLES**
5  **(aka YOURPRODUCTSAMPLES.COM)**, also dba **YOUR TOP BRANDS (aka**
6  **YOURTOPBRANDS.COM)**. Uniform Resource Locators (hereafter URLs) contained in the
7  emails directed the recipient to websites of **BRANDARAMA (aka BRANDARAMA.COM)**, also
8  dba **FREE GIFT PARADE (aka FREEGIFTPARADE.COM)**, also dba **HOUSEHOLD**
9  **SAVINGS CLUB (aka HOUSEHOLDSAVINGSCLUB.COM)**, also dba **POLL PRIZE USA**
10 **(aka POLLPRIZEUSA.COM)**, also dba **REWARDS PARADE (aka**
11 **REWARDSPARADE.COM)**, also dba **TOP CONSUMER REWARDS (aka TOPCONSUMER**
12 **REWARDS.COM)**, also dba **USA SURVEY GROUP (aka USASURVEYGROUP.COM)**, also
13 dba **VIEWPOINT REWARDS (aka VIEWPOINTREWARDS.COM)**, also dba **WHOLESOME**
14 **REWARDS (aka WHOLESOMEREWARDS.COM)**, also dba **YOUR PRODUCT SAMPLES**
15 **(aka YOURPRODUCTSAMPLES.COM)**, also dba **YOUR TOP BRANDS (aka**
16 **YOURTOPBRANDS.COM)**. Plaintiffs allege that these entities, trademarks, and websites are
17 owned by **ARG**.

18     31. Plaintiffs further allege that they received thousands of separate items of
19 electronic mail from the Defendants to email addresses that had not existed for the prior year
20 and had not requested or agreed to accept any solicitations.

21     32. Plaintiffs further allege that the Defendants sent or had sent **9121** (**6269** to **ASIS**
22 and **2852** to **FOGGY)** separate items of electronic mail to Plaintiffs' computers that were
23 acquired as the result of a directory harvest. Said conduct was in violation of 15 *U.S.C.*
24 §7704(b)(1).

25     33. Plaintiffs further allege that the defendants sent or had sent **9121** (**6269** to **ASIS**
26 and **2852** to **FOGGY)** separate items of electronic mail to the plaintiffs, from addresses that
27 were acquired by the use of automated tools or scripts. Said conduct was in violation of 15
28 *U.S.C.* §7704(b)(2).

34. As a proximate result of said unlawful conduct by said Defendants, Plaintiffs are entitled to statutory damages in the amount of up to $100.00 per email in the case of violation of 15 *U.S.C.* §7704(a)(1) and up to $25.00 per email in the case of each violation of subsections 15 *U.S.C.* §7704(a)(2) in the form of statutory damages as set forth in 15 *U.S.C.* §7706(g)(1)(B)(ii) and (3)(A)(i) and (ii).

35. As a proximate result of said unlawful conduct by said defendants, Plaintiffs are entitled to treble all statutory damages as a result of violation of any section of 15 *U.S.C.* §7704(b) as set forth in 15 *U.S.C.* §7706(g)(1)(C).

36. Plaintiffs furthermore seek a preliminary and permanent injunction against the defendants for their current and future violations of the *CAN-SPAM Act of 2003* as Plaintiffs and members of the general public will continue to incur damages as a result of the unlawful conduct of said defendants.  The seeking of injunctive relief by plaintiffs is specifically authorized by 15 *U.S.C.* §7706(g)(1)(A).

37. Plaintiffs furthermore seek their attorney fees and costs against the defendants pursuant to 15 *U.S.C.* §7706(g)(4).

## SECOND CAUSE OF ACTION
**(Violation of *California Business and Professions Code* §17529.5
Unlawful activities relating to commercial email advertisements.)**

38. Plaintiffs refer to the allegations of the preceding paragraphs of this complaint, and incorporates the same herein by this reference as though set forth in full.

39. Plaintiffs allege that all of the relevant electronic mails sent by or on behalf of the Defendants on **October 31, 2005, through September 22, 2007**, contained or were accompanied by header information that was materially false or materially misleading.  Each of these **9121 (6269** to **ASIS** and **2852** to **FOGGY)** messages indicated that they were from email accounts such as "Confirmation # 057-3852," "MAYBELLINE Mascara Samples," "Your Top Brands," "New Cookies," "YourTopBrands," "Sheer Lip Gloss," or various other unknown identities.  These false email names resolved into emails sent by various person or persons unknown (e,g, "Confirmation # 057-3852" to return@hatsbutter.com,  "MAYBELLINE Mascara Samples" to  return@landscapeoval.com,   "Your Top Brands" to happy@mx22.greenthe.com,

