**Jason K. Singleton**, State Bar #166170
jason@singletonlawgroup.com
**Richard E. Grabowski**, State Bar #236207
rgrabowski@mckinleyville.net
**SINGLETON LAW GROUP**
**611 "L" Street, Suite A**
**Eureka, CA 95501**

**(707) 441-1177**
**FAX  441-1533**

**Attorneys for Plaintiff, ASIS INTERNET SERVICES,**
**JOEL HOUSEHOLTER, dba FOGGY.NET**

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASIS INTERNET SERVICES, a California corporation, and JOEL HOUSEHOLTER, dba KNEELAND ENGINEERING, dba FOGGY.NET,<br><br>    Plaintiff,<br>vs.<br><br>ACTIVE RESPONSE GROUP, INC., a Delaware corporation, et al.<br><br>    Defendants. | Case No.  CV-07-6211 TEH<br><br>**DECLARATION OF JASON K. SINGLETON IN SUPPORT OF OPPOSITION TO MOTION**<br><br>DATE:  September 22, 2008<br>TIME:    10:00 a.m.<br>CTRM:  12, 9th floor |

I, JASON K. SINGLETON , declare as follows:

1. I am an attorney duly licensed to practice in the United States District Court, Northern District of California, and I am one of the attorneys of record for Plaintiff.  I have personal and firsthand knowledge of each fact hereinafter set forth and if called to testify could and would competently testify to the matters set forth herein.

2. Plaintiffs must pay for every subpoena to a third party.  Plaintiffs have already incurred significant costs in subpoenas to privacy domain name registration companies who view the spamming operations as their bread and butter customers.  There is no significant market for privacy and proxy services outside of the spamming community.  Most consumers do not buy their own domains.  Only a very few of those who buy domains want to hide their identities behind privacy services.  Real businesses want their name to be prominently

displayed at every opportunity.  However, spammers are willing to pay an additional $10 to $20 per domain for thousands of domains to avoid using their own names on the SPAM.  The domain name companies want this business and resist any action that might reduce their new found revenue stream.  As a result domain name companies are charging very high fees for research and production of information relating to domain names using privacy or proxy services.  Attached hereto as Exhibit A is a true and correct copy of an invoice from GoDaddy for subpoenaed records in the sum of $2,621.91 as an example of Plaintiffs costs.

3.   In a recent Notice from the Clerks of the Central District and Eastern District, spammers were telling recipients they had been subpoenaed to appear before a grand jury in the U.S.D.C. in San Diego. The official looking email contained a link on which to click to obtain more information.  If the consumer clicked the link, it downloaded malicious software onto their computer.  Attached hereto as Exhibit B are true and correct copies of the Notices from the Eastern and Central District Court Clerks.

4.   As to potential fees in the **ASIS Internet Services v. Optin Global, Inc.**, Defendant Azoogle's request for fees and sanctions has been denied by the court without prejudice until a ruling on the appeal.  Attached hereto as Exhibit C is a true and correct copy of Docket 439, Order Denying Without Prejudice Defendant Azoogle's Motion for Sanctions, in **ASIS Internet Services v. Optin Global, Inc.**, C-05-5124 JCS.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**SINGLETON LAW GROUP**


Dated:      August 29, 2008            /s/ Jason K. Singleton
                                       Jason K. Singleton

DECLARATION OF JASON K. SINGLETON IN SUPPORT            2                              CV-07-6211 TEH
OF OPPOSITION TO MOTION FOR CERTIFICATION