**Jason K. Singleton**, State Bar #166170
jason@singletonlawgroup.com
**Richard E. Grabowski**, State Bar #236207
rgrabowski@mckinleyville.net
**SINGLETON LAW GROUP**
611 "L" Street, Suite A
Eureka, CA 95501
(707) 441-1177
FAX  441-1533

Attorneys for Plaintiff, ASIS Internet Services,
JOEL HOUSEHOLTER, dba FOGGY.NET

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASIS INTERNET SERVICES, a California corporation, and JOEL HOUSEHOLTER, dba KNEELAND ENGINEERING, dba FOGGY.NET,<br><br>       Plaintiff,<br>vs.<br><br>ACTIVE RESPONSE GROUP, INC, a Delaware corporation, et al.,<br><br>       Defendants. | Case No.  C-07-6211 TEH<br><br>ADMINISTRATIVE MOTION TO SEAL CERTAIN DOCUMENTS FILED IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION TO STAY AND DECLARATION OF JASON K. SINGLETON IN SUPPORT THEREOF<br><br>DATE:  IN CHAMBERS |

**PLEASE TAKE NOTICE** that Plaintiffs, ASIS INTERNET SERVICES and JOEL HOUSEHOLTER, dba FOGGY.NET, hereby move for an order permitting the filing under seal of certain documents submitted in support of Plaintiffs Opposition to Motion For Certification, Stay and Bond pursuant to Local Rule 79-5.

## I. PROCEDURAL HISTORY

On May 20, 2008, this Court issued a Protective Order (Doc. #37), the terms of which were stipulated to by Plaintiffs and Defendant in this matter.

This Protective Order at 2:18-19 defines "Protected Material" as "any Disclosure or Discovery Material that is designated as 'Confidential' or as 'Highly Confidential—Attorneys' Eyes Only'" and prohibits the disclosure of "Protected Materials" except in certain enumerated circumstances.  Protective Order at 7:23-8:19.  The emails which are the subject

of this action have been designated Confidential under the Protective Order as follows:

> 7.4 <u>Disclosure of email addresses at issue in this litigation</u>. The email addresses to which Plaintiffs assert ARG initiated emails shall be designated "CONFIDENTIAL." Protective Order at 9:12-17.

The Protective Order does not create any entitlement in any party to file confidential information under seal, and it specifically contemplates that any party desiring to file confidential information under seal will be required to seek permission from the court pursuant to Civil Local Rule 79-5 to file such information. Section 10 of the Protective Order is controlling. The section reads:

> Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protective Order at 10:27-11:2.

## II. ARGUMENT

Civil Local Rule 79-(b) and (d) provide that a party may request by motion, in conformance with Civil L.R. 7-11, an order authorizing the sealing of part or all of a document which is to be filed with the Court. The rule provides the court may issue a sealing order where the information to be sealed in "privileged or protectable as a trade secret or otherwise entitled to protection under the law." The rule further provides that "[t]he request must be narrowly tailored to seek sealing only of sealable material…" Civil L.R. 79-5(a).

The documents requested sealed by Plaintiffs are the actual emails sent to Plaintiffs by Defendant's affiliates. These emails contain email accounts owned by Plaintiffs ASIS and FOGGY. These emails are the corporate property of Plaintiffs. Defendant is well aware of what is contained in these files and the sensitive nature of Plaintiffs' email accounts. Neither ASIS nor FOGGY have ever exposed their email lists to public exposure.

Plaintiffs request that their email addresses be kept confidential because of the exposure to injury from spammers and hackers. Hackers regularly attempt to illegally penetrate ISP's directory servers with the intent of stealing email address lists to sell to spammers. Exposing this list of emails to the public would subject Plaintiffs to even more

SPAM attacks than they currently endure. In addition, most of the ASIS email addresses belonged to actual consumers at one time. Those consumers have the ability to re-activate those accounts. They would then be subject to increased spam attacks. Many of the FOGGY email addresses belong to current customers. In addition, a portion of the email addresses are internal administrative accounts used by ASIS and FOGGY to run their businesses. Exposure of these addresses would lead to a significant increase of SPAM, and since these are administrative accounts may also lead to security breaches on Plaintiffs' servers.

Plaintiffs move to file under seal Exhibit E to the Declaration of NELLA WHITE and Exhibit D to the Declaration of JOEL HOUSEHOLTER.

1. Exhibits D and E consists of a CD containing the emails received by Foggy.net and ASIS Internet Services which are the subject of the within action. (Both Exhibits are on 1 CD)

Plaintiffs file this motion in compliance with the Protective Order in this case and as a good faith effort to maintain the confidentiality of certain documents designated by the parties as "Confidential."

### III.  CONCLUSION

Based on the foregoing, Plaintiffs respectfully request the Court issue an order, pursuant to Civil Local Rule 79-5(b), permitting Plaintiffs to file under seal Exhibit E to the Declaration of NELLA WHITE and Exhibit D to the Declaration of JOEL HOUSEHOLTER in support of Plaintiffs' Opposition to Motion for Certification.

**SINGLETON LAW GROUP**

Dated:    August 29, 2008    /s/ Jason K. Singleton
Jason K. Singleton,
Richard E. Grabowski, Attorneys for Plaintiff,
**ASIS INTERNET SERVICES and**
**JOEL HOUSEHOLTER dba FOGGY.NET**

### DECLARATION IN SUPPORT OF MOTION TO SEAL

I, JASON K. SINGLETON, declare as follows:

1. I am an attorney duly licensed to practice in the United States District Court, Northern District of California, and I am one of the attorneys of record for Plaintiffs. I have

1  personal and firsthand knowledge of each fact hereinafter set forth and if called to testify could
2  and would competently testify to the matters set forth herein.
3    2.    Exhibit E to the Declaration of NELLA WHITE and Exhibit D to the Declaration of
4  Joel Householter have been designated confidential and are protected by the Protective Order
5  approved by the Court (Doc. #37) on May 20, 2008.
6    3.    Submitted herewith by manual filing are true and correct copies of the following:

   <u>Exhibits D & E:</u>    CD containing the emails received by Foggy.net and ASIS Internet Services which are the subject of the within action.

   I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

   Dated:    August 29, 2008        /s/ Jason K. Singleton
                                    JASON K. SINGLETON