IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ASIS INTERNET SERVICES, et al.

    Plaintiffs,

v.

ACTIVE RESPONSE GROUP et al.,

    Defendants.

NO. C07 6211 TEH

ORDER GRANTING DEFENDANT ACTIVE RESPONSE GROUP'S MOTION FOR CERTIFICATION UNDER 28 U.S.C. § 1292(b) AND STAYING PROCEEDINGS

The Court has reviewed Defendant Active Response Group's Motion for Certification Under 28 U.S.C. § 1292(b) and request for a stay of proceedings or a security, and the briefing and supporting documents filed by both parties. The Court has determined this matter is appropriate for resolution without oral argument. The hearing on the motion, currently set for September 22, 2008 is hereby VACATED. The Motion for Certification is GRANTED, and the proceedings in this case are stayed pending resolution of the interlocutory appeal, if the Ninth Circuit chooses to hear it. If the Ninth Circuit does not hear the interlocutory appeal, then proceedings are stayed pending that court's resolution of the appeal in *Asis Internet Services v. Azoogle.com, Inc.*, United States Court of Appeals for the Ninth Circuit Case No. 08-15979.

**BACKGROUND**

Plaintiffs are Internet Access Providers ("IAPs") who provide internet service to individual customers. Defendant ARG Active Response Group is an internet marketer that hires subcontractors to send bulk commercial emails and thereby generate visitors for its customers' websites. The Complaint alleges that Defendants and related entities (collectively "ARG") sent thousands of unsolicited and misleading spam email messages to

1 Plaintiffs' customers, in violation of the Controlling the Assault of Non-Solicited
2 Pornography and Marketing ("CAN-SPAM") Act of 2003, 15 U.S.C. § 7704, and California
3 Bus. & Prof. Code § 17529.5 (unlawful activities relating to commercial email
4 advertisements).

5   Defendants moved to dismiss, arguing that Plaintiffs lacked standing to sue under the
6 CAN-SPAM Act because they were not "adversely affected" by violation of the Act, and
7 were not acting as providers of internet access services in administering the closed and
8 administrative email addresses at issue in the Complaint.

9   This Court denied the motion on July 30, 2008. To construe the standing requirement
10 that a plaintiff show it was a "provider of Internet access service adversely affected by" a
11 violation of certain sections of the Act, 15 U.S.C. § 7706(g)(1), the Court reviewed the four
12 district court cases that had previously considered the question. July 30, 2008 Order
13 ("Order") at 4-7. The most recent of those was *Asis Internet Services v. Optin Global, Inc.,*
14 2008 WL 1902217 (N.D. Cal. April 29, 2008). *Optin Global* held that in order to have
15 standing, a plaintiff must show that the allegedly deceptive email received from the
16 defendant caused the harm and adverse effects he or she suffered. *Id.* at *8. This Court
17 chose not to follow the *Optin Global* court's analysis. Instead, it noted that as a practical
18 matter, no internet service provider could show a causal connection between specific spam
19 emails and the kind of adverse effects at issue, and that the legislative history of the Act
20 suggested that an ISP is wronged when it is forced to carry, filter, or investigate deceptive
21 email. Order at 7-8. Accordingly, this Court held that "a provider of internet access services
22 is 'adversely affected by a violation' of the CAN-SPAM Act within the meaning of §
23 7706(g)(1) if it has suffered ISP-specific harms, ... and has carried the unlawful spam over its
24 facilities." Order at 8. Finding that Plaintiffs had alleged sufficient facts to show they were
25 adversely affected by a violation of the Act under this definition, the Court denied the motion
26 to dismiss. Order at 9.

27   AsIs's appeal of the dismissal in the *Optin Global* case is pending before the Ninth
28 Circuit. *Asis Internet Services v. Azoogle.com, Inc.*, United States Court of Appeals for the

Ninth Circuit, Case No. 08-15979, filed April 24, 2008.  The standing issue also arises in the pending appeal of *Gordon v. Virtumundo, Inc., et al.*, 2007 WL 1459395 (W.D.Wash. May 15, 2007), United States Court of Appeals for the Ninth Circuit, Case No. 07-35487, filed June 15, 2007, a case which held that plaintiff had no standing because it had not shown it suffered significant "ISP- or IAS-specific burdens."  2007 WL 1459395, *8, and a very recent case also dismissed on standing grounds, *Ferguson v. Quinstreet, Inc.*, 2008 WL 3166307 (W.D.Wash. August 5, 2008), *Mark Ferguson v. Active Response Group, et al.,* United States Court of Appeals for the Ninth Circuit Case No. 08-35709, filed August 29, 2008.

