IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ASIS INTERNET SERVICES, et al.,

Plaintiffs,

v.

ACTIVE RESPONSE GROUP, INC., et al.,

Defendants.

No. C07-06211 TEH

ORDER GRANTING MOTION TO DISMISS

This matter came before the Court for case management conference on February 8, 2010. Thomas R. Burke appeared in person on behalf of Defendant Active Response Group, Inc. ("ARG"). Telephonic appearances were made by Jason K. Singleton for Plaintiffs Asis Internet Services ("Asis") and Joel Householter, dba Foggy.net (collectively "Plaintiffs"); Richard B. Newman for Defendant Integraclick, Inc. ("Integraclick"); and Jared Gordon for Defendants Hydra LLC and Hydra Media Group, Inc. ("Hydra"). Integraclick made an oral motion to dismiss Plaintiffs' federal CAN-SPAM Act claim for lack of standing, in light of the Ninth Circuit's recent decisions in *Asis Internet Services v. Azoogle.com, Inc.* ("*Azoogle*"), No. 08-15979, 2009 U.S. App. LEXIS 26232 (9th Cir. Dec. 2, 2009), and *Gordon v. Virtumundo, Inc.* ("*Virtumundo*"), 575 F.3d 1040 (9th Cir. 2009). The Court, having taken the motion under submission, now GRANTS it.

Plaintiffs are Internet access providers who allege that Defendants sent unsolicited and misleading spam emails to Plaintiffs' customers, in violation of the Controlling the Assault of Non-Solicited Pornography and Marketing ("CAN-SPAM") Act of 2003, 15 U.S.C. § 7701 *et seq.*, and section 17529.5 of the California Business and Professions Code. This Court

1 denied ARG's motion to dismiss on July 30, 2008, finding that Plaintiffs' allegations were
2 sufficient to establish standing under the CAN-SPAM Act, which confers a limited private
3 right of action on "provider[s] of Internet access service adversely affected by" certain
4 violations of the Act. 15 U.S.C. § 7706(g)(1). Acknowledging that the standing requirement
5 was "being interpreted for the first time in district courts," which were split "on what
6 plaintiff must show to prove it was 'adversely affected,'" the Court allowed ARG to file an
7 interlocutory appeal of its order denying the motion to dismiss. 9/16/08 Order, at 5. This
8 action was then stayed pending resolution of the appeal or, if the appeal was not accepted for
9 hearing, the Ninth Circuit's decision in *Azoogle*, which presented an identical standing issue.[1]
10 The Ninth Circuit declined to hear the interlocutory appeal on November 4, 2008.

11 On August 6, 2009, the Ninth Circuit issued its first guidance on the statutory standing
12 requirements of the CAN-SPAM Act. In *Virtumundo,* the court segregated the standing
13 inquiry into two components: "(1) whether the plaintiff is an 'Internet access service'
14 provider," and "(2) whether the plaintiff was 'adversely affected by' statutory violations."
15 575 F.3d at 1049. To satisfy the second component, the plaintiff must have suffered a harm
16 that is "both real and of the type experienced by" internet service providers, which would
17 ordinarily require "evidence of some combination of operational or technical impairments
18 and related financial costs attributable to unwanted commercial e-mail." *Id.* at 1053-54.
19 That harm must also be "attributable to the type of practices circumscribed by the Act," a
20 standard that could be satisfied, "at the very least," by a showing that the emails at issue
21 "contribute to a larger, collective spam problem that caused ISP-type harms." *Id.* at 1054.

22 The Ninth Circuit issued its decision in *Azoogle* on December 2, 2009, affirming
23 summary judgment for defendants based on the lack of standing under the CAN-SPAM Act.
24 2009 U.S. App. LEXIS 26232, at *2-3. Applying the standard articulated in *Virtumundo*, the
25 court found that the second requirement was "not satisfied," because the "mere cost of
26 carrying SPAM emails over Plaintiff's facilities does not constitute a harm as required by the

---

28 [1] Pursuant to a stipulation with ARG, Plaintiffs added Integraclick and Hydra as defendants in a second amended complaint filed on September 30, 2008.

2

1 statute." *Id.* at *2. The plaintiff in *Azoogle* was, notably, Asis Internet Services, one of two
2 plaintiffs in the current matter. The record of harm put forth by Asis included expenses of
3 "$3,000.00/month on spam filtering and employee time devoted to dealing with spam
4 issues," and the devotion of "a third of ASIS employee time" to "dealing with spam
5 complaints." *Asis Internet Servs. v. Optin Global, Inc.*, 2008 U.S. Dist. LEXIS 34959, at *12
6 (N.D. Cal. Mar. 27, 2008). Plaintiffs allege nearly identical harm in the matter before this
7 Court. *See* Second Amended Complaint, ¶ 31 (estimating that "a third of [Asis] employees'
8 time is spent on customer spam complaints and technical issues," and that "the prevention of
9 SPAM costs about $3000 per month").

10 Plaintiffs stated at the case management conference that their evidence does not differ
11 from that offered in *Azoogle*, and acknowledged that dismissal is "inevitable" as long as the
12 rule of law from *Azoogle* governs. Although the *Azoogle* decision is unpublished and
13 therefore not binding, it is an application of the governing *Virtumundo* standard to facts
14 identical to those before this Court, and therefore carries great weight. Based on the Ninth
15 Circuit's clear guidance in *Virtumundo* and *Azoogle*, the conclusion that Plaintiffs lack
16 standing to bring a claim under the CAN-SPAM Act is inescapable. This Court therefore
17 GRANTS Integraclick's motion to dismiss Plaintiffs' first cause of action against all
18 Defendants. Plaintiffs' claim under the CAN-SPAM Act is DISMISSED WITH
19 PREJUDICE.

20 This leaves only a state law cause of action, under Cal. Bus. & Prof. Code § 17529.5.
21 A district court "may decline to exercise supplemental jurisdiction over" state law claims if
22 "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C.
23 § 1367(c)(3). Although Plaintiffs requested that the Court remand the state claim to state
24 court, this action was originally filed in this Court, and therefore cannot be remanded.
25 //
26 //
27 //
28

3

As this Court declines to exercise supplemental jurisdiction over the state law cause of action, that claim is DISMISSED WITHOUT PREJUDICE to its being re-filed in state court.

**IT IS SO ORDERED.**

Dated: 2/9/10

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

4