"New Cookies" to newcookies@mx1.wantitworld.com, "YourTopBrands" to YourTopBrands@northatlantamedicalgroup.com, and "Sheer Lip Gloss" lipgloss@mx3.rowusa.net).  See sample emails and source code in **Exhibit "E"** attached hereto.  (Note that all receiving email accounts have been redacted, while these email all represent inactive email accounts they are still the property of **ASIS** and **FOGGY** and are protected by Plaintiffs' corporate privileges.)  A WHOIS check of the domain name registration for the sender of all of the emails indicates that the domain names were registered using a privacy or proxy service. See also in **Exhibit "F."** The true registrant for the sender of all of the emails cannot be determined without a subpoena.  Plaintiffs have reviewed the Domain Name registration for all of the sending Domain Names and determined that all of the emails were sent using email accounts registered to domain names that are registered under services that conceal the true identity of the domain name registrant through a proxy service or privacy service.  See a complete list of the domain name proxy/privacy services used to register the domain names in the subject emails in **Exhibit "G."**  Also see the domain name privacy/proxy service registration agreements in **Exhibit "H."**  Therefore, the electronic mail violated **California Business and Professions Code** §17529.5(a)(2).

40.   Plaintiffs further allege that the Defendants sent **1501** (**1082** to **ASIS** and **419** to **FOGGY)** separate unsolicited electronic mail advertisements to plaintiffs' computers that include various subject lines that were false and misleading and would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents or subject matter of the message in violation of **California Business and Professions Code** §17529.5(a)(3).  Plaintiffs allege that the "circumstances" required are plainly visible in the actual subject lines of the emails.  The email subject lines received by Plaintiffs were clearly intended to get someone to open the email by enticing them with free gifts such as: "Claim your Free Apple iPhone," "Your Top Brands is giving you $1000 FREE to shop Circuit City!," "Get a Harry Potter Movie Pack - for FREE!," "Claim your new John Deere Lawn Tractor - Free!," " [QUAR] Don't Miss out on a FREE High School Musical Gift Pack inluding Ice Tour Tickts, DVDs, CDs and More!," and "QUAR] Can't Get Enough of High

1  School Musical 2? You Can Go See the Ice Tour FREE!" See **Exhibit "I."** These subject lines are provided as examples, various other similar subject lines promising free gifts were included in the emails.

41. As a proximate result of said unlawful conduct by said Defendants, Plaintiffs are entitled to liquidated damages in the amount of $1,000.00 for each unsolicited commercial email transmitted in violation of *California Business and Professions Code* §17529.5(a) as set forth in *California Business and Professions Code* §17529.5(b)(1)(B)(ii).

42. Plaintiffs furthermore seek their attorney fees and costs against the defendants pursuant to *California Business and Professions Code* §17529.5(b)(1)(C).

**WHEREFORE**, plaintiffs pray judgment against the defendants and each of them as follows:

1. For statutory damages of up to $100.00 for each violation of 15 *U.S.C.* §7704(a)(1) and up to $25.00 in the case of violations of §7704(a)(2) in the sum of **$1,140,125**;

2. For aggravated damages under 15 *U.S.C.* §7706(g)(1)(C) of up to three times the amount above for these violations committed by the defendants' violations of 15 *U.S.C.* §7704(b) in the sum of **$3,420,375**;

3. For a preliminary and permanent injunction preventing the defendants and all persons acting in concert with them from the violation of the *Can-Spam Act of 2003*;

4. For liquidated damages of $1000.00 for each violation of *California Business and Professions Code* §17529.5(a) in the sum of **$9,121,000**;

5. For an award of reasonable attorneys' fees and costs according to proof;

6. For costs of suit; and

7. For such other and further relief as this Courts deems just and proper.

**SINGLETON LAW GROUP**

Dated:  August 4, 2008         /s/ Jason K. Singleton
                               Jason K. Singleton
                               Richard E. Grabowski,
                               Attorneys for Plaintiffs, **ASIS INTERNET SERVICES and JOEL HOUSEHOLTER, dba FOGGY.NET**

## REQUEST FOR JURY TRIAL

Plaintiff hereby requests a jury for all claims for which a jury is permitted.

**SINGLETON LAW GROUP**

Dated:      August 4, 2008                /s/ Jason K. Singleton
Jason K. Singleton
Richard E. Grabowski
Attorneys for Plaintiffs, **ASIS INTERNET SERVICES and JOEL HOUSEHOLTER, dba FOGGY.NET**