Defendant seeks a certificate of appealability pursuant to 28 U.S.C. § 1292(b) and a stay pending appeal should the Ninth Circuit hear the appeal.  Alternatively, Defendant seeks a stay pending the Ninth Circuit's decisions in other appeals involving standing under the CAN-SPAM Act, and/or a bond.

**LEGAL STANDARD**

Title 28 U.S.C. § 1292(b)  "provides for interlocutory appeals from otherwise not immediately appealable orders, if conditions specified in the section are met, the district court so certifies, and the court of appeals exercises its discretion to take up the request for review."  *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper,* 254 F.3d 882, 885 (9th Cir. 2001), *quoting Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 n. 10 (1996).  Section 1292(b) states that

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. ... [A]pplication for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

*See also In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982)(listing three certification requirements under the statute).

Even if the Order meets the criteria for certification under § 1292(b), the Court has discretion to grant or deny certification, and its decision is unreviewable. *Executive Software North America, Inc. v. U.S. Dist. Court for Cent. Dist. of California,* 24 F.3d 1545, 1550 (9th Cir. 1994), *overruled on other grounds by California Dept. of Water Resources v. Powerex Corp.,* 533 F.3d 1087 (9th Cir. 2008). The party seeking review bears the burden of showing that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lyband v. Livesay*, 437 U.S. 463, 474-75 (1978). Once the district court issues a certification order, the Court of Appeals has discretion to grant or deny permission to appeal. *Shurance v. Planning Control Intern., Inc.* 839 F.2d 1347, 1348 -1349 (9th Cir. 1988)

## DISCUSSION

**I.     Certificate of Appealability**

### A.     Whether Plaintiffs Were "Adversely Affected" Within The Meaning Of the CAN-SPAM Act of 2003 Presents A Controlling Question of Law

The standing issue in this case is a controlling question of law. A question of law is controlling if "resolution of the issue on appeal could materially affect the outcome of litigation in the district court.*"  In re Cement Antitrust Litigation*, 673 F.2d at 1026. Whether Plaintiffs have standing to bring the case is a controlling question of law. Coquillette et al., 19 *Moore's Federal Practice 3d* § 203.31[2], *citing U.S. ex rel. Madden v. General Dynamics Corp.,* 4 F.3d 827, 829 (9th Cir. 1993)(reviewing standing issue certified by district court under § 1292(b)). Here, if the Court of Appeal finds Plaintiffs do not have standing under the CAN-SPAM Act, the litigation would end. Plaintiffs' arguments to the contrary – for example, that the standing decision in the *Optin Global* case (rather than this one) does not involve a controlling question – are so garbled and/or irrelevant that they do not warrant discussion here.

### B.     There Is Substantial Ground for Difference of Opinion As To the Meaning Of Adverse Effect

4

There is a substantial ground for difference of opinion as to what constitutes "adverse effect" for the purposes of § 7706(g)(1). The standing requirement is being interpreted for the first time in district courts, and there is a intra-district split on what plaintiff must show to prove it was "adversely affected." *See e.g., Muniz v. Sabol* 517 F.3d 29, 32 (1st Cir. 2008)(substantial ground for difference of opinion where there is split in district courts). As this Court's July 30, 2008 Order made patently clear, this Court departed from the reasoning of other district court opinions.

### C. Immediate Appeal From The Order May Materially Advance The Ultimate Termination Of The Litigation

Immediate appeal from the Order may materially advance the ultimate termination of the litigation: an appellate decision adopting the *Optin Global* interpretation of the statute would result in dismissal of the CAN-SPAM causes of action. *See Harsmen v. Smith*, 542 F.2d 496, 498 (9th Cir. 1976) (resolving question of whether plaintiff has a right to maintain action will materially advance ultimate termination of suit.)

Accordingly, the Court will grant the motion for a certification under § 1292(b). The Ninth Circuit can use its discretion to decide whether to hear solely the *Optin Global* appeal or grant leave to appeal in this case and hear the various standing cases together.

### II. The Court Should Grant A Stay, Whether Or Not The Ninth Circuit Chooses To Hear the Interlocutory Appeal

#### A. A Stay of Proceedings Pending Interlocutory Appeal Is Appropriate

The Court has authority to stay proceedings during interlocutory appeal pursuant to 28 U.S.C. § 1292(b) both under § 1292(b) itself, *see Watson v. Yolo County Flood Control and Water Conservation Dist.* 2007 WL 4107539, *2 (E.D.Cal. November 16, 2007), and its inherent authority to manage its docket. When considering a stay pending appeal pursuant to § 1292(b), the Court has

> broad discretion to decide whether a stay is appropriate to "promote economy of time and effort for itself, for counsel, and for litigants." *Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir.1972) (quotations and citations omitted). *Mediterranean*

*Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir.1983) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.").

*Association of Irritated Residents v. Fred Schakel Dairy,* 2008 WL 2899912, *11 (E.D.Cal. July 22, 2008).[1]

Here, the most efficient course is to stay proceedings pending resolution of interlocutory appeal, should the Ninth Circuit choose to grant permission to appeal. If the Court of Appeal adopts the *Optin Global* standing standard, or another narrow standard, litigation in this case will end. Defendants have convincingly argued that discovery in this matter is likely to be time-consuming and expensive.[2] A stay could promote economy of time and effort for the Court, counsel, and litigants.

Plaintiffs contend they will suffer hardship because evidence will be lost if discovery is delayed. First, they argue broadly that the longer the case is stayed "the less likely any trace of the actual SPAMMERS will exist," Opp. at 21, but then argue that the URL links in the subject emails are already no longer active, the "intermediary websites created by the affiliates are no longer in operation," and Plaintiffs' ability to trace affiliates and sub-affiliates may have already been compromised. *Id.* This is, at best, an argument that harm has already occurred. Moreover, Defendant represents it has "already produced the vast majority of discovery that Plaintiffs have requested" to date, Reply at 6, albeit after costly discovery disputes. To minimize any harm, this Court will order Defendant to take steps to facilitate preservation of evidence.

---

[1] Plaintiffs argue that the Court should weigh the factors set out in *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) and *Golden Gate Restaurant Assoc. v. City and County of San Francisco*, 512 F.3d 1112, 1115 (9th Cir. 2008) to determine whether to grant a stay, but those govern a district court's judgment or other order pending appeal, not a stay of ongoing proceedings. The Plaintiffs' extensive discussion, therefore, of the likelihood of success on the merits (and Defendant's response thereto) are irrelevant to the stay issue here.

[2] For instance, defense counsel in the *Optin Global* case, now on appeal, represented to the Court that Defendants' out of pocket costs in that case were approximately $1.5 million dollars. *AsIs Internet Services v. Optin Global, Inc.*, United States District Court for the Northern District of California Case No. C05-5124 JCS, AzoogleAd's Memorandum of Points and Authorities In Support of Motion for Sanctions, filed May 13, 2008, at 1 n.1.

Plaintiffs also argue that they will not be able to add unnamed defendants to the suit during the pendency of a stay. The stay can be crafted to allow addition of unnamed defendants, however.

Finally, Plaintiffs point to the ongoing burdens spam places on society to argue that the "public interest" weighs in favor of allowing the case to proceed. Opp. at 21-23 and related exhibits. Again, the "public interest" is a factor the Court should weigh in deciding whether to issue a stay of judgment or other order pending appeal, *see Golden Gate Restaurant Assn.*, 512 F.3d at 1115, not a stay of proceedings. The generalized evil of spam and the possible deterrent effect an earlier verdict in AsIs's favor might have are considerations too general to be weighed in the stay calculus here.

### B. Alternatively, A Stay Pending Appeal In the *Optin Global* Case Is Appropriate

The Court also has authority to stay proceedings pending disposition of *another* case that could affect the outcome. Defendant requests the Court to stay proceedings pending resolution of the appeals in *Optin Global*, *Gordon*, and *Ferguson*, *supra.*

"A district court has discretionary power to stay proceedings in its own court under *Landis v. North American Co.,* 299 U.S. 248, 254 (1936)." *Lockyer v. State of California*, 398 F.3d 1098, 1109 (9th Cir. 2005). In yet another CAN-SPAM Act case brought by AsIs, Judge Chen recently set out the standard the Court should use to determine whether to issue a stay, writing:

> In assessing the propriety of a stay under *Landis*, a court must balance the length of the delay against the justifications for the stay. *See Yong v. INS*, 208 F.3d 1116, 1119 (9th Cir. 2000). More particularly, the court must examine
>
> > the competing interests which will be affected by the granting or refusal to grant a stay . . . . Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer*, 398 F.3d at 1110 (internal quotation marks omitted).

7

> The Ninth Circuit has enunciated a number of more specific legal principles. First, "[a] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Lockyer*, 398 F.3d at 1111 (internal quotation marks omitted); *see also Dependable Highway [Express, Inc. v. Navigators Ins. Co.,* 498 F.3d 1059, 1066 (9th Cir. 2007)*]*, (noting that, "[g]enerally, stays should not be indefinite in nature"); ...Second, the Ninth Circuit has recognized that, "'if there is even a fair possibility that [a] stay . . .will work damage to some one else, the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.'" *Dependable Highway*, 498 F.3d at 1066.

*Asis Internet Services v. Member Source Media, L.L.C.*, United States District Court for the Northern District of California Case No. C-08-1321, Order Granting Defendant's Motion to Stay Case, filed September 8, 2008 ("*Member Source Media* Order") at 2-3.

The standing issue on appeal in the *Option Global* case is precisely that at issue here. Because standing is a threshold issue, the Ninth Circuit will be required to construe § 7706(g)(1)'s requirement that an internet access provider be "adversely affected by a violation" of the Act to have standing. Judge Chen's thoughtful analysis in *Member Source Media,* granting a stay of AsIs's parallel case pending resolution of *Optin Global,* applies equally here. There, he found that the *Optin Global* appeal was likely to last approximately a year, so a stay pending appeal would last for a finite and reasonable time. *Member Source Media* Order at 3. He reasoned that a Ninth Circuit decision adopting a strict standing standard would promote judicial economy by guiding resolution of the issue in *Member Source Media*; *id.;* in this case, such a decision would cause this Court to dismiss the suit and would obviate the need for further discovery and litigation here. Finally, Judge Chen found that AsIs had not shown a "fair possibility" that a stay would cause it injury, such that the burden would shift to the defendant to show it would suffer hardship. *Id.* at 4. Here, as in *Member Source Media*, the only injury AsIs alleges is to its ability to collect statutory, not actual, damages. A mere delay in monetary recovery is not a sufficient basis to deny a stay. *See Lockyer*, 398 F.3d at 1110. Harm to AsIs's ability to gather evidence through discovery can be mitigated by a preservation order.

The balance of interests is not the same for a stay pending appeal in either *Gordon* or *Ferguson, supra*. The Ninth Circuit's analysis of the standing holding in *Gordon* would

8

1 undoubtedly simplify resolution of this case.  However, it is not clear how long the *Gordon*
2 appeal will last, or whether it will proceed in an orderly fashion; the Ninth Circuit's docket
3 shows that over a year into the appeal, the Appellant's Opening Brief has yet to be filed, the
4 Appellant has filed two *pro se* motions even though he is represented by counsel.

5 In *Ferguson*, the district court held only that the plaintiff in that case had alleged
6 insufficient harm, not that it had not shown a causal connection between the harm and the
7 subject emails.  2008 WL  3166307, *6.  The Ninth Circuit could conceivably reverse the
8 standing holding without addressing the causal requirement at the core of the intra-district
9 split here.  Moreover, the appeal was filed only weeks ago;   *Optin Global* should be resolved
10 long before the Ninth Circuit hears *Ferguson*.  Stay pending resolution of *Ferguson* is likely
11 to pointlessly prolong proceedings here.

13 **CONCLUSION**

14 The Motion for a Certification pursuant to 28 U.S.C. § 1292(b) is conditionally
15 GRANTED.   If the Ninth Circuit grants Defendant permission to appeal this Court's July 30,
16 2008 Order, proceedings in this Court are STAYED pending decision on that appeal.  If the
17 Court of Appeal does not grant permission for interlocutory appeal, proceedings in this
18 action are STAYED pending the Ninth Circuit's decision in *Asis Internet Services v.*
19 *Azoogle.com, Inc.*, Case No. 08-15979.

20 The granting of the motion is conditioned on Defendant Active Response Group's
21 agreement to facilitate the preservation of evidence and to allow addition of defendants
22 during the pendency of the stay.  The parties shall meet and confer to determine what steps
23 shall be taken and what limited activity shall be permitted as exceptions to the stay of
24 proceedings.   The parties shall submit a joint proposed stipulation addressing those issues by
25 September 22, 2008.

26 The parties shall file a Joint Status Statement describing the status of the appeals in
27 this case (if permission to appeal is granted) and/or *Optin Global,* and addressing whether the
28 stay should continue, within 14 days of the date the first Ninth Circuit decision on those

9

appeals becomes final. If no decision has been rendered by September 14, 2009, the parties shall file a Joint Status Statement by September 21, 2009, and every 12 weeks thereafter, until the Court sets a status conference, lifts the stay, or takes other action.

**IT IS SO ORDERED.**

Dated:   September 16, 2008

